Natalie A. Landreth
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 505
Anchorage, Alaska 99501
Phone: (907) 276-0680
Facsimile: (907) 276-2466

Goriune Dudukgian
ALASKA LEGAL SERVICES CORPORATION
1016 West 6th Ave., Suite 200
Anchorage, Alaska 99501
Phone: (907) 222-4524
Facsimile: (907) 279-7417
**Counsel for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF EYAK, *et al.*, )<br><br>)<br><br>)<br>Plaintiffs, )<br>v.                                    )<br><br>)<br>CARLOS GUTIERREZ, )<br>Secretary of Commerce, )<br><br>)<br>Defendant.   )<br><br>)<br><br>)<br><br>)<br><br>)<br><br>) | Case No. A98-365 CV (HRH)<br><br>PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY PAPERS TO RESPOND TO NEW TESTIMONY, EVIDENCE, AND ARGUMENTS SUBMITTED WITH DEFENDANT'S REPLY; [PROPOSED] ORDER |

In its reply papers filed in support of its motion for summary judgment, the

defendant relies upon the declaration of a new expert witness, at least five exhibits that

the Chugach plaintiffs had never seen, and a variety of new arguments that did not appear

in its opening papers. Because the Chugach Plaintiffs never had an opportunity to address these materials, they respectfully ask the Court for leave to file sur-reply papers. The defendant does not oppose the request.

In their reply papers, the defendant submitted the declaration of a new expert witness, Linda Finn Yarborough, who offered an opinion and argument that the defendant had never previously raised [RR-6]. In addition, the defendant submitted seven other new exhibits that had not been submitted with the original motion – some of which the Chugach had never previously seen. This new evidence includes:

- an article by Solovjova and Vovnyanko on the Russian experience in Alaska [RR-2]

- an article by Klein called "Abandoned Villages – Discovered Histories" [RR-4]

- a book by Hussey entitled "Embattled Katmai" [RR-5]

- further excerpts of Portlock and De Laguna [RR-8 and 9].

Sources 1-3 above are completely new and the excerpts in the remaining sources have never before been submitted. The Chugach should be afforded the opportunity to respond to this new expert testimony and evidence.

In addition, the federal defendant has submitted in its reply several new factual and legal arguments never previously raised. For example, they now argue for the first time that "black cod" (sablefish) are not really cod and that their bones are distinguishable from other cod and readily identifiable [p. 23]. While the Chugach maintain that aboriginal uses need not be proven on a resource-by-resource basis showing use of each particular fish, they nonetheless should be given an opportunity to respond to this new position. In addition, the defendant has raised a new argument regarding the

2

nature and sufficiency of evidence to be provided in aboriginal rights cases.  The

defendant now argues that the only competent sources of evidence in an aboriginal rights

case are post-contact written records.  [p. 22]  The defendant claims that pre-contact

evidence "can only be the subject of speculation," and thus cannot establish a genuine

issue of material fact, because Natives did not keep written records.  [p. 22]  Because this

new legal argument about permissible types of evidence was not set forth in the

defendant's opening papers, the Chugach have never had the opportunity to address it.

Finally, the defendant raises new arguments about the role and competency of expert

witnesses and the scope of their testimony in aboriginal rights cases [pages 3, 4 and 9].

The Chugach should have the opportunity to respond to these new arguments.

In general, the moving party in a motion for summary judgment may not raise

new issues, such as new factual or legal arguments, in its reply.  *Northwest Acceptance*

*Corp. v. Lynwood Equip., Inc.,* 841 F.2d 918, 924 (9th Cir. 1988) (describing this rule as

"well established in this circuit").  The Ninth Circuit has specifically held that "where

new evidence is presented in a reply to a motion for summary judgment, the district court

should not consider the new evidence without giving the [non-]movant an opportunity to

respond." *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996) (describing such a

practice as "unfair").  *Accord Black v. ITC Corp.,* 900 F.2d 112, 116 (7th Cir. 1990);

*Green v. New Mexico,* 420 F.3d 1189, 1196 (10th Cir. 2005) ("[T]he nonmoving party on

a motion for summary judgment should be given the opportunity to respond to new

material, such as new evidence or new legal arguments, raised for the first time in the

movant's reply brief.")  Since the defendant here has raised both new factual and legal

arguments, the Chugach should be afforded the opportunity to respond, or, in the

alternative, the new arguments should not be considered by this Court in deciding the motion for summary judgment. To do otherwise would be "unfair" and prejudicial to the Chugach under the well-established rules of the Ninth Circuit and other courts. *Provenz,* 102 F.3d at 1483.

The federal defendants have indicated that they do not object to the filing of sur-reply papers on the timeframe proposed here provided that they are "strictly limited to responding to the new materials in federal defendant's reply brief."

Accordingly, the Chugach plaintiffs respectfully request that they be permitted to file a sur-reply brief of no more than 20 pages, to be submitted on or before March 6, 2006.[1]

Respectfully submitted this 11th day of January, 2006.

_____

Natalie A. Landreth
Attorney for Plaintiffs

Rich de Bodo
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Phone: (310) 203-7081
Facsimile: (310) 203-7199
**Of Counsel**

---

[1] Counsel for Chugach plaintiffs is responsible for preparing a report to Congress through the end of January and is thus unavailable to work on this matter until after the report is completed.

Plaintiff's Motion for Leave to File Sur-Reply Papers

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| NATIVE VILLAGE OF EYAK, *et al.*, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. A98-365 CV (HRH) |
| v. | ) | |
| | ) | |
| CARLOS GUTIERREZ, | ) | [PROPOSED] ORDER |
| Secretary of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

The Chugach plaintiffs' motion for leave to file sur-reply papers is granted. Plaintiffs'

sur-reply brief shall not exceed 20 pages and shall be filed on or before March 6, 2006.

IT IS SO ORDERED.

DATED:

_____
H. Russel Holland
United States District Judge

5

<u>Certificate of Service</u>

The undersigned hereby certifies that on the _____ day of _____, 2006, a true and correct copy of the foregoing PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY PAPERS TO RESPOND TO NEW TESTIMONY, EVIDENCE, AND ARGUMENTS SUBMITTED IN DEFENDANT'S REPLY PAPERS IN SUPPORT OF SUMMARY JUDGMENT and [PROPOSED] ORDER were sent postage-paid by first class mail to Bruce M. Landon, Attorney for Federal Defendants, Department of Justice, Environmental & Natural Resources Division, 801 B Street, Anchorage, AK,  99501-3657.


By: _____
     Anne Thomas