IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF EYAK, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CARLOS M. GUTIERREZ, Secretary of )<br>Commerce, )<br>)    No. 3:98-cv-0365-HRH<br>Defendant. )<br>_____) | |

PROTECTIVE ORDER

In accordance with Section 402(b)(2) of the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. § 1881a(b)(2), and Public Law No. 96-95, AS 40.25.120, and any and all other state and federal laws protecting the confidentiality of the location of archaeological sites, Plaintiffs and Defendant shall abide by the terms set forth below regarding the documents described in the index attached hereto as "Exhibit 1" (hereinafter referred to as "the Documents").

    1.    <u>NO DISCLOSURE OF THE DOCUMENTS</u>.  The Documents and any and all information contained in or derived from such Documents shall be used only by those listed in Paragraph 2 of this Order for the sole purpose of this litigation and shall not be disclosed, in

any manner whatsoever (either orally, electronically, or in written form), to anyone for any purpose, without modification of this Order;

    2.    PERMISSIBLE DISCLOSURE OF THE DOCUMENTS. The Documents, and any copies thereof, and the information contained therein, may be disclosed only to:

- (a) the Court and its personnel, including court reporters;
- (b) attorneys for the parties to this litigation and persons regularly in the employ of the parties' attorneys assisting in this litigation;
- (c) employees or representatives of a party who are assisting counsel in the preparation, trial, and appeal of this action;
- (d) third party or other witnesses who provide testimony relevant to the preparation, trial, and appeal of this action;
- (e) employees of microfilming, duplicating, and data processing service companies retained by counsel to provide support services in this action;
- (f) consultants and experts retained by a party to assist in this action.

    3.    ACKNOWLEDGMENT FORMS. Any person listed in Paragraph 2(c)-(e) who has a need to review the Documents consistent with the restrictions in Paragraph 1 must sign and date the Acknowledgment of Protective Order attached hereto before he or she is given

access to the Documents. All signed and dated Acknowledgment forms shall be retained by the respective parties' counsel. Any person listed in Paragraph 2(b) who has a need to review the Documents consistent with the restrictions in Paragraph 1 shall be informed that those materials are confidential and are subject to this Order.

4.  MODIFICATION OF PROTECTIVE ORDER BY THE COURT. Should Plaintiffs, Defendant, or their respective attorneys wish to disclose the Documents to any person other than those indicated in Paragraph 2, or for any purpose other than those indicated in Paragraph 1, counsel shall first consult with opposing counsel to obtain consent to such disclosure. Thereafter, either party may, on motion, seek modification of this Protective Order from the Court.

5.  USE OF THE DOCUMENTS IN COURT FILINGS. If the parties file with the Court any of the Documents, including those portions of filings with the Court where the contents of the Documents are discussed, those portions of court filings concerning the Documents shall be designated under seal and the parties shall treat those portions of court filings as if they were subject to this Protective Order.

6.  RETURN OR DESTRUCTION OF THE DOCUMENTS. All of the Documents, and all documents containing information contained in or derived from the Documents, shall be destroyed or returned to the producing party within sixty (60) days of the conclusion of all district court and appellate court proceedings in this case. If

the Documents are destroyed, destroying counsel shall so notify all counsel in writing.

    7.   <u>TERMINATION OF RESTRICTIONS</u>.  Any specific part or parts of the restrictions imposed by this Order may be terminated at any time by:  (a) stipulation; or (b) Order of the Court.

    DATED at Anchorage, Alaska, this <u>9th</u> day of May, 2008.

                              <u>/s/ H. Russel Holland</u>
                              United States District Judge

Attachment A

ACKNOWLEDGMENT OF PROTECTIVE ORDER

    The undersigned hereby states, under penalty of perjury, that he/she has read the Protective Order ("Order") entered by the Court in <u>Native Village of Eyak v. Gutierrez</u>, No. 3:98-cv-0365-HRH (D. Alaska), understands the terms thereof, and agrees, upon threat of penalty of contempt of court, to be bound by such terms. The undersigned further agrees to submit to the jurisdiction of the Court in connection with any claim that he/she failed to abide by the terms of the Order. The undersigned further agrees to keep any material described in Exhibit 1 to the Order obtained by him/her within his/her exclusive possession, place the material in a secure and segregated location, and agrees not to disclose the material other than to those to whom disclosure is specifically authorized by the Order. He/she further agrees not to use or disclose the material other than as authorized by the Order. The undersigned agrees that obligations under this Agreement continue in perpetuity after the above-captioned litigation is concluded, or until the Court orders otherwise.

    Executed this _____ day of _____, 20___, in _____, _____.

    By: _____

EXHIBIT 1

INDEX OF PROTECTED DOCUMENTS

1.   Graphs reflecting marine mammal sightings by observers aboard commercial fishery vessels.

2. Raw, non-aggregated Pacific cod data from tagged fish released by researchers with the National Marine Fisheries Service and the Alaska Department of Fish & Game and recovered by commercial fishery vessels.

3.   Any specific information about the location of any archaeological site within the State of Alaska in accordance with Alaska Statute 40.25.120.  At this time, this encompasses exhibits P-28, P-30, and the report by Christopher Wooley entitled "Woody Island," and any other report designated as confidential by the author(s) in accordance with AS 40.25.120.