IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF EYAK,<br>NATIVE VILLAGE OF TATITLEK,<br>NATIVE VILLAGE OF CHENEGA,<br>(aka CHENEGA BAY), NATIVE<br>VILLAGE OF NANWALEK, NATIVE<br>VILLAGE OF PORT GRAHAM,<br><br>      Plaintiffs,<br><br>  v.<br><br>CARLOS GUTIERREZ, Secretary<br>of Commerce,<br><br>      Defendant. | Case No. A98-365-CV (HRH)<br><br>**ORDER FOR PRE-TRIAL<br>PROCEEDINGS & FINAL<br>PRE-TRIAL CONFERENCE** |

      In preparation for trial, the parties shall complete the following items by the dates hereinafter specified.

      (1)    Issues.  The parties shall prepare and file a single, joint statement of issues on or before June 27, 2008.  At a minimum, the joint statement of issues must identify the legal elements which a party is required to prove in order to establish each claim, affirmative defense, or cross-or counterclaim asserted by the party.  If the statement of issues is not concurred in by all counsel in all respects, a brief statement of the disagreement as to any issue or issues shall be included.  At the final pre-trial conference, a final statement of issues to be litigated shall be settled, and only those issues will be tried.

      (2)    Statement of Uncontested Facts.  On or before June 27, 2008, the parties shall prepare and file a joint statement of uncontested facts which shall be offered by plaintiff as the first evidence in the case.  The emphasis in the statement of uncontested facts should be upon

the inclusion of all possible non-controversial, background material which will serve to put into proper context the issues to be litigated.  It is the intent of the court that this statement include all facts upon which a party intends to rely and which the opposing party does not intend to controvert.  In the preparation of the statement of uncontested facts, and unless the parties all concur in a different, effective procedure, the parties shall each prepare a statement of facts which they intend to prove at trial, from which each side can identify those facts that are not to be controverted; and those uncontroverted facts shall be incorporated into the joint statement of uncontested facts.  The court would emphasize that it is intended that the statement of uncontested facts be read or stipulated directly into the record; and, therefore, it shall be entirely factual.  The statement shall not contain matters of law, claims, or argument.

  (3) Witnesses.  On or before July 11, 2008, each party shall serve and file a final, revised witness list, which may include only persons who have been previously disclosed as potential witnesses in a timely filed prior witness list.  This final witness list shall disclose those witnesses whom the party will in fact call at trial.  Only those witnesses so listed will be permitted to testify at trial.  Witnesses shall be listed in the order in which it is expected they will be called.

  As to each witness so listed (even though the witness may have been deposed), counsel shall disclose the testimony expected to be elicited from that witness at trial.   The disclosure shall be specific and not general, the purpose being to avoid surprise and delay at trial and to give opposing counsel an adequate basis for developing cross-examination.

  Expert witnesses shall be identified as such and as to their area(s) of expertise, and a statement of each expert's qualifications shall be appended to the witness list. The statement of

qualifications of experts shall be sufficiently detailed to permit opposing counsel to serve and file objections on or before the date specified hereinafter for the filing of objections to proposed exhibits. Any dispute as to qualifications shall be resolved at the final pre-trial conference. Witnesses whose depositions will be offered in lieu of live testimony shall be identified; and, in lieu of a statement of testimony which counsel expects to elicit from such witnesses, the party shall specify the inclusive pages from the deposition which are proposed to be offered. Objections to such testimony, as well as any desired counter-designation of deposition testimony, shall be served and filed on or before the date specified hereinafter for the filing of objections to proposed exhibits. Any objections to proposed deposition testimony (including objections to counter-designations) shall be resolved at the final pre-trial conference

     Depositions which are to be used for any purpose at trial shall be lodged with the clerk of court at the time and in the manner hereinafter specified for the filing of exhibits, and the same will be ordered published as a matter of course when and if such depositions are offered.

