Natalie Landreth
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 505
Anchorage, Alaska 99501
Phone: (907) 276-0680
Facsimile: (907) 276-2466
Email: landreth@narf.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF EYAK, NATIVE VILLAGE OF TATITLEK, NATIVE VILLAGE OF CHENEGA (aka CHENEGA BAY), NATIVE VILLAGE OF NANWALEK, NATIVE VILLAGE OF PORT GRAHAM,<br><br>Plaintiffs,<br><br>v.<br><br>CARLOS GUTIERREZ, Secretary of Commerce,<br><br>Defendant. | Case No. A98-365-CV (HRH)<br><br>MOTION TO QUASH OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER REGARDING SUBPOENA OF JEFF LEER |

## I.    INTRODUCTION

Non-party Jeff Leer, pursuant to Fed. R. Civ. P. 45(c), hereby moves to quash a deposition subpoena issued by Defendant in the above action.  The subpoena should be quashed because: (1) Defendant is seeking to depose Mr. Leer involuntarily, in order to obtain expert testimony from him and to offer his expert testimony at trial, even though Defendant never retained or designated Mr. Leer as an expert, never submitted an expert report from Mr. Leer, and never included Mr. Leer on its witness list; and (2) Mr. Leer is ill, on medication, and undergoing medical treatment outside Alaska, and it would be an undue burden on him if he is

required to testify.  In the alternative, Mr. Leer requests that the Court enter a protective order precluding Defendant from enforcing the subpoena.

## II.  THE FACTS SURROUNDING MR. LEER'S DEPOSITION

Plaintiff Chugach Tribes originally included Mr. Leer on their preliminary witness list. Mr. Leer indicated to Plaintiffs' counsel that he was not well and did not want to testify or otherwise be involved in this case.  The Chugach respected Mr. Leer's wishes and removed him from their list.  They notified Defendant that they had removed Mr. Leer from their preliminary witness list on May 23rd.  Mr. Leer was never listed as a retained expert and never provided any expert reports.[1]

On about May 26, however, Defendant informed the Chugach that it still expects Mr. Leer to appear at a deposition, which Defendant had noticed for Wednesday, June 4.  Mr. Leer, who resides in Fairbanks, is scheduled to be in Seattle, Washington, that day (and for some time afterward) to receive medical treatment.  Despite these facts, Defendant is now seeking to force Mr. Leer to appear for deposition in Seattle during the time that he is receiving medical treatment, and it claims that Mr. Leer consented to appear for a deposition on that date.  When informed of Defendant's position, Mr. Leer reiterated his concerns about his health condition and his desire that he not be deposed or involved in this action, and he requested the undersigned counsel to represent him and try to spare him from being further harassed and from having his deposition taken.

When asked the purpose for taking Mr. Leer's deposition, Defendant has indicated that it wants to elicit expert testimony from Mr. Leer and to make him into an involuntary expert witness for Defendant.  Defendant has never submitted an expert report for Mr. Leer, and has never identified him as a trial witness or an expert.  Defendant refuses to provide any specifics about the testimony that it would want to obtain from Mr. Leer, or why it is necessary to force him to testify, especially given Mr. Leer's condition and the fact that he is away from home receiving medical treatment.

---

[1] This Court's scheduling order required expert reports to be served on March 17, 2008 and rebuttal reports to be served on May 15, 2008.  Mr. Leer has never provided either an expert report or a rebuttal report.

**PLAINTIFFS'   MOTION TO QUASH LEER SUBPOENA**
- Page 2
\\\LA - 090334/010361 - 388252 v1

### III. DEFENDANT HAS NO BASIS TO TAKE MR. LEER'S DEPOSITION, AND ALLOWING THE DEPOSITION TO PROCEED WILL ONLY HARASS MR. LEER

Mr. Leer's subpoena should be quashed because Defendant has no basis to take Mr. Leer's deposition, and because proceeding with his deposition will harass Mr. Leer and place an undue burden upon him.  First, there is no basis for Defendant to depose Mr. Leer and to try to make him, involuntarily, into Defendant's expert – especially when Defendant never identified Mr. Leer as an expert whom it would use at trial or as a witness on its witness list, and never provided any expert report or disclosure for him.  If Defendant had wanted to use Mr. Leer as its own expert, it could have designated him and submitted a report – it knew about Mr. Leer in March.

