RONALD J. TENPAS
Assistant Attorney General

BRIAN A. MCLACHLAN
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

Attorneys for Federal Defendants
(Additional Counsel Listed in Signature Block)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| NATIVE VILLAGE OF EYAK, ) | Case No. A98-365-CV (HRH) |
| NATIVE VILLAGE OF TATITLEK, ) | |
| NATIVE VILLAGE OF CHENEGA, ) | |
| (aka CHENEGA BAY), NATIVE ) | **RESPONSE TO JEFF LEER'S** |
| VILLAGE OF NANWALEK, NATIVE ) | **MOTION TO QUASH** [Docket No. 127] |
| VILLAGE OF PORT GRAHAM, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CARLOS GUTIERREZ, Secretary ) | |
| of Commerce, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant hereby responds to the Motion to Quash or, in the Alternative, for a Protective Order Regarding Subpoena of Jeff Leer [Docket No. 127] ("Motion to Quash"), which seeks to entirely avoid the properly issued subpoena for a discovery deposition in this case. This motion,

brought by Mr. Leer's apparently newly retained counsel, is wholly without merit. Defendant has at all times sought to attempt to accommodate Mr. Leer and any reasonable scheduling needs he may have, and continues to be willing to do so. Under these circumstances, there is no basis for Mr. Leer or his new counsel to seek to entirely avoid this proper subpoena. The legal arguments set forth by Mr. Leer's counsel to the contrary are based on a fundamental misunderstanding of the nature of discovery under the Federal Rules of Civil Procedure.

### I. BACKGROUND FACTS SURROUNDING MR. LEER'S SUBPOENA FOR DEPOSITION

Mr. Leer's counsel confuses this matter further by also representing the Plaintiffs in this case. As counsel concedes, Mr. Leer has been on Plaintiffs' Preliminary Witness List which they submitted on March 3, 2008. Motion to Quash at 2; see also Declaration of Brian A. McLachlan at ¶ 2 and Attachment 1 (attached as Exhibit 1 hereto). According to Plaintiffs' Preliminary Witness List, Mr. Leer is a "person[] with potentially discoverable information whom Plaintiffs may wish to call at trial." Exh. 1, Attachment 1 at 2. More specifically, Plaintiffs note that "Dr. Leer is a linguist with expertise in Native languages. He may testify regarding the distribution of Native place names and their meanings." Id. at ¶ 31. Plaintiffs did "reserve the right to supplement this list should they find additional persons with potentially discoverable information . . . ," id. at 5, although no further witness list has been submitted by Plaintiffs. Instead, Plaintiffs notified Defendant right before Memorial Day weekend on Friday afternoon, May 23, 2008, that "Mr. Leer will not appear on our final witness list (and accordingly he should no longer be considered part of our preliminary witness list) and therefore we see no need to depose him." Exh. 1 at ¶ 3 and Attachment 2. By that time, Mr. Leer had already been subpoenaed for his deposition. See Exh. 1 at ¶ 4 and Attachment

3. Indeed, by that time, Mr. Leer had already contacted counsel for Defendant to request an alternate location for his deposition as a matter of his personal convenience. See Exh. 1 at ¶ 5 and Attachments 4 and 5. Defendant promptly notified Plaintiffs on Monday, May 26, 2008, that the deposition of Mr. Leer would go forward, but that the location would have to be changed to accommodate Mr. Leer. See Exh. 1 at ¶ 6 and Attachment 6. Up through the evening of Friday, May 30, 2008, Mr. Leer continued to be in contact with counsel for Defendant regarding his subpoena, confirming his appearance on the following Wednesday, June 4, 2008, and producing documents responsive to the document rider attached to his subpoena. See Exh. 1 at ¶ 7 and Attachment 7. It was only very late Sunday evening, June 1, 2008, that Plaintiffs' lead counsel informed Defendant that she now represented Mr. Leer in connection with this case and that she was demanding that the deposition be cancelled in its entirety. See Exh. 1 at ¶ 8 and Attachment 8.

While not relevant to this Motion to Quash, counsel for Plaintiffs and Mr. Leer attempts to make some issue about Defendant's own preliminary witness list. Defendant specifically reserved the right "to call any witness named on Plaintiffs' witness list." See Exh. 1 at ¶ 9 and Attachment 9 at 3. Moreover, Defendant generally "reserve[d] the right to revise this witness list" in a manner entirely analogous to that proffered by Plaintiffs. Id.

## II.     THERE IS NO BASIS TO QUASH THIS SUBPOENA FOR DEPOSITION

Rule 26(b)(1) of the Federal Rules of Civil procedure sets forth the general rule about the scope of allowable discovery, and provides in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . .    * * *

> Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  There is no order in this case otherwise limiting discovery.  And neither Mr. Leer nor his counsel raise any issue of privilege in the Motion to Quash.  Nor does Mr. Leer or his counsel make any claim that Mr. Leer does not possess information that is relevant to this case, including Defendant's defense thereof.  Indeed, Mr. Leer's counsel can not now be heard to make any such claim, given her prior representation that Mr. Leer is a "person[] with potentially discoverable information whom Plaintiffs may wish to call at trial."  Exh. 1, Attachment 1 at 2.  Even apart from this earlier concession, counsel for Plaintiffs and Mr. Leer concedes "that Ganley [one of Plaintiffs' retained experts] may have relied upon Mr. Leer."  Motion to Quash at 4.  To the extent that Mr.Ganley has relied on documents provided to him by Mr. Leer, there can be no question that Defendant is entitled, at a minimum, to depose Mr. Leer to determine the "nature" of those documents.  Fed. R. Civ. P. 26(b)(1).

Similarly, Rule 30(a)(1) of the Federal Rules of Civil provides in pertinent part:  "A party may, by oral questions, depose <u>any</u> person . . . without leave of court except as provided in Rule 30(a)(2)."  Fed. R. Civ. P. 30(a)(1) (emphasis added).  Mr. Leer and his counsel do not make any claim that the limitations of Rule 30(a)(2) apply here.

Thus, Mr. Leer's counsel's assertion that there is "no basis to take Mr. Leer's deposition" is wholly without merit.  Mr. Leer's counsel's position appears to be based upon a fundamental misunderstanding of the proper scope of discovery under the Federal Rules of Civil Procedure.  Mr. Leer's counsel's primary objection appears to be that the subpoena "seek[s] to depose Mr. Leer involuntarily, in order to obtain expert testimony from him and to offer his expert testimony at trial,

even though Defendant never retained or designated Mr. Leer as an expert, never submitted an expert report from Mr. Leer, and never included Mr. Leer on its witness list." Motion to Quash at 1. But the fact that a subpoena seeks to depose someone involuntarily is no basis for an objection -- this is precisely what subpoenas are for. See, e.g., Fed. R. Civ. P. 30(a)(1) ("The deponent's attendance may be compelled by subpoena under Rule 45."). Whether or not Mr. Leer is able to offer any "expert testimony" will simply depend on his qualifications. Defendant need not retain Mr. Leer for this purpose, and for this very reason Defendant need not provide any expert report. See, e.g., Fed. R. Civ. P. 26(a)(2)(B) (requiring an expert report "if the witness is one retained or specially employed to provide expert testimony in this case or one whose duties as the party's employee . . . ."). Indeed, Mr. Leer's counsel must be quite aware of this, given that she had kept Mr. Leer on her witness list long past the time required for expert reports of disclosed witnesses without providing any such report herself. For this reason, Mr. Leer's counsel's citation to Rule 37(c), Motion to Quash at 3, is inapplicable here. Finally, the assertion that Mr. Leer is not now on any witness list is demonstrably false. As noted above, Mr. Leer's name physically remains on Plaintiffs' current witness list. To be sure, Defendant understands Plaintiffs' May 23 e-mail to have effectively modified that witness list to remove Mr. Leer. But Defendant then promptly acted on May 26 (Memorial Day, and thus before even the next business day had passed) to place Mr. Leer on Defendant's own tentative witness list in precisely the same manner as Plaintiffs removed him. Counsel for Plaintiffs and Mr. Leer cannot have it both ways. Either Mr. Leer is on Plaintiffs' current witness list because that list has not been formally superceded, or he is on Defendant's current list because the witness lists may be modified by e-mail communication between counsel.

Moreover, it is entirely presumptuous of Mr. Leer's counsel to presume Defendant's purposes for or uses of Mr. Leer's deposition. Contrary to Mr. Leer's counsel's apparent belief, Defendant has never committed to using Mr. Leer as an expert witness or acted in any way to limit the permissible uses of this deposition. The fact that "Defendant refuses to provide any specifics about the testimony that it would want to obtain from Mr. Leer," Motion to Quash at 2, is a problem of Mr. Leer and his counsel's own making. By using the lead counsel for Plaintiffs as his counsel for this case, Defendant has a legitimate need to refrain from disclosing his work product and case strategy to opposing counsel. Defendant notes that Mr. Leer never expressed this concern before he apparently retained Plaintiffs' counsel, and instead worked with Defendant's counsel to respond to the document rider to the subpoena and to reschedule the date and location for the deposition to ones more convenient to him.

The only portion of the Motion to Quash with even a kernel of merit involves Mr. Leer's illness and medical treatment. Defendant has not sought and does not seek to compel Mr. Leer to appear for his deposition in a manner that unreasonably interferes with Mr. Leer's health or well being. Indeed, based on precisely these concerns, Defendant had already agreed to move the location of Mr. Leer's deposition from Fairbanks, AK to Seattle, WA. Mr. Leer represented that, with this location change, "there would be no problem doing the deposition on June 4." Exh. 1, Attachment 5. Moreover, even after Mr. Leer apparently retained Plaintiffs' lead counsel, Defendant continued to offer reasonable accommodations, noting that the deposition already confirmed for June 4 could be rescheduled if both he and Plaintiffs' counsel would "confirm that Mr. Leer will be available on another day prior to the end of discovery." Exh. 1 at ¶ 10 and Attachment 10.

Neither Mr. Leer nor his counsel have disclosed the issues of illness, medication, or treatment that purportedly prevented him from attending his deposition on June 4. And, to the extent that Mr. Leer is deposed at a time and location that is both convenient to him and practical for Defendant within the confines of this case, Defendant does not seek to know these matters, other than to ascertain whether Mr. Leer is competent to testify truthfully. But to the extent that Mr. Leer or Plaintiff's counsel is attempting to avoid altogether Mr. Leer's duties under the subpoena, it is incumbent on them to provide this Court with enough information to evaluate the matter. They have not yet done so. Moreover, depending on the nature of the circumstances, it is possible that a discovery deposition may be all the more urgent if Mr. Leer may be unavailable for trial under Rule 32(a)(4) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully requests that this Court deny the Motion to Quash, and accordingly compel Mr. Leer to appear for his deposition in a manner neither prejudicial to him, nor to Defendant given the deadlines in this case.

Dated: June 6, 2008

RONALD J. TENPAS
Assistant Attorney General

BRIAN MCLACHLAN (D.C. 472413)
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

BEVERLY F. LI (WSBA # 33267)
U.S. Department of Justice
Environment & Natural Resources Division

        P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-353-9213
Facsimile: 202-305-0506
beverly.li@usdoj.gov

  s/ Joseph H. Kim
JOSEPH H. KIM (IL 6243249)
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7369
Washington, DC 20044-7369
Telephone: 202-305-0207
Facsimile: 202-305-0275
joseph.kim@usdoj.gov

DEAN K. DUNSMORE
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile:(907) 271-5827
dean.dunsmore@usdoj.gov

Attorneys for Federal Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 6, 2008, I filed the foregoing RESPONSE TO JEFF LEAR'S MOTION TO QUASH electronically through the CM/ECF System, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>Goriune Dudukgian
>gdudukgian@alsc-law.org
>
>Natalie Landreth
>landreth@narf.org
>
>Richard de Bodo
>rdebodo@hhlaw.com

>             s/ Joseph H. Kim
>Joseph H. Kim
>Counsel for Defendant