RONALD J. TENPAS
Assistant Attorney General

BRIAN A. MCLACHLAN
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

Attorneys for Federal Defendants
(Additional Counsel Listed in Signature Block)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF EYAK,<br>NATIVE VILLAGE OF TATITLEK,<br>NATIVE VILLAGE OF CHENEGA,<br>(aka CHENEGA BAY),<br>NATIVE VILLAGE OF NANWALEK, and<br>NATIVE VILLAGE OF PORT GRAHAM,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CARLOS GUTIERREZ, Secretary<br>of Commerce,<br><br>　　　　　　Defendant. | Case No. A98-365-CV (HRH)<br><br>**DECLARATION OF BRIAN A.<br>MCLACHLAN IN SUPPORT OF<br>DEFENDANT'S RESPONSE TO JEFF<br>LEER'S MOTION TO QUASH**<br>[Docket No. 127] |

I, Brian A. McLachlan, hereby declare as follows:

1.　　I am one of the attorneys for the Defendant in this case. In my capacity as counsel for Defendant, I have had communications with Plaintiffs and Jeff Leer, and I have received case documents from Plaintiffs.

EXHIBIT _1_
Page _1_ of _41_

2.     I received Plaintiffs' Preliminary Witness List on or about March 3, 2008. A true and correct copy of that document is attached hereto as Attachment 1.

3.     I received an e-mail from Plaintiffs' counsel at or about 3:55 p.m. (Alaska time) on Friday afternoon, May 23, 2008. A true and correct copy of that document is attached hereto as Attachment 2.

4.     I issued Mr. Leer a subpoena for deposition on May 12, 2008. A true and correct copy of that document is attached hereto as Attachment 3.

5.     After issuing the subpoena, I was contacted by Mr. Leer and discussed with him the possibility of rescheduling or relocating his deposition. Subsequently, I received two e-mails from Mr. Leer on May 22, 2008. True and correct copies of those documents are attached hereto as Attachments 4 and 5.

6.     One of my co-counsel in this case sent an e-mail to Plaintiffs on Monday, May 26, 2008. A true and correct copy of that document is attached hereto as Attachment 6.

7.     I continued to be in contact with Mr. Leer regarding his subpoena through the evening of Friday, May 30, 2008. I received an e-mail from Mr. Leer on May 30, and a true and correct copy of that document is attached hereto as Attachment 7.

8.     I received an e-mail from Plaintiffs' counsel at or about 11:25 p.m. (Alaska time) on Sunday evening, June 1, 2008. A true and correct copy of that document is attached hereto as Attachment 8.

9.     I submitted Defendant's Preliminary Witness List to Plaintiffs on March 3, 2008. A true and correct copy of that document is attached hereto as Attachment 9.

McLACHLAN DECLARATION
Eyak v. Gutierrez, A98-365-CV (HRH)                                                        2

EXHIBIT  1
Page  2  of  41

10.    I sent an e-mail to Plaintiffs on Monday, June 2, 2008. A true and correct copy of that document is attached hereto as Attachment 10.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2008, at Anchorage, Alaska.

Brian A. McLachlan

McLachlan Declaration
Eyak v. Gutierrez, A98-365-CV (HRH)

3

EXHIBIT 1
Page 3 of 41

Natalie A. Landreth
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 505
Anchorage, Alaska 99501
Phone: (907) 276-0680
Facsimile: (907) 276-2466

Goriune Dudukgian
ALASKA LEGAL SERVICES CORPORATION
1016 West 6th Ave., Suite 200
Anchorage, Alaska 99501
Phone: (907) 222-4524
Facsimile: (907) 279-7417

Rich DeBodo
HOGAN 7 HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4888
Facsimile: (310) 785-4601

**Counsel for the Chugach Plaintiffs**


## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA


| | | |
|---|---|---|
| NATIVE VILLAGE OF EYAK, *et al.*, | ) | Case No. A98-365 CV (HRH) |
| | ) | |
| Plaintiffs, | ) | **PLAINTIFFS' PRELIMINARY** |
| v. | ) | **WITNESS LIST** |
| | ) | |
| CARLOS GUTIERREZ, Secretary of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

1

Preliminary Witness List

EXHIBIT 1
Page 4 of 41

Pursuant to the tentative dates set forth in the proposed but not yet filed scheduling order, Plaintiffs submit the following names as potential witnesses during the upcoming trial on August 18-23.  Please note that the submission of this list does not constitute an agreement to have all of the listed persons deposed, nor does it mean that all listed persons will be called to serve as witnesses during trial.  The following are persons with potentially discoverable information whom Plaintiffs may wish to call at trial:

1.    Bob Henrichs, Cordova, Alaska

2.    Simeon Kvasnikoff, Port Graham, Alaska

3.    Nick Tenape, Sr., Nanwalek, Alaska

4.    Herman Moonin, Port Graham, Alaska

5.    Henry Makarka, Wasilla, Alaska

6.    Ben Meganeck, Port Graham, Alaska

7.    Tom Anderson, Cordova, Alaska

8.    Bert Nichols, Cordova, Alaska

9.    Sylvia Lang, Cordova, Alaska

10.   Ed Gregorieff, Tatitlek, Alaska

11.   Roy Totemoff, Tatitlek, Alaska

12.   Ken Vlasoff, Tatitlek, Alaska

13.   Steve Totemoff, Tatitlek, Alaska

14.   Virginia Lacey, Cordova, Alaska

15.   Pete Kompkoff, Chenega, Alaska

16.   Peter Anahonak, Port Graham, Alaska

2                          Preliminary Witness List

EXHIBIT _1_
Page _5_ of _41_

17.      Cliff McCann, Port Graham, Alaska

18.      David Totemoff, Tatitlek, Alaska

19.      Pat Norman, Port Graham, Alaska

20.      James Kvasnikoff, Nanwalek, Alaska

21.      Mark King, Cordova, Alaska

22.      Glenn Ujoka, Cordova, Alaska

23.      Gilbert Olsen, Cordova, Alaska

24.      Herman Tenape, Nanwalek, Alaska

25.      Wally Kvasnikoff, Nanwalek, Alaska

26.      Alex Moonin, Port Graham, Alaska

27.      John Moonin, Port Graham, Alaska

The persons identified at numbers 1-27 are those who may testify regarding historic and contemporary fishing patterns of the Chugach in Prince William Sound, Lower Cook Inlet and the Gulf of Alaska.  Each may be contacted at the Native American Rights Fund.

28.      Matt Ganley
         10315 Main Tree
         Anchorage, AK 99507
         (907) 644-4700

Mr. Ganley is an anthropologist and may testify as to the prehistoric, historic and contemporary use of waters in Prince William Sound, Lower Cook Inlet, and the Gulf of Alaska.

29.      Dr. E. Eric Knudsen
         13033 Sunrise Drive
         Mt. Vernon, WA 98273
         (360) 424-5767

Preliminary Witness List

EXHIBIT _1_
Page _6_ of _41_

Dr. Knudsen is a fisheries biologist formerly with the Prince William Sound Science Center. He may testify as to the distribution of certain fish and marine mammal species in Prince William Sound, the Lower Cook Inlet and the Gulf of Alaska.

30.         Dr. Aron Crowell
            Alaska Director, Arctic Studies Center, Smithsonian Institution
            121 W. 7th Avenue
            Anchorage, AK 99501
            (907) 343-6162

Dr. Crowell is an anthropologist and archaeologist with the Arctic Studies Center for the Smithsonian Institution.  He may testify regarding Chugach prehistoric and historic settlement patterns, resource use and use of waters in Prince William Sound, Lower Cook Inlet, and the Gulf of Alaska.

31.         Dr. Jeff Leer
            Alaska Native Language Center
            University of Alaska Fairbanks
            P.O. Box 757680
            Fairbanks, AK 99775
            (907) 474-6587

Dr. Leer is a linguist with expertise in Native languages.  He may testify regarding the distribution of Native placenames and their meanings.

32.         John F.C. Johnson
            Vice President of Cultural Resources, Chugach Alaska Corporation
            560 E. 34the Avenue
            Anchorage, AK 99503
            (907) 563-8866

Mr. Johnson is the Vice President of Cultural Resources for the Chugach Corporation, the regional ANCSA corporation encompassing the Chugach Tribes.  He may testify regarding the Chugach prehistoric and historic settlement patterns, resource use and use of waters in Prince William Sound, Lower Cook Inlet, and the Gulf of Alaska.

Preliminary Witness List

EXHIBIT _1_
Page _7_ of _41_

33.          all witnesses submitted by Defendant

       Plaintiffs reserve the right to supplement this list should they find additional

persons with potentially discoverable information, and/or should they need to respond to

evidence and arguments introduced by the Defendant.

<div style="margin-left:40%">

S/ nlandreth
Natalie A. Landreth
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 505
Anchorage, Alaska 99501
Phone: (907) 276-0680
Facsimile: (907) 276-2466
Email: landreth@narf.org
Bar number: 0405020

</div>

Preliminary Witness List

EXHIBIT 1
Page 8 of 41

## Certificate of Service

I hereby certify that on the 3rd day of March 2008, a true and correct copy of the foregoing Plaintiffs' Preliminary Witness List was served electronically on Counsel for Defendant Secretary of Commerce:

Beverly.Li@usdoj.gov
Brian.McLachlan@usdoj.gov


s/nlandreth

EXHIBIT  i
Page  9  of  41

## McLachlan, Brian (ENRD)

**From:**    Natalie Landreth [landreth@narf.org]
**Sent:**    Friday, May 23, 2008 3:55 PM
**To:**    McLachlan, Brian (ENRD); Li, Beverly (ENRD)
**Cc:**    gdudukgian@alsc-law.org; 'de Bodo, Richard'
**Subject:** RE: Ganley depo

Brian,

Mr. Leer will not appear on our final witness list (and accordingly he should no longer be considered part of our preliminary witness list) and therefore we see no need to depose him. There is now no one scheduled on the 4th, but Mr. Johnson can fit that into his schedule, so we should move him to make room for the 30(b)(6) on Thursday the 5th.

We still do not agree to a 3-day deposition for the 30(b)(6) witness. If one person can speak to those matters, the deposition is limited under the rules to one day of seven hours. Noticing a deposition for each different village doesn't automatically result in 5 days of deposition. I think it is best if we bring this matter before Holland.

In light of the 30(b)(6) witnesses you have designated, we note that we may need more time with Wilkins and Hanselmann than originally planned. It is handy that they had already planned to be here, but please notify Mr. Wilkins that his deposition may continue into the next morning (since he is currently scheduled just for the afternoon), and Mr. Hanselmann may be kept for the remainder of the day on Friday. This means Noll may have to be deposed simultaneously, in order to not affect travel, but we do not anticipate speaking with him for more than 1-2 hours. Let me know if this presents a problem, such as only one of you planned to be here at that time. If so, we can make other arrangements for Mr. Noll.


Thank you, Natalie

*Natalie Landreth*
*Staff Attorney*
*Native American Rights Fund*
*420 L Street, Suite 505*
*Anchorage, Alaska 99501*
*ph: 907-276-0680*
*fax: 907-276-2466*

This electronic message transmission contains information from the Native American Rights Fund which may be confidential, privileged and/or attorney work product. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by email and delete the original message

**From:** McLachlan, Brian (ENRD) [mailto:Brian.McLachlan@usdoj.gov]
**Sent:** Wednesday, May 21, 2008 10:33 AM
**To:** Natalie Landreth; Li, Beverly (ENRD)
**Cc:** gdudukgian@alsc-law.org; de Bodo, Richard
**Subject:** RE: Ganley depo

EXHIBIT i
Page 10 of 41

ATTACHMENT 2

6/6/2008

Natalie,

1. At your request, we will postpone Mr. Ganley's deposition and will agree to reschedule it for June 6 on the condition that the rest of the deposition schedule can be satisfactorily worked out. The main issue I see is scheduling the 30(b)(6) depositions of Plaintiffs.

2. You have proposed June 5 for the 30(b)(6) deposition of all 5 Plaintiffs. First, we disagree with your assertion that we are limited to one day to depose all 5 Plaintiffs simply because you have chosen to designate the same person to speak on behalf of all of them. We have made a reasonable proposal to reserve 3 days (rather than 5) for the combined 30(b)(6) depositions of all 5 Plaintiffs, and we will try to complete the depositions in less time. If you will not agree to this proposal then we will need to present the issue to Judge Holland.

Second, as you will recall, we previously noticed the 30(b)(6) deposition of the Village of Eyak for June 6 and the deposition of John Johnson for June 5. Because Mr. Johnson's deposition is scheduled for June 5, we do not wish to move the 30(b)(6) of the Village of Eyak to that date, but we are agreeable to move it to the following week to accommodate taking Mr. Ganley's deposition on June 6. Alternately, if Mr. Johnson wanted to move his deposition to the next week, we could commence the 30(b)(6) on June 5, but we would still need to reserve 2 additional days the following week to complete the deposition.

3. With respect to Mr. Leer's deposition, since you have not responded to our earlier inquiry, we are going to schedule it for June 4 in Seattle to accommodate Mr. Leer's request.

4. Dr. Portnow's deposition is set for June 13.

5. I have provided the schedule below for your consideration. Please note that we must finalize this schedule as soon as possible so that travel and other arrangements can be made. In addition, please let me know as soon as possible (and no later than 9 a.m. tomorrow) whether you will agree to schedule 3 days for the 30(b)(6) depositions so that we can present the issue to Judge Holland if no agreement is reached.

> 5/23 M. Yarborough
>
> 5/27 C. Wooley
>
> 5/28 L. Yarborough
>
> 5/29 R. Angliss (am); M. Wilkins (pm)
>
> 5/30 D. Hanselman (am); G. Noll (pm)
>
> 6/2 E. Knudsen
>
> 6/3 S. Langdon
>
> 6/4 J. Leer (Seattle)
>
> 6/5 J. Johnson

EXHIBIT _1_
Page _11_ of _41_

6/6 M. Ganley

6/9-11 30(b)(6) of Plaintiffs (B. Henrichs)

6/13 P. Partnow

Brian

---

**From:** Natalie Landreth [mailto:landreth@narf.org]
**Sent:** Tuesday, May 20, 2008 12:04 PM
**To:** McLachlan, Brian (ENRD); Li, Beverly (ENRD)
**Cc:** gdudukgian@alsc-law.org; 'de Bodo, Richard'
**Subject:** RE: Ganley depo

Brian,

Ganley has a work conflict and is unavailable on 5/22. His schedule is fairly tight and we are suggesting as an alternative date Friday, June 6th (as a date certain), but if you consider it important for Beverly to be there, please offer an alternative date when she will be here and we'll see what we can do. We're working with Dr. Partnow on a date and should be able to get back to you this afternoon. She is based here in Anchorage. As for the 30(b)(6), we disagree that the deponent may be kept for three days. The rules limit all depositions of a person to one day of seven hours. It just happens that in this case, one person is able to speak for all five villages. The 30(b)(6) deponent will be Bob Henrichs and he is available on Thursday, June 5th, which is I think one of the days already set aside for 30(b)(6).

Natalie

*Natalie Landreth*
*Staff Attorney*
*Native American Rights Fund*
*420 L Street, Suite 505*
*Anchorage, Alaska 99501*
*ph: 907-276-0680*
*fax: 907-276-2466*

This electronic message transmission contains information from the Native American Rights Fund which may be confidential, privileged and/or attorney work product. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by email and delete the original message

---

**From:** Brian McLachlan [mailto:bamclachlan@hotmail.com]
**Sent:** Monday, May 19, 2008 11:17 PM
**To:** landreth@narf.org; gdudukgian@alsc-law.org; brian.mclachlan@usdoj.gov
**Subject:** FW: Ganley depo

Natalie,

I don't mean to be unreasonable about this, but we arranged our travel schedules and preparations based on the deposition schedule we had in place. Given that Mr. Ganley is a key witness for Plaintiffs, both Beverly and I

EXHIBIT 1
Page 12 of 41

intended to attend his deposition. Beverly, however, did not plan to be in Anchorage on June 6; nor would she have made arrangements to be there this week if the only deposition scheduled was that of Mr. Yarborough.  And although I realize sometimes deposition schedules need to be changed for good cause, you have not offered any explanation as to why Mr. Ganley is suddenly unavailable on the date that you offered for his deposition over a month ago.

If something truly unexpected came up in Mr. Ganley's personal or professional life that makes his attendance on 5/22 a hardship, we will do our best to accommodate your request to reschedule his deposition.  Before we agree to reschedule it, however, we'd like an explanation of why 5/22 poses a hardship, and we need assurance of a date certain that Mr. Ganley will be available.  The date also needs to work within the overall deposition schedule, which includes scheduling 3 days for Plaintiffs' 30(b)(6) deposition, a day for Dr. Partnow, and an agreement on where and when to take Mr. Leer's deposition.

As I am scheduled to depart for Anchorage tomorrow in the early afternoon, I will need your response as soon as possible. Thanks,

Brian


> Subject: Fw: Ganley depo
> Date: Tue, 20 May 2008 02:55:12 -0400
> From: Brian.McLachlan@usdoj.gov
> To: bamclachlan@hotmail.com
>
>
> Sent Using U.S. DOJ/ENRD BES Server
>
> ----- Original Message -----
> From: Natalie Landreth <landreth@narf.org>
> To: McLachlan, Brian (ENRD)
> Cc: 'de Bodo, Richard' <rdebodo@hhlaw.com>; gdudukgian@alsc-law.org <gdudukgian@alsc-law.org>; Li, Beverly (ENRD)
> Sent: Mon May 19 22:32:07 2008
> Subject: RE: Ganley depo
>
> Brian,
>
> Matt is not available on 5/22 but he is available within the preexisting timeframe for which you will already be here for other depositions. It is difficult to see how this affects travel since the depos would simply start the following day. Furthermore, the previous changes worked to both our benefit in that they resulted in fewer depositions and less cost, and you got to go home early. Deposition schedules often have to be adjusted for work and other commitments in order to prevent hardship and we do not see why this adjustment should present any significant problem.
>
>
>
> Natalie
>
>
> Natalie Landreth
>
> Staff Attorney
>
> Native American Rights Fund
>

EXHIBIT  1
Page 13 of 41

> 420 L Street, Suite 505
>
> Anchorage, Alaska 99501
>
> ph: 907-276-0680
>
> fax: 907-276-2466
>
>
> This electronic message transmission contains information from the Native American Rights Fund which may be confidential, privileged and/or attorney work product. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by email and delete the original message
>
>
>
> _____
>
> From: McLachlan, Brian (ENRD) [mailto:Brian.McLachlan@usdoj.gov]
> Sent: Monday, May 19, 2008 4:48 PM
> To: Natalie Landreth
> Cc: de Bodo, Richard; gdudukgian@alsc-law.org; Li, Beverly (ENRD); Demian A. Schane
> Subject: RE: Ganley depo
>
>
>
> Natalie,
>
> 1. Regarding your request to re-schedule Mr. Ganley's deposition: we've been very accommodating to your requests to re-schedule depositions thus far, but as I'm sure you can appreciate, we have a limited ability to reschedule the remaining depositions due to attorney schedules and pre-existing travel arrangements. We confirmed your offer to make Mr. Ganley available on 5/22 back on April 14 and have made plans accordingly. Is there some reason why Mr. Ganley is now not available on 5/22? Absent some good reason, we intend to take his deposition on 5/22. Please confirm that Mr. Ganley will be available on 5/22 as soon as possible as I am scheduled to leave for Anchorage tomorrow.
>
> 2. If you are going to designate one person to act as the 30(b)(6) witness for each of the Plaintiffs, that person's deposition may take more than one day and we accordingly reserve our right to take the time allotted for the 30(b)(6) depositions we've noticed of each Plaintiff. That being said, we suggest the Parties schedule 3 days for the 30(b)(6) depositions assuming the same person will testify on behalf of each Plaintiff. We will likely be able to finish sooner, but we feel the need to schedule 3 days to be on the safe side. Please let us know as soon as possible which 3 days out of the 5 now scheduled for Plaintiff 30(b)(6) depositions you would prefer and we will adjust our schedule accordingly. In addition, as we have a number of other depositions scheduled for the week of 6/2-6 (and are planning to add another deposition to the schedule for Dr. Partnow, see below), we do not see how we can complete all depositions by Friday June 6, although we'd be happy to take a look at any proposed revised schedule you might offer.
>
> 3. Jeff Leer has indicated that he will not be available in Fairbanks on 6/4 because he is traveling to Seattle for medical tests. Mr. Leer has suggested that we take his deposition in Seattle on 6/4, or on 6/16 or 6/17 after he returns to Fairbanks. We would like to accommodate Mr. Leer's schedule and are fine with either taking his deposition in Seattle or waiting for his return to Fairbanks. If we take Mr. Leer's deposition on 6/16 or 6/17, the parties will need to agree to amend the scheduling order to extend the close of discovery until that date and submit a revised order for the Court's approval. Please let us know by Wednesday which approach you prefer.
>

EXHIBIT  1
Page  14  of  41

> 4. Regarding Dr. Partnow's rebuttal report: we assume that by submitting an expert report by Dr. Partnow that you intend to add her to your witness list. We object, however, because you did not timely include her on your preliminary witness list. Nonetheless, we intend to take Dr. Partnow's deposition and will provide you with a notice of deposition shortly.
>
> 5. Finally, we are conferring with NOAA regarding your latest subpoena and plan to discuss it with you later this week.
>
> Brian
>
>
>
> -----Original Message-----
> From: Natalie Landreth [mailto:landreth@narf.org]
> Sent: Monday, May 19, 2008 3:42 PM
> To: McLachlan, Brian (ENRD); Li, Beverly (ENRD)
> Cc: 'de Bodo, Richard'; gdudukgian@alsc-law.org
> Subject: Ganley depo
>
> Matt Ganley will have to re-schedule his depo and we've taken a look at the calendar and think we can do it on June 6th. We will, as we mentioned, have only one 30(b)(6) for all the villages, and we think we will be able to fit that in that week as well. Therefore, we may be able to finish all depos by Friday the 6th.
>
>
>
> Natalie Landreth
>
> Staff Attorney
>
> Native American Rights Fund
>
> 420 L Street, Suite 505
>
> Anchorage, Alaska 99501
>
> ph: 907-276-0680
>
> fax: 907-276-2466
>
>
>
> This electronic message transmission contains information from the Native American Rights Fund which may be confidential, privileged and/or attorney work product. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by email and delete the original message
>
>
>

Change the world with e-mail. Join the i'm Initiative from Microsoft.

EXHIBIT _1_
Page _15_ of _41_

6/6/2008

# UNITED STATES DISTRICT COURT
## ORIGINAL

_____ District of Alaska _____

Native Village of Eyak, et al.,

        Plaintiffs,

            v.

Carlos Gutierrez, Secretary of Commerce,

        Defendant.

**SUBPOENA IN A CIVIL ACTION**

Case Number: A98-365-CV (HRH)

TO:    Jeff Leer
        Alaska Native Language Center
        University of Alaska Fairbanks
        306E Brooks Building
        Fairbanks, AK 99775
        Tel: 907-474-6587

__ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

**X** YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Offices of Liz D'Amour & Associates, Inc.<br>330 Wendell D'Amour St., Suite A<br>Fairbanks, Alaska 99701 | Wednesday, June 4, 2008<br>9 a.m. AKDT |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A hereto.

| PLACE | DATE AND TIME |
|---|---|
| United States Attorney's Office<br>Attn: Mari Johnson<br>101 12th Ave., Room 310<br>Fairbanks, Alaska 99701 | Tuesday, May 27, 2008<br>12:00 p.m. AKDT |

__ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

ATTACHMENT 3

EXHIBIT *1*
Page *16* of *41*

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) | DATE |
|---|---|
| *[signature]* Attorney for Defendant | May 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Brian McLachlan, Attorney
U.S. Department of Justice
c/o United States Attorney's Office
700 Stewart St., Room 5220
Seattle, WA 98101          (206) 553-4148

---

### PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | 05/13/2008 | @ 2131 Charlija Loop, Fairbanks, AK |

| SERVED ON (Print Name) | MANNER OF SERVICE |
|---|---|
| Jeff Leer | Person |

| SERVED BY (Print Name) | TITLE |
|---|---|
| Ryan C. Filson | DUSM |

---

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 05/13/2008
Date

Signature of Server
DUSM

Address of Server
101 12th Ave., Room 336,    Fairbanks, AK 99701

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after

service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of

EXHIBIT C
Page 17 of 42

## McLachlan, Brian (ENRD)

| | |
|---|---|
| **From:** | Jeff Leer [jleer@earthlink.net] |
| **Sent:** | Thursday, May 22, 2008 12:18 AM |
| **To:** | McLachlan, Brian (ENRD) |
| **Cc:** | Lawrence D. Kaplan; Andrew Edelen |
| **Subject:** | RE: Deposition and document request |

Thank you Brian,

In Attachment A, I find 2 questionable items:
4. Athabaskan, Eyak and Tlingit Sonorants. (Not relevant.)
5. Evidence for a Northern Northwest Coast Language Area. (Interesting, but not relevant.)

What I propose to produce is everything having to do with Chugach place names, stipulating that this material cannot be published or quoted in publication without permission from myself and ANLC.

A. Place name maps. Who will reproduce them? If we hand over the original maps, what guarantee do I have that ANLC will get them back? When will we get them back? I feel that it would be best to copy them in any case, since they will be in danger of getting lost.

B. Place name lists and notes. These we can send copies of.

C. Tapes of interviews with Sergius Moonin and Teddy Chemawisky at ANLC, discussing place names. Here again the question of reproducing the tapes (or transferring to CD or DVD) comes up. If we hand over the original tapes, how can we be sure we'll get them back?

These are the only relevant materials I know of, since I did not collect information relating to land use, only the place names and their meanings. (I figured that someone else could document land use and land ownership if they wish.)

Best wishes, Jeff Leer

> [Original Message]
> From: McLachlan, Brian (ENRD) <Brian.McLachlan@usdoj.gov>
> To: <jleer@earthlink.net>
> Cc: Li, Beverly (ENRD) <Beverly.Li@usdoj.gov>
> Date: 5/21/2008 10:53:18 AM
> Subject: Deposition and document request
>
> Mr. Leer,
>
> Thank you for the voice mail. Below is my contact information. We are
> happy to work with you to reduce the burden of responding to the the
> subpoena. Please let me know if you have any suggestion as to how we
> might revise the request for documents to accomplish that end. Thanks,
>
> Brian
>
> Brian McLachlan
> United States Department of Justice
> Env. & Natural Res. Division
> c/o United States Attorney's Office

EXHIBIT 1
Page 18 of 41

```
> 700 Stewart Street, Room 5220
> Seattle, Washington 98101-1271
> Tel: (206) 553-4148
> Fax: (206) 553-4067
> brian.mclachlan@usdoj.gov
>
>
>  <h! ttp://email.secureserver.net/pcompose.php>
>
>
>
>
```

EXHIBIT  1
Page 19 of 41

## McLachlan, Brian (ENRD)

| | |
|---|---|
| **From:** | Jeff Leer [jleer@earthlink.net] |
| **Sent:** | Thursday, May 22, 2008 12:23 AM |
| **To:** | McLachlan, Brian (ENRD) |
| **Subject:** | RE: Deposition and document request |

P.S. I'd appreciate it if you could reply soon, since I'm leaving to Kodiak
for a week and only have this Thurs. and Fri. to gather up the documents. I
get back from Kodiak on Thurs. May 29, and then leave for Seattle on June 1.

My sister told me that there would be no problem doing the deposition on
June 4. Otherwise we could wait till after I get back to Fairbanks on
June15. Best, Jeff

> [Original Message]
> From: McLachlan, Brian (ENRD) <Brian.McLachlan@usdoj.gov>
> To: <jleer@earthlink.net>
> Cc: Li, Beverly (ENRD) <Beverly.Li@usdoj.gov>
> Date: 5/21/2008 10:53:18 AM
> Subject: Deposition and document request
>
> Mr. Leer,
>
> Thank you for the voice mail.  Below is my contact information.  We are
> happy to work with you to reduce the burden of responding to the the
> subpoena.  Please let me know if you have any suggestion as to how we
> might revise the request for documents to accomplish that end.  Thanks,
>
> Brian
>
> Brian McLachlan
> United States Department of Justice
> Env. & Natural Res. Division
> c/o United States Attorney's Office
> 700 Stewart Street, Room 5220
> Seattle, Washington 98101-1271
> Tel: (206) 553-4148
> Fax: (206) 553-4067
> brian.mclachlan@usdoj.gov
>
>
> <h! ttp://email.secureserver.net/pcompose.php>
>
>
>
>

## McLachlan, Brian (ENRD)

| | |
|---|---|
| **From:** | Li, Beverly (ENRD) |
| **Sent:** | Monday, May 26, 2008 9:30 PM |
| **To:** | Natalie Landreth; McLachlan, Brian (ENRD) |
| **Cc:** | gdudukgian@alsc-law.org; 'de Bodo, Richard' |
| **Subject:** | RE: depo schedule |
| **Attachments:** | Eyak_-_Objection_to_NOAA_subpoena[1].pdf |

Natalie,

1. Deposition of Mr. Leer. We have decided to go forward with the deposition of Mr. Leer on June 4 in Seattle. Plaintiffs identified Mr. Leer as a potential expert witness and Mr. Ganley cited his work in his report. Accordingly, at this point Defendants may wish to call him at trial. I understand from Goriune that Plaintiffs may want to participate in the deposition by telephone, which is fine with us. Please let us know if this is the case and we will make arrangements to have a speaker phone available. The deposition will be at the U.S. Attorney's office in Seattle, which is located in the Federal Courthouse at 7th and Stewart.

2. Deposition of Johnson. We are prepared to take Mr. Johnson's deposition on either June 4 (simultaneously with Mr. Leer's deposition) or on June 5. Please let us know as soon as possible which date you prefer.

3. 30(b)(6)/Henrichs. If you chose to make Mr. Johnson available on June 4, we are prepared to start the 30(b)(6) depositions and the deposition of Mr. Henrichs on June 5. Since we do not agree that we are limited to one day for the deposition of Mr. Henrichs and each of the five Plaintiffs, we agree with you that we should bring this issue before Judge Holland. I suggest we jointly call chambers tomorrow during a break in Mr. Wooley's deposition.

4. Wilkins/Hanselman. So that Mr. Wilkins doesn't need to change his preexisting travel plans, we will make him available for the whole day on Thursday (5/29) along with Ms. Angliss, and you may take their depositions simultaneously. This should obviate the need to take Mr. Hanselman's and Mr. Noll's depositions simultaneously on Friday (5/30), and we can keep to the previous schedule on that day.

5. Chris Wooley. Mr. Wooley has billed 216 hours for a total of $ 26,105.66.

6. NOAA Subpoena. Please find attached Defendant's objections to the subpoena issued to NOAA.

Beverly

---

**From:** Natalie Landreth [mailto:landreth@narf.org]
**Sent:** Friday, May 23, 2008 3:55 PM

ATTACHMENT 6

6/6/2008

EXHIBIT 1
Page 21 of 41

**To:** McLachlan, Brian (ENRD); Li, Beverly (ENRD)
**Cc:** gdudukgian@alsc-law.org; 'de Bodo, Richard'
**Subject:** RE: Ganley depo

Brian,

Mr. Leer will not appear on our final witness list (and accordingly he should no longer be considered part of our preliminary witness list) and therefore we see no need to depose him. There is now no one scheduled on the 4th, but Mr. Johnson can fit that into his schedule, so we should move him to make room for the 30(b)(6) on Thursday the 5th.

We still do not agree to a 3-day deposition for the 30(b)(6) witness. If one person can speak to those matters, the deposition is limited under the rules to one day of seven hours. Noticing a deposition for each different village doesn't automatically result in 5 days of deposition. I think it is best if we bring this matter before Holland.

In light of the 30(b)(6) witnesses you have designated, we note that we may need more time with Wilkins and Hanselmann than originally planned. It is handy that they had already planned to be here, but please notify Mr. Wilkins that his deposition may continue into the next morning (since he is currently scheduled just for the afternoon), and Mr. Hanselmann may be kept for the remainder of the day on Friday. This means Noll may have to be deposed simultaneously, in order to not affect travel, but we do not anticipate speaking with him for more than 1-2 hours. Let me know if this presents a problem, such as only one of you planned to be here at that time. If so, we can make other arrangements for Mr. Noll.


Thank you, Natalie

*Natalie Landreth*
*Staff Attorney*
*Native American Rights Fund*
*420 L Street, Suite 505*
*Anchorage, Alaska 99501*
*ph: 907-276-0680*
*fax: 907-276-2466*

This electronic message transmission contains information from the Native American Rights Fund which may be confidential, privileged and/or attorney work product. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by email and delete the original message

**From:** McLachlan, Brian (ENRD) [mailto:Brian.McLachlan@usdoj.gov]
**Sent:** Wednesday, May 21, 2008 10:33 AM
**To:** Natalie Landreth; Li, Beverly (ENRD)
**Cc:** gdudukgian@alsc-law.org; de Bodo, Richard
**Subject:** RE: Ganley depo


Natalie,

1. At your request, we will postpone Mr. Ganley's deposition and will agree to reschedule it for June 6 on the condition that the rest of the deposition schedule can be satisfactorily worked out. The main issue

EXHIBIT 1
Page 22 of 41

I see is scheduling the 30(b)(6) depositions of Plaintiffs.

2. You have proposed June 5 for the 30(b)(6) deposition of all 5 Plaintiffs. First, we disagree with your assertion that we are limited to one day to depose all 5 Plaintiffs simply because you have chosen to designate the same person to speak on behalf of all of them. We have made a reasonable proposal to reserve 3 days (rather than 5) for the combined 30(b)(6) depositions of all 5 Plaintiffs, and we will try to complete the depositions in less time. If you will not agree to this proposal then we will need to present the issue to Judge Holland.

Second, as you will recall, we previously noticed the 30(b)(6) deposition of the Village of Eyak for June 6 and the deposition of John Johnson for June 5. Because Mr. Johnson's deposition is scheduled for June 5, we do not wish to move the 30(b)(6) of the Village of Eyak to that date, but we are agreeable to move it to the following week to accommodate taking Mr. Ganley's deposition on June 6. Alternately, if Mr. Johnson wanted to move his deposition to the next week, we could commence the 30(b)(6) on June 5, but we would still need to reserve 2 additional days the following week to complete the deposition.

3. With respect to Mr. Leer's deposition, since you have not responded to our earlier inquiry, we are going to schedule it for June 4 in Seattle to accommodate Mr. Leer's request.

4. Dr. Portnow's deposition is set for June 13.

5. I have provided the schedule below for your consideration. Please note that we must finalize this schedule as soon as possible so that travel and other arrangements can be made. In addition, please let me know as soon as possible (and no later than 9 a.m. tomorrow) whether you will agree to schedule 3 days for the 30(b)(6) depositions so that we can present the issue to Judge Holland if no agreement is reached.

> 5/23 M. Yarborough
>
> 5/27 C. Wooley
>
> 5/28 L. Yarborough
>
> 5/29 R. Angliss (am); M. Wilkins (pm)
>
> 5/30 D. Hanselman (am); G. Noll (pm)
>
> 6/2 E. Knudsen
>
> 6/3 S. Langdon
>
> 6/4 J. Leer (Seattle)
>
> 6/5 J. Johnson
>
> 6/6 M. Ganley
>
> 6/9-11 30(b)(6) of Plaintiffs (B. Henrichs)
>
> 6/13 P. Partnow

EXHIBIT i
Page 23 of 41

6/6/2008

Brian

---

**From:** Natalie Landreth [mailto:landreth@narf.org]
**Sent:** Tuesday, May 20, 2008 12:04 PM
**To:** McLachlan, Brian (ENRD); Li, Beverly (ENRD)
**Cc:** gdudukgian@alsc-law.org; 'de Bodo, Richard'
**Subject:** RE: Ganley depo

Brian,

Ganley has a work conflict and is unavailable on 5/22. His schedule is fairly tight and we are suggesting as an alternative date Friday, June 6th (as a date certain), but if you consider it important for Beverly to be there, please offer an alternative date when she will be here and we'll see what we can do.  We're working with Dr. Partnow on a date and should be able to get back to you this afternoon.  She is based here in Anchorage.  As for the 30(b)(6), we disagree that the deponent may be kept for three days.  The rules limit all depositions of a person to one day of seven hours.  It just happens that in this case, one person is able to speak for all five villages.  The 30(b)(6) deponent will be Bob Henrichs and he is available on Thursday, June 5th, which is I think one of the days already set aside for 30(b)(6).

Natalie

*Natalie Landreth*
*Staff Attorney*
*Native American Rights Fund*
*420 L Street, Suite 505*
*Anchorage, Alaska 99501*
*ph: 907-276-0680*
*fax: 907-276-2466*

This electronic message transmission contains information from the Native American Rights Fund which may be confidential, privileged and/or attorney work product. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  If you have  received this electronic transmission in error, please notify us immediately by email and delete the original message

---

**From:** Brian McLachlan [mailto:bamclachlan@hotmail.com]
**Sent:** Monday, May 19, 2008 11:17 PM
**To:** landreth@narf.org; gdudukgian@alsc-law.org; brian.mclachlan@usdoj.gov
**Subject:** FW: Ganley depo

Natalie,

I don't mean to be unreasonable about this, but we arranged our travel schedules and preparations based on the deposition schedule we had in place. Given that Mr. Ganley is a key witness for Plaintiffs, both Beverly and I intended to attend his deposition. Beverly, however, did not plan to be in Anchorage on June 6; nor would she have made arrangements to be there this week if the only deposition scheduled was that of Mr. Yarborough.  And although I realize sometimes deposition schedules need to be changed for good cause, you have not offered any explanation as to why Mr. Ganley is suddenly unavailable on the date that you offered for his deposition over a month ago.

If something truly unexpected came up in Mr. Ganley's personal or professional life that makes his attendance on

EXHIBIT  1
Page  24  of  41

5/22 a hardship, we will do our best to accommodate your request to reschedule his deposition.  Before we agree to reschedule it, however, we'd like an explanation of why 5/22 poses a hardship, and we need assurance of a date certain that Mr. Ganley will be available.  The date also needs to work within the overall deposition schedule, which includes scheduling 3 days for Plaintiffs' 30(b)(6) deposition, a day for Dr. Partnow, and an agreement on where and when to take Mr. Leer's deposition.

As I am scheduled to depart for Anchorage tomorrow in the early afternoon, I will need your response as soon as possible. Thanks,

Brian


> Subject: Fw: Ganley depo
> Date: Tue, 20 May 2008 02:55:12 -0400
> From: Brian.McLachlan@usdoj.gov
> To: bamclachlan@hotmail.com
>
>
> Sent Using U.S. DOJ/ENRD BES Server
>
> ----- Original Message -----
> From: Natalie Landreth <landreth@narf.org>
> To: McLachlan, Brian (ENRD)
> Cc: 'de Bodo, Richard' <rdebodo@hhlaw.com>; gdudukgian@alsc-law.org <gdudukgian@alsc-law.org>; Li, Beverly (ENRD)
> Sent: Mon May 19 22:32:07 2008
> Subject: RE: Ganley depo
>
> Brian,
>
> Matt is not available on 5/22 but he is available within the preexisting timeframe for which you will already be here for other depositions. It is difficult to see how this affects travel since the depos would simply start the following day. Furthermore, the previous changes worked to both our benefit in that they resulted in fewer depositions and less cost, and you got to go home early. Deposition schedules often have to be adjusted for work and other commitments in order to prevent hardship and we do not see why this adjustment should present any significant problem.
>
>
>
> Natalie
>
>
>
> Natalie Landreth
>
> Staff Attorney
>
> Native American Rights Fund
>
> 420 L Street, Suite 505
>
> Anchorage, Alaska 99501
>
> ph: 907-276-0680
>
> fax: 907-276-2466

EXHIBIT  1
Page 25 of 41

> 
> 
> 
> This electronic message transmission contains information from the Native American Rights Fund which may be confidential, privileged and/or attorney work product. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by email and delete the original message
> 
> 
> 
> _____
> 
> From: McLachlan, Brian (ENRD) [mailto:Brian.McLachlan@usdoj.gov]
> Sent: Monday, May 19, 2008 4:48 PM
> To: Natalie Landreth
> Cc: de Bodo, Richard; gdudukgian@alsc-law.org; Li, Beverly (ENRD); Demian A. Schane
> Subject: RE: Ganley depo
> 
> 
> 
> Natalie,
> 
> 1. Regarding your request to re-schedule Mr. Ganley's deposition: we've been very accommodating to your requests to re-schedule depositions thus far, but as I'm sure you can appreciate, we have a limited ability to reschedule the remaining depositions due to attorney schedules and pre-existing travel arrangements. We confirmed your offer to make Mr. Ganley available on 5/22 back on April 14 and have made plans accordingly. Is there some reason why Mr. Ganley is now not available on 5/22? Absent some good reason, we intend to take his deposition on 5/22. Please confirm that Mr. Ganley will be available on 5/22 as soon as possible as I am scheduled to leave for Anchorage tomorrow.
> 
> 2. If you are going to designate one person to act as the 30(b)(6) witness for each of the Plaintiffs, that person's deposition may take more than one day and we accordingly reserve our right to take the time allotted for the 30(b)(6) depositions we've noticed of each Plaintiff. That being said, we suggest the Parties schedule 3 days for the 30(b)(6) depositions assuming the same person will testify on behalf of each Plaintiff. We will likely be able to finish sooner, but we feel the need to schedule 3 days to be on the safe side. Please let us know as soon as possible which 3 days out of the 5 now scheduled for Plaintiff 30(b)(6) depositions you would prefer and we will adjust our schedule accordingly. In addition, as we have a number of other depositions scheduled for the week of 6/2-6 (and are planning to add another deposition to the schedule for Dr. Partnow, see below), we do not see how we can complete all depositions by Friday June 6, although we'd be happy to take a look at any proposed revised schedule you might offer.
> 
> 3. Jeff Leer has indicated that he will not be available in Fairbanks on 6/4 because he is traveling to Seattle for medical tests. Mr. Leer has suggested that we take his deposition in Seattle on 6/4, or on 6/16 or 6/17 after he returns to Fairbanks. We would like to accommodate Mr. Leer's schedule and are fine with either taking his deposition in Seattle or waiting for his return to Fairbanks. If we take Mr. Leer's deposition on 6/16 or 6/17, the parties will need to agree to amend the scheduling order to extend the close of discovery until that date and submit a revised order for the Court's approval. Please let us know by Wednesday which approach you prefer.
> 
> 4. Regarding Dr. Partnow's rebuttal report: we assume that by submitting an expert report by Dr. Partnow that you intend to add her to your witness list. We object, however, because you did not timely include her on your preliminary witness list. Nonetheless, we intend to take Dr. Partnow's deposition and will provide you with a notice of deposition shortly.
> 
> 5. Finally, we are conferring with NOAA regarding your latest subpoena and plan to discuss it with you later this week.

EXHIBIT 1
Page 26 of 41

>
> Brian
>
>
>
> -----Original Message-----
> From: Natalie Landreth [mailto:landreth@narf.org]
> Sent: Monday, May 19, 2008 3:42 PM
> To: McLachlan, Brian (ENRD); Li, Beverly (ENRD)
> Cc: 'de Bodo, Richard'; gdudukgian@alsc-law.org
> Subject: Ganley depo
>
> Matt Ganley will have to re-schedule his depo and we've taken a look at the calendar and think we can do it on June 6th. We will, as we mentioned, have only one 30(b)(6) for all the villages, and we think we will be able to fit that in that week as well. Therefore, we may be able to finish all depos by Friday the 6th.
>
>
>
> Natalie Landreth
>
> Staff Attorney
>
> Native American Rights Fund
>
> 420 L Street, Suite 505
>
> Anchorage, Alaska 99501
>
> ph: 907-276-0680
>
> fax: 907-276-2466
>
>
>
> This electronic message transmission contains information from the Native American Rights Fund which may be confidential, privileged and/or attorney work product. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by email and delete the original message
>
>
>

---

Change the world with e-mail. Join the i'm Initiative from Microsoft.

EXHIBIT 1
Page 27 of 41

## McLachlan, Brian (ENRD)

**From:**         Jeff Leer [jleer@earthlink.net]
**Sent:**         Friday, May 30, 2008 10:40 PM
**To:**           McLachlan, Brian (ENRD)
**Subject:**      RE: Deposition and document request


Brina, Thanks for the clarification. I will appear at the deposition as
requested, except of course in the case of a medical emergency. My stomach
has been giving me severe problems, which is why I'm going to Seattle for
testing.

As I said, I brought the subpoenaed materials in. I would like to emphasize
that the numbered maps in particular need to be taken special care of.
There are no other copies of them, and if they get lost, all that
information will be lost with them. I believe you had indicated to me
earlier that you would somehow duplicate them. If you scan them digitally,
it would be most helpful if you could provide ANLC with a copy of the scan,
which will in effect be a duplicate copy of the maps.

Best, Jeff


> [Original Message]
> From: McLachlan, Brian (ENRD) <Brian.McLachlan@usdoj.gov>
> To: <jleer@earthlink.net>
> Date: 5/30/2008 7:47:02 PM
> Subject: RE: Deposition and document request
>
> Jeff,
>
> Thanks for responding and for taking the materials to Ms. Johnson at the
> U.S. Atty's office.  Regarding your deposition, sorry for any confusion,
> but I have informed Ms. Landreth that we intend to take your deposition
> on June 4 in Seattle.  Because we issued the subpoena which requires you
> to attend the deposition, Ms. Landreth cannot "cancel" it absent a Court
> order.  Therefore, please plan on attending the deposition on June 4 in
> Seattle unless you hear otherwise from me directly.
>
> Again, thank you for your cooperation and I appologize for any
> confusion.
>
> Brian
>
> -----Original Message-----
> From: Jeff Leer [mailto:jleer@earthlink.net]
> Sent: Friday, May 30, 2008 7:33 PM
> To: McLachlan, Brian (ENRD)
> Subject: RE: Deposition and document request
>
> Hello Brian,
>
> I just got back from a trip to Kodiak yesterday and am going down to
> Seattle on Sunday June 1.
>
> I did bring the subpoenaed materials to Mari Johnson at the U.S. Atty's
> office today. She had gone home early because of a power outage but the
> materials are there for her.
>
> I do agree to appear at the deposition on June 4. However, Natalie
> Landreth
> has indicated to me that they may cancel the deposition, which would be
> fine by me. I am still trying to contact her to confirm this.
>

> Best, Jeff Leer
>
>
> > [Original Message]
> > From: McLachlan, Brian (ENRD) <Brian.McLachlan@usdoj.gov>
> > To: <jleer@earthlink.net>
> > Cc: Li, Beverly (ENRD) <Beverly.Li@usdoj.gov>; Kim, Joseph (ENRD)
> <Joseph.Kim@usdoj.gov>; Demian A. Schane <Demian.Schane@noaa.gov>
> > Date: 5/30/2008 11:56:44 AM
> > Subject: RE: Deposition and document request
> >
> > Jeff,
> >
> > I checked today with the U.S. Attorney's office in Fairbanks and they
> > had not yet received any documents from you.  Can you tell me when you
> > plan to provide the documents that we've requested in our subpoena to
> > you?
> >
> > Also, as you requested, we have rescheduled your deposition to be held
> > in Seattle, instead of Fairbanks, on June 4 at 9:30 a.m. at the United
> > States Attorney's Office, 700 Stewart St. Ste. 5220, Seattle, WA.
> >
> > Please confirm by return email that you agree to appear at the
> location
> > and time specified above.  If you have any questions regarding the
> > scheduling or location of your deposition, please give me a call at
> the
> > number listed below or on my cell phone at 703.300.5940.  Thank you
> for
> > your cooperation in this matter.
> >
> > Brian
> >
> > Brian McLachlan
> > United States Department of Justice
> > Env. & Natural Res. Division
> > c/o United States Attorney's Office
> > 700 Stewart Street, Room 5220
> > Seattle, Washington 98101-1271
> > Tel: (206) 553-4148
> > Fax: (206) 553-4067
> > brian.mclachlan@usdoj.gov
> >
> >
> > -----Original Message-----
> > From: McLachlan, Brian (ENRD)
> > Sent: Tuesday, May 27, 2008 8:29 AM
> > To: 'jleer@earthlink.net'
> > Subject: Re: Deposition and document request
> >
> > Jeff,
> >
> > Please deliver the documents as directed on your subpoena to the
> United
> > States Attorney's, attention Mari Johnson, 101 12th ave., room 310,
> > Fairbanks, AK 99701.
> >
> > As for the documents you cannot locate, please just produce what you
> > have been able to find.
> >
> > Thanks again for your cooperation.
> >
> > Brian
> >
> > Sent Using U.S. DOJ/ENRD BES Server
> >
> > ----- Original Message -----

EXHIBIT 1
Page 29 of 41

```
> > From: Jeff Leer <jleer@earthlink.net>
> > To: McLachlan, Brian (ENRD)
> > Cc: Lawrence D. Kaplan <ffldk@uaf.edu>; Andrew Edelen
> > <ling.geek@yahoo.com>
> > Sent: Fri May 23 04:15:53 2008
> > Subject: RE: Deposition and document request
> >
> > Dear Brian,
> >
> > Once we have gathered the materials, to where do we send/deliver them?
> >
> > We have found the lists and notes you requested. However, there is a
> > serious problem regarding the maps. I cannot find the PWS maps with
> > numbers
> > on them. In fact, none of the Alutiiq maps were in the map cabinet
> where
> > they are supposed to be. Fortunately, someone had xeroxed the map for
> > the
> > Kenai Peninsula. However, I don't know what to do about the Prince
> William
> > Sound maps. My only hope at this point is that Matt Ganley made
> > duplicates
> > of the maps or at least added latitude and longitude information to
> the
> > PWS
> > place names database, which would have preserved the information. A
> > letter
> > from 1999 indicates that he was going to do this. I have called
> Natalie
> > Landreth to ask for contact info for Matt; hopefully he can provide
> > the
> > database. We need a copy of it for our archives anyway.
> >
> > Best, Jeff
> >
> >
> > > [Original Message]
> > > From: McLachlan, Brian (ENRD) <Brian.McLachlan@usdoj.gov>
> > > To: <jleer@earthlink.net>
> > > Date: 5/22/2008 10:21:27 AM
> > > Subject: RE: Deposition and document request
> > >
> > > Jeff,
> > >
> > > Thank you for your response.
> > >
> > > Regarding requests 4 and 5 in Attachment A, both sources were cited
> by
> > > Mr. Ganley in reports he's submitted on behalf of Plaintiffs, so we
> > > would like have a copy of both to review if it would not be too
> > > burdensome.
> > >
> > > As for the maps, if you could make a copy for us I believe that
> would
> > be
> > > sufficient.  The Federal Government will reimburse you for your
> > copying
> > > expenses.  In the alternative, you can provide the maps to us and we
> > > will make the copies and return the originals to you.
> > >
> > > Regarding the interview tapes, we can agree that you do not need to
> > > produce the tapes themselves at this point, although we would like
> > any
> > > notes or other documents regarding the interviews.
> > >
> > > Finally, I am still waiting for a response from Plaintiffs whether
> > to
```

EXHIBIT 1
Page 30 of 41

> > > schedule your deposition on June 4 in Seattle or after you return to
> > > Alaska.  I anticipate that we will schedule it for June 4 in
> Seattle.
> >
> > >
> > > Thanks for your cooperation,
> > >
> > > Brian
> > >
> > >
> > > -----Original Message-----
> > > From: Jeff Leer [mailto:jleer@earthlink.net]
> > > Sent: Thursday, May 22, 2008 12:18 AM
> > > To: McLachlan, Brian (ENRD)
> > > Cc: Lawrence D. Kaplan; Andrew Edelen
> > > Subject: RE: Deposition and document request
> > >
> > > Thank you Brian,
> > >
> > > In Attachment A, I find 2 questionable items:
> > > 4. Athabaskan, Eyak and Tlingit Sonorants. (Not relevant.)
> > > 5. Evidence for a Northern Northwest Coast Language Area.
> > (Interesting,
> > > but
> > > not relevant.)
> > >
> > > What I propose to produce is everything having to do with Chugach
> > place
> > > names, stipulating that this material cannot be published or quoted
> in
> > > publication without permission from myself and ANLC.
> > >
> > > A. Place name maps. Who will reproduce them? If we hand over the
> > > original
> > > maps, what guarantee do I have that ANLC will get them back? When
> will
> > > we
> > > get them back? I feel that it would be best to copy them in any
> case,
> > > since
> > > they will be in danger of getting lost.
> > >
> > > B. Place name lists and notes. These we can send copies of.
> > >
> > > C. Tapes of interviews with Sergius Moonin and Teddy Chemawisky at
> > ANLC,
> > > discussing place names. Here again the question of reproducing the
> > tapes
> > > (or transferring to CD or DVD) comes up. If we hand over the
> original
> > > tapes, how can we be sure we'll get them back?
> > >
> > > These are the only relevant materials I know of, since I did not
> > collect
> > > information relating to land use, only the place names and their
> > > meanings.
> > > (I figured that someone else could document land use and land
> > ownership
> > > if
> > > they wish.)
> > >
> > > Best wishes, Jeff Leer
> > >
> > >
> > >
> > >
> > >

4

EXHIBIT  1
Page 31 of 41

```
> > >
> > >
> > > [Original Message]
> > > From: McLachlan, Brian (ENRD) <Brian.McLachlan@usdoj.gov>
> > > To: <jleer@earthlink.net>
> > > Cc: Li, Beverly (ENRD) <Beverly.Li@usdoj.gov>
> > > Date: 5/21/2008 10:53:18 AM
> > > Subject: Deposition and document request
> > >
> > > Mr. Leer,
> > >
> > > Thank you for the voice mail.  Below is my contact information.
> We
> > are
> > > happy to work with you to reduce the burden of responding to the
> the
> > > subpoena.  Please let me know if you have any suggestion as to how
> we
> > > might revise the request for documents to accomplish that end.
> Thanks,
> > >
> > > Brian
> > >
> > > Brian McLachlan
> > > United States Department of Justice
> > > Env. & Natural Res. Division
> > > c/o United States Attorney's Office
> > > 700 Stewart Street, Room 5220
> > > Seattle, Washington 98101-1271
> > > Tel: (206) 553-4148
> > > Fax: (206) 553-4067
> > > brian.mclachlan@usdoj.gov
> > >
> > >
> > >   <h! ttp://email.secureserver.net/pcompose.php>
> > >
> > >
> > >
> > >
> >
> >
>
>
```

EXHIBIT 1
Page 31 of 41

## McLachlan, Brian (ENRD)

**From:**     Natalie Landreth [landreth@narf.org]
**Sent:**     Sunday, June 01, 2008 11:25 PM
**To:**       McLachlan, Brian (ENRD); gdudukgian@alsc-law.org; 'de Bodo, Richard'
**Cc:**       Li, Beverly (ENRD); Kim, Joseph (ENRD)
**Subject:**  RE: Jeff Leer deposition


Brian,

Jeff Leer has asked me to represent him in connection with your request that
he appear at a deposition this Wednesday. As you know, he is traveling to
Seattle for medical treatment. Mr. Leer suffers from a chronic illness and
is in significant discomfort. He does not want to testify in deposition or
in trial in our case -- particularly at this time.

We had originally thought about using Mr. Leer as an expert witness in this
case. However because of his illness and the fact that he also told us that
he does not want to testify, we removed him from our witness list more than
a week ago. Mr. Leer was never on the government's witness list or in its
expert designations. Since Mr. Leer is not on either party's witness or
expert list, there is no reason for him to be deposed in the case, and it
seems particularly inappropriate to attempt to proceed with his deposition
at this time. Furthermore, given that I will be attending Johnson's
deposition and Rich is unavailable that morning, there is no counsel
available to attend with Mr. Leer. He has requested me to represent him and
to work with you to cancel his deposition, or to move the Court to cancel
it, if you make that necessary.

In addition, Mr. Leer is very concerned about the whereabouts of his maps
and asks that you have copies made as soon as practicable and return the
originals to him (making sure to send them with tracking).

Given that Mr. Leer has now asked to be represented you are no longer
permitted to contact him. Please let me know how you want to proceed.

Sincerely,

Natalie

Natalie Landreth
Staff Attorney
Native American Rights Fund
420 L Street, Suite 505
Anchorage, Alaska 99501
ph: 907-276-0680
fax: 907-276-2466

This electronic message transmission contains information from the Native
American Rights Fund which may be confidential, privileged and/or attorney
work product. The information is intended to be for the use of the
individual or entity named above. If you are not the intended recipient, be
aware that any disclosure, copying, distribution or use of the contents of
this information is prohibited. If you have received this electronic
transmission in error, please notify us immediately by email and delete the
original message


-----Original Message-----
From: McLachlan, Brian (ENRD) [mailto:Brian.McLachlan@usdoj.gov]
Sent: Friday, May 30, 2008 7:56 PM
To: Natalie Landreth; gdudukgian@alsc-law.org; de Bodo, Richard

ATTACHMENT 8                              1

EXHIBIT 1
Page 32 of 41

Cc: Li, Beverly (ENRD); Kim, Joseph (ENRD); Demian A. Schane
Subject: Jeff Leer deposition

Natalie,

As I indicated in a prior email and in our conversation yesterday, at
the request of Mr. Leer, Defendants will take his deposition on June 4
in Seattle instead of Fairbanks.  The deposition is scheduled for 9:30
a.m. at the United States Attorney's Office, 700 Stewart Street, Ste.
5220, Seattle, Washington.  I will provide you with a call in number on
Monday should you decide to attend remotely.

Have a good weekend,

Brian

EXHIBIT 1
Page 33 of 41

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

NATIVE VILLAGE OF EYAK,          )     Case No. A98-365-CV (HRH)
NATIVE VILLAGE OF TATITLEK,      )
NATIVE VILLAGE OF CHENEGA,       )
(aka CHENEGA BAY), NATIVE        )
VILLAGE OF NANWALEK, NATIVE      )
VILLAGE OF PORT GRAHAM,          )
                                 )
             Plaintiffs,         )
                                 )
      v.                         )
                                 )
CARLOS GUTIERREZ, Secretary      )
of Commerce,                     )
                                 )
             Defendant.          )
_____  )

## DEFENDANT'S PRELIMINARY WITNESS LIST

Pursuant to agreement of the parties, Defendant hereby submits the following preliminary

witness list.

1.    Steve J. Langdon, Ph.D.
      Professor and Chair, Department of Anthropology
      University of Alaska Anchorage
      3211 Providence Drive
      Anchorage, AK 99508

Mr. Langdon is a professor and chairperson of the Department of Anthropology at the University
of Alaska.  He may testify regarding resource use by Alaska Natives and non-Natives in Prince
William Sound, the Gulf of Alaska, and Lower Cook Inlet.  He may also testify regarding socio-
territorial issues concerning Alaska Natives in the same areas.

2.    Michael R. Yarborough
      Cultural Resource Consultants LLC
      3504 E. 67th Avenue
      Anchorage, AK 99507

Mr. Yarborough is an archaeologist.  He may testify regarding traditional Alaska Native use of

federal waters (i.e., the OCS/EEZ) in the Gulf of Alaska and Lower Cook Inlet.

3.      Chris B. Wooley
        Chumis Cultural Resource Services
        2073 Dimond Drive
        Anchorage, AK 99507

Mr. Wooley is an anthropologist.  He may testify regarding Alaska Native  social organization, issues of territoriality, and resource use in Prince William Sound, the Gulf of Alaska and Lower Cook Inlet.

4.      Linda Finn Yarborough, Ph.D.
        Forest Archaeologist, Chugach National Forest
        3301 C St., Suite 300, Anchorage, AK 99503

Ms. Yarborough is a Forest Archaeologist for the Chugach National Forest.  She may testify regarding the prehistoric and early historic subsistence patterns along the North Gulf of Alaska coast.

5.      Captain Guy Noll
        NOAA Office of Marine & Aviation Operations
        Room 5101 5-56
        8403 Colesville Road
        Silver Spring, MD 20910-3282

Mr. Noll is a Captain in NOAA Corps and has served as Commanding Officer of the NOAA ship Rainier while this vessel conducted hydrographic surveys in support of nautical charting in Prince William Sound and other locations in and outside of Alaska.  Mr. Noll may testify regarding the sea conditions and operation of water-craft within Prince William Sound, the Gulf of Alaska and Lower Cook Inlet.

6.      Robyn Angliss
        National Marine Mammal Laboratory
        7600 Sand Point Way N.E.
        Seattle, WA 98115

Ms. Angliss is a marine mammal biologist and Deputy Director of the National Marine Mammal Laboratory. She may testify regarding the distribution of marine mammals in Prince William Sound, the Gulf of Alaska and Lower Cook Inlet.

7.      Mark Wilkins
        NOAA/NMFS/AFSC/RACE Division - F/AKCI
        7600 Sand Point Way N.E., Bldg. 4
        Seattle, WA 98115

2

EXHIBIT 1
Page 35 of 41

Mr. Wilkins is a fisheries biologist and is a Supervisory Research Fishery Biologist in the Resource Assessment and Conservation Engineering Division, Alaska Fisheries Science Center, National Marine Fisheries Service. He may testify regarding the distribution of certain marine fish species (including halibut, rough-eye rockfish, big mouth sculpin, and cod) within Prince William Sound, the Gulf of Alaska and Lower Cook Inlet.

8.    Dana Hanselman, Ph.D.
       Research Fisheries Biologist, NOAA
       17109 Pt. Lena Loop Rd
       Room F122
       Juneau, AK 99801

Mr. Hanselman is a fisheries biologist at NOAA. He may testify regarding the distribution of sablefish within Prince William Sound, the Gulf of Alaska and Lower Cook Inlet.

Defendant reserves the right to revise this witness list and to call any witness named on

Plaintiffs' witness list.

Dated: March 3, 2008

                                    Respectfully submitted,

                                    RONALD J. TENPAS
                                    Acting Assistant Attorney General

                                      /s/ Brian McLachlan
                                    BRIAN MCLACHLAN (D.C. 472413)
                                    BEVERLY LI
                                    U.S. Department of Justice
                                    Environment & Natural Resources Division
                                    P.O. Box 663
                                    Washington, D.C. 20044-0663
                                    Telephone: 202-305-0436
                                    Facsimile: 202-305-0506
                                    brian.mclachlan@usdoj.gov

                                    DEAN K. DUNSMORE
                                    U.S. Department of Justice
                                    Environment & Natural Resources Division
                                    801 B Street, Suite 504
                                    Anchorage, Alaska 99501-3657
                                    Telephone: (907) 271-5452
                                    Facsimile:(907) 271-5827

                                    3

EXHIBIT  1
Page  36  of  41

Email: dean.dunsmore@usdoj.gov

Attorney for Federal Defendants

4

EXHIBIT 1
Page 37 of 41

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 3, 2008, I served the foregoing DEFENDANTS'

PRELIMINARY WITNESS LIST by email on the following counsel of record:

Goriune Dudukgian
gdudukgian@alsc-law.org

Natalie Landreth
landreth@narf.org

Richard de Bodo
rdebodo@hhlaw.com


      /s/ Beverly F. Li
Beverly F. Li
Counsel for Defendants

EXHIBIT  1
Page 38 of 41

**McLachlan, Brian (ENRD)**

| | |
|---|---|
| **From:** | McLachlan, Brian (ENRD) |
| **Sent:** | Monday, June 02, 2008 1:22 PM |
| **To:** | 'Natalie Landreth'; gdudukgian@alsc-law.org; 'de Bodo, Richard' |
| **Cc:** | Li, Beverly (ENRD); Kim, Joseph (ENRD) |
| **Subject:** | RE: Jeff Leer deposition |

Natalie,

Your representation of Mr. Leer comes as a surprise.  Up to this point I understood Mr. Leer was not represented by counsel.  When did your representation of Mr. Leer commence?

In any event, Plaintiffs included Mr. Leer on their preliminary witness list and indicated that he may provide expert testimony in this case.  Mr. Leer's work was also extensively relied on by Plaintiffs' expert Mr. Ganley.  Obviously, therefore, Mr. Leer has discoverable information.

As you know, on May 12 we noticed Mr. Leer's deposition to commence on June 4 and issued a subpoena to him.  Mr. Leer then contacted us and specifically requested that his deposition be held in Seattle on June 4.  We informed you of his request on May 19. Although Plaintiffs subsequently removed Mr. Leer from their preliminary witness list on May 23, we promptly notified you on May 26 that Defendants may call him as a witness at trial and that we were going forward with his deposition on June 4.  And as late as last Friday, May 30, Mr. Leer confirmed that he would attend his deposition in Seattle on June 4.

I do not want to be unreasonable about this, but you have known Mr. Leer would be deposed in Seattle on June 4 for quite awhile.  It is unfair and disruptive to our deposition scheduling and travel arrangements to come in at the last minute and seek to cancel his deposition given that we accommodated Mr. Leer's request to hold the deposition in Seattle on that date.  Moreover, there is no dispute that Mr. Leer has discoverable information to which we are entitled.

We intend to go forward with Mr. Leer's deposition in Seattle on June 4 unless you confirm that Mr. Leer will be available on another day prior to the end of discovery.  Given the other depositions we have scheduled, the only open dates we have are June 9, 10, or 12. Absent your commitment to make Mr. Leer available on another date, we plan to go forward with his deposition on June 4.

I provided in my prior email the deposition location and time.  It will be held in conference room number 5406.  In the event that you decide to attend remotely, the call-in number is 206.553.2688.  In case you have problems getting connected, the front desk number is 206.553.7970.

If you decide to move to cancel Mr. Leer's deposition, I suggest we contact Judge Holland today, as we have an attorney scheduled to travel to Seattle tomorrow.


Brian

-----Original Message-----
From: Natalie Landreth [mailto:landreth@narf.org]
Sent: Sunday, June 01, 2008 11:25 PM
To: McLachlan, Brian (ENRD); gdudukgian@alsc-law.org; 'de Bodo, Richard'
Cc: Li, Beverly (ENRD); Kim, Joseph (ENRD)
Subject: RE: Jeff Leer deposition


Brian,

Jeff Leer has asked me to represent him in connection with your request that he appear at a deposition this Wednesday.  As you know, he is traveling to Seattle for medical treatment.  Mr. Leer suffers from a chronic illness and

ATTACHMENT _10_                           1                    EXHIBIT _1_
                                                               Page _39_ of _41_

is in significant discomfort.  He does not want to testify in deposition or
in trial in our case -- particularly at this time.

We had originally thought about using Mr. Leer as an expert witness in this
case.  However because of his illness and the fact that he also told us that
he does not want to testify, we removed him from our witness list more than
a week ago.  Mr. Leer was never on the government's witness list or in its
expert designations.  Since Mr. Leer is not on either party's witness or
expert list, there is no reason for him to be deposed in the case, and it
seems particularly inappropriate to attempt to proceed with his deposition
at this time.  Furthermore, given that I will be attending Johnson's
deposition and Rich is unavailable that morning, there is no counsel
available to attend with Mr. Leer.  He has requested me to represent him and
to work with you to cancel his deposition, or to move the Court to cancel
it, if you make that necessary.

In addition, Mr. Leer is very concerned about the whereabouts of his maps
and asks that you have copies made as soon as practicable and return the
originals to him (making sure to send them with tracking).

Given that Mr. Leer has now asked to be represented you are no longer
permitted to contact him. Please let me know how you want to proceed.

Sincerely,

Natalie

Natalie Landreth
Staff Attorney
Native American Rights Fund
420 L Street, Suite 505
Anchorage, Alaska 99501
ph: 907-276-0680
fax: 907-276-2466

This electronic message transmission contains information from the Native
American Rights Fund which may be confidential, privileged and/or attorney
work product. The information is intended to be for the use of the
individual or entity named above. If you are not the intended recipient, be
aware that any disclosure, copying, distribution or use of the contents of
this information is prohibited.  If you have  received this electronic
transmission in error, please notify us immediately by email and delete the
original message


-----Original Message-----
From: McLachlan, Brian (ENRD) [mailto:Brian.McLachlan@usdoj.gov]
Sent: Friday, May 30, 2008 7:56 PM
To: Natalie Landreth; gdudukgian@alsc-law.org; de Bodo, Richard
Cc: Li, Beverly (ENRD); Kim, Joseph (ENRD); Demian A. Schane
Subject: Jeff Leer deposition

Natalie,

As I indicated in a prior email and in our conversation yesterday, at
the request of Mr. Leer, Defendants will take his deposition on June 4
in Seattle instead of Fairbanks.  The deposition is scheduled for 9:30
a.m. at the United States Attorney's Office, 700 Stewart Street, Ste.
5220, Seattle, Washington.  I will provide you with a call in number on
Monday should you decide to attend remotely.

Have a good weekend,

Brian

EXHIBIT 1
Page 40 of 41

**Tracking:**

| Recipient | Delivery |
|---|---|
| 'Natalie Landreth' | |
| gdudukgian@alsc-law.org | |
| 'de Bodo, Richard' | |
| Li, Beverly (ENRD) | Delivered: 6/2/2008 1:22 PM |
| Kim, Joseph (ENRD) | Delivered: 6/2/2008 1:22 PM |

3

EXHIBIT 1
Page 41 of 41