IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

NATIVE VILLAGE OF EYAK, et al., )
)
                      Plaintiffs, )
)
  vs. )
)
CARLOS M. GUTIERREZ, Secretary of )
Commerce, )
)      No. 3:98-cv-0365-HRH
                      Defendant. )
_____)


O R D E R

Motion to Quash[1]

    A potential witness (Jeff Leer), represented by counsel for plaintiffs, moves to quash or, in the alternative, for a protective order regarding defendants' deposition subpoena of Mr. Leer. The motion is opposed. Defendant moves for expedited consideration of Mr. Leer's motion.[2] Given the procedural posture of this case — the close of discovery is imminent and with the parties' input, the court has established an extensive, tight schedule for final trial preparation leading to an August 18, 2008, trial — the motion for expedited consideration is granted, and Mr. Leer's motion to quash is taken under advisement at this time.

    In keeping with the court's usual, long-standing practice, the parties were called upon to, and did file preliminary witness lists

---

    [1]Docket No. 127.

    [2]Docket No. 129.

- 1 -

and then trial witness lists.  Plaintiffs listed Mr. Leer as a person with potentially discoverable information, thus reserving to the plaintiffs the right to call Mr. Leer at trial.  Defendant's preliminary witness list reserved the right to call at trial any persons listed by plaintiffs as potential witnesses.  Plaintiffs' final witness list did not include Mr. Leer.  Defendant's final witness list did include Mr. Leer.  No party has listed or retained Mr. Leer as an expert witness.  It appears, however, that Mr. Leer may have been relied upon by experts who will testify in the case and/or that he may have historical, factual information relative to this case as suggested by plaintiffs' original listing of him as a potential witness.

Under the foregoing circumstances, the court perceives no meritorious basis for quashing the subpoena directed to Mr. Leer by defendants.  Indeed, what has developed here is troubling to the court.  The court sensed at the last face-to-face meeting with counsel some subtle reticence on the part of plaintiffs' counsel regarding discovery cooperation.  It appears from defendant's response to the instant motion that Mr. Leer (until very recently unrepresented) and defense counsel were, until plaintiffs' counsel intervened, quite able to work effectively toward a date and time for the Leer deposition that would accommodate his health concerns as well as the time requirements of the court's scheduling order. After plaintiffs' counsel intervened in the situation, arrangements for the Leer deposition started to falter.  The court's concerns about unreasonable interference with proper discovery by

plaintiffs' counsel has been heightened. Plainly, Mr. Leer's interests and those of plaintiffs have the potential for conflict.

For the reasons and upon the authorities set forth by defendants, the court finds and concludes that there is no factual or legal basis for quashing the subpoena of Mr. Leer. The court is satisfied that counsel have been and will continue to be sensitive to Mr. Leer's health situation, so no protective order is needed. Before plaintiffs' counsel intervened, defense counsel had agreed to relocate the Leer deposition to Seattle, and the court expects that kind of cooperation to continue on both sides of this case.

Counsel shall confer and reschedule the Leer deposition at the earliest possible time consistent with Mr. Leer's schedule and health concerns. If that means extending the time for discovery by a few days (as to Mr. Leer only), the court has no objection. However, the court has no intention of revisiting the final schedule put in place for this case.

The motion to quash or for a protective order is denied.

DATED at Anchorage, Alaska, this <u>10th</u> day of June, 2008.

/s/ H. Russel Holland
United States District Judge