     (4)    Exhibits.    On or before July 11, 2008, the parties shall mark, inspect, and exchange copies of all trial exhibits. Each party shall prepare, serve, and file a schedule of all trial exhibits which identifies each exhibit by number or letter and title or description and designates each exhibit as "admitted," authenticated but not admitted, or "objection" with the Rule of Evidence upon which the objection is made being noted. A complete, duplicate copy of the original marked exhibits shall be presented to the court at the commencement of trial. On or before July 25, 2008, the parties shall serve and file all objections to exhibits, and in particular shall identify any exhibit as to which authentication will be required. Absent such notice, formal authentication will be deemed waived. Objections shall be concise and

appropriate authorities shall be cited.  The offering party's arguments and authorities in favor of admission of each such exhibit shall be served and filed by August 5, 2008.

    (5)    Motions.  All final pre-trial motions, including those as to known, difficult evidentiary matters, shall be served and filed not later than July 25, 2008.  Responses to pre-trial motions shall be served and filed not later than August 5, 2008.

    (6)    Settlement.  The court must be advised of a "last minute" settlement no later than three business days before the commencement of trial.

    (7)    Final Pre-Trial Conference.  The final pre-trial conference is scheduled for the general purpose of reviewing compliance this order.  The Court will schedule a final pre-trial conference to be held the week of August 11, 2008.

    (8)    Briefs, Jury Instructions, Etc.  Each part shall serve and file a trial brief on or before July 18, 2008.  Such brief shall contain a short, plain and candid statement of the party's position and authorities as to each contested issue of law.   It shall disclose and brief those theories of the case which a party will urge at trial.  Except as shall be incidentally necessary, the briefs shall not contain a statement of, nor shall they argue, the facts of the case.  Such briefs shall be no longer  than fifteen letter-sized pages.

    (9)    Trial.  Subject to the requirements of the court's criminal calendar, trial by in this case is scheduled to commence on August 18, 2008 and is expected to be completed by August 29, 2008.  Unless otherwise ordered, trial will commence at 9:00 a.m. each day and will adjourn for the day at 4:30 p.m., except in unusual circumstances.

This case is not a "back-up" case which has been scheduled for trial in the event that a primary case setting is vacated.

(10)    Other Matters.  The parties have agreed that discovery will close June 13, 2008. Defendants served notices of 30(b)(6) depositions on May 7, 2008, and Plaintiffs have not yet served a 30(b)(6) notice but may decide to do so.  Expert rebuttal reports are to be exchanged on May 15, 2008.  Should certain documents or information currently requested but unavailable to one or both Parties be received after the expert rebuttal deadline, the Parties may supplement their expert reports accordingly in a timely manner.  Any other matters counsel may desire to take up at the pre-trial conference should be discussed by them in advance, and the court will be pleased to consider any other matters that will in any fashion facilitate and/or expedite the development and trial of the case.

IT IS ORDERED:

(1)    A final pre-trial conference in this case will be held on _____, 2008, at ____ . The parties may participate by conference telephone call arranged in advance.

(2)    The parties shall prepare, serve or exchange, and file or lodge with the court on or before the dates above specified all of the documents above specified.  These dates shall not be subject to change by stipulation of the parties, and may be changed only by order of the court for good cause shown.  Both the final pre-trial conference date and the trial date set for this case are contingent upon timely compliance with this order by the parties.  Any party should expect to pay costs to the opposing party or to the court if it found that he or she has willfully and without good cause failed to comply with this order.  See Rule 16(f), Federal Rules of Civil Procedure.

(3)    To the extent that stipulations of the parties and/or earlier orders of the court require additional or more detailed filings or additional procedures, those earlier stipulations

and/or orders shall remain in effect. However, to the extent any such prior stipulation or order conflicts herewith, this order shall control.


DATED at Anchorage, Alaska, this _____ day of _____, 2008.



_____
H. Russell Holland
United States District Judge