Second, because Defendant has failed to comply with the rules relating to expert testimony in connection with Mr. Leer, any purported expert testimony that Defendant would elicit during Mr. Leer's deposition should be precluded.  Federal Rule of Civil Procedure 37(c) provides that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

As noted above, Defendant has failed to comply with any of the relevant rules regarding experts – Defendant has never designated Mr. Leer as an expert or even a witness, and has never provided an expert report or any other document setting forth the opinions and conclusions that Mr. Leer would offer.  This failure is not harmless because – given that Defendant has provided no expert report from Mr. Leer – the Chugach Plaintiffs do not even know the scope and purpose of Mr. Leer's testimony in this case and would go into his deposition blindly.  Given Defendant's numerous failures, any expert testimony offered by Mr. Leer at this point should be precluded and thus, it is a waste of time and money to force Mr. Leer to be deposed against his will.

Third, Defendant has not demonstrated that it is essential to depose Mr. Leer in connection with this case.  Defendant notes that the Chugach Plaintiffs' expert, Mr. Ganley, relied on a study by Mr. Leer, but that information has been produced by Mr. Ganley and is therefore readily available to Defendant; it is not clear that Mr. Leer could provide any

information beyond what is reflected in the available information or what Mr. Ganley can provide.  Defendant has made no showing that it needs information that only Mr. Leer possesses.  Defendant already has 7 different expert witnesses.  It is difficult to imagine that Defendant needs an eighth expert.  Moreover, the fact that Ganley may have relied upon Mr. Leer does not convert him into a testifying witness; all experts in this case relied upon many other sources and the Defendant's position, taken to its logical conclusion would mean that any person listed as source in an expert report should be considered to be on both parties' preliminary witness lists.  This is makes little sense and of course there is no precedent or support for such a rule.

Fourth, this Court may properly quash the subpoena to Mr. Leer, as a non-party, because it places an unreasonable burden on him.  The court must balance the interests served by demanding compliance with the subpoena against the interests advanced by quashing it.  9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463.1; *see also Beinin v. Center for Popular Culture*, 2007 WL 832962, *5 (N.D. Cal. March 16, 2007) (noting that "the status of the person as a nonparty is a factor that weighs against disclosure" and finding that compelling nonparty witness to comply with defendant's request for documents "would inflict costs and burdens disproportionate to whatever minimal evidentiary value the documents might have"); *Snyder v. American Motors Corp.*, 115 F.R.D. 211, 212  (D. Ariz. 1987) (quashing subpoena on unretained expert because it was excessively burdensome).  In making this determination, the court must consider whether the information is necessary and whether it is available from any other source.  Wright & Miller, *supra*, § 2463.1.

In this case, Defendant's subpoena will place an undue burden upon Mr. Leer.  Although Mr. Leer does not wish to disclose personal details regarding his illness in this public record, it is sufficient to say that he is ill enough to have to travel to Seattle for medical treatment.  He is also taking medication for his illness.  And as noted, he has specifically requested that he not be forced to testify in this case.  It is unreasonable to subject to deposition a person who is not a designated expert, not a party, unwilling to testify, suffering from a chronic illness, in pain and on medication.  It is in fact difficult to see how such a person could be considered a competent witness at this time.

## IV. CONCLUSION

For these reasons, Mr. Leer respectfully requests that the Court quash Defendant's subpoena, or in the alternative, enter a protective order precluding its enforcement.  Upon a

showing of good cause, this Court "may issue any protective order 'which justice so requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including an order prohibiting the discovery altogether…." *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004) (granting a protective order to limit discovery on the basis of undue burden). Mr. Leer has shown ample good cause for issuance of such an order.

Dated: June 3, 2008

Respectfully submitted,

   s/nlandreth
Natalie Landreth
Staff Attorney
Native American Rights Fund
420 L Street, Suite 505
Anchorage, AK 99501
Tel: 907-276-0680
Fax: 907-276-2466
E-mail: landreth@narf.org

ATTORNEY FOR JEFF LEAR

## CERTIFICATE OF SERVICE

I, Natalie Landreth, certify that a true and correct copy of MOTION TO QUASH OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER REGARDING SUBPOENA OF JEFF LEER in Case No. A98-365-CV (HRH) was served on June 3, 2008 pursuant to the Court's electronic filing procedures upon the following:

Dean Dunsmore     dean.dunsmore@usdoj.gov, lorraine.carter@usdoj.gov

Beverly F. Li    beverly.li@usdoj.gov, efile_nrs.enrd@usdoj.gov

Brian McLachlan    brian.mclachlan@usdoj.gov

                                                      s/nlandreth