Natalie A. Landreth
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 505
Anchorage, Alaska 99501
phone: (907) 276-0680
facsimile: (907) 276-2466

Attorneys for Plaintiffs
(Additional counsel listed in signature block)

RONALD J. TENPAS
Assistant Attorney General

BRIAN A. MCLACHLAN
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

Attorneys for Federal Defendant
(Additional Counsel Listed in Signature Block)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| NATIVE VILLAGE OF EYAK, | ) | Case No. A98-365-CV (HRH) |
| NATIVE VILLAGE OF TATITLEK, | ) | |
| NATIVE VILLAGE OF CHENEGA, | ) | |
| (aka CHENEGA BAY), NATIVE | ) | |
| VILLAGE OF NANWALEK, NATIVE | ) | |
| VILLAGE OF PORT GRAHAM, | ) | **JOINT STATEMENT OF** |
| | ) | **ISSUES** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARLOS GUTIERREZ, Secretary | ) | |
| of Commerce, | ) | |
| | ) | |

1

    Defendant.    )
                  )

  Pursuant to the Court's Order for Pretrial Proceedings and Final Pretrial Conference dated May 14, 2008 (Dkt. 123) ("Pretrial Order"), Plaintiffs, Native Village of Eyak, Native Village of Tatitlek, Native Village of Chenega, Native Village of Nanwalek and Native Village of Port Graham, and Defendant, Carlos Gutierrez, the Secretary of Commerce, hereby submit this Joint Statement of Issues to be litigated in the above-captioned matter.

**I. BACKGROUND**

  Pursuant to the Ninth Circuit Court of Appeals Order and Mandate, this case was remanded to the Court to decide what aboriginal rights, if any, Plaintiffs may have to fish beyond the three-mile limit. Order on Remand dated August 16, 2004 (Dkt. 59) ("Order on Remand"). For purposes of this limited remand, the Ninth Circuit instructed the Court to assume that Plaintiffs' aboriginal rights, if any, have not been abrogated by the federal paramountcy doctrine or other federal law. Id. The areas "beyond the three-mile limit" over which Plaintiffs claim aboriginal rights consist of portions of the waters of the Exclusive Economic Zone ("EEZ") in the Gulf of Alaska and Lower Cook Inlet.

  Because of the limited scope of the remand, the Court previously instructed the Parties to <u>not</u> brief certain arguments in connection with motions for summary judgment on remand. See Order on Motion for Summary Judgment dated December 1, 2006 (Dkt. 106) at 7.[1] In addition, the Court

---

[1] Specifically, the Court ordered that the Parties should not brief the following issues:
(1) Whether the federal paramountcy doctrine precludes Plaintiffs' claims to aboriginal rights;
(2) Whether any federal law abrogates Plaintiffs' claims to aboriginal rights;
(3) Whether actions by the Russian government abrogated any aboriginal rights Plaintiffs might otherwise have to engage in commercial fishing; and
(4) Whether the Magnuson-Stevens Fisheries Management and Conservation Act's statute of

ruled in its Order on Motion for Summary Judgment that certain other arguments presented issues that were also beyond the scope of the Ninth Circuit's remand.[2]  Pursuant to the Court's prior instructions and Order, this Joint Statement of Issues does not reference the arguments or defenses that the Court has determined are beyond the scope of the Ninth Circuit's limited remand, nor other arguments or defenses based on federal paramountcy or other federal law.  The United States expressly reserves these arguments and defenses for further appellate review.

## II.    JOINT STATEMENT OF ISSUES

Subject to Plaintiffs' and Defendant's separate statement of issues the Parties agree on the following issue and sub-issues to be decided at trial:

> **A.    Whether Plaintiffs possess aboriginal fishing rights in the claimed areas of the Gulf of Alaska and Lower Cook Inlet.**
>
> > **(1)    Whether Plaintiffs can establish actual, exclusive, and continuous use and occupancy of the claimed areas for a long time.**
> >
> > **(2)    Whether Plaintiffs constitute a single land-owning entity.**

## III.    PLAINTIFFS' STATEMENT OF ISSUES

---

limitations bars Plaintiffs' challenge to the sablefish regulations in this case. See Order on Motion for Summary Judgment at 7 (citing Order Clarifying Briefing at 2 [Dkt. 70]).

[2] In connection with his Motion for Summary Judgment on Remand, Defendant argued that any aboriginal rights Plaintiffs may have in the EEZ and OCS are limited to subsistence rights.  The Court indicated that it would not consider this argument because the issue is not within the scope of the Ninth Circuit's limited remand.  Order on Motion for Summary Judgment at 13.  Defendant further argued that if Plaintiffs have any aboriginal rights on the EEZ and OCS, such rights are subject to federal regulations.  The Court similarly found this issue not within the scope of the Ninth Circuit's remand.  Id. at 13.

Plaintiffs provide the following statement of issues which is not concurred in by Defendant. Plaintiffs submit that the following two issues are the only issues within the limited scope of the Ninth Circuit's remand:

(1)  Whether the evidence presented by Plaintiffs, including but not limited to, oral testimony of Chugach elders, archeological and ethnographic evidence historical accounts and other documents establishes Plaintiffs' long term use and occupancy of the claimed territory for a long time.

(2)  Whether Plaintiffs constitute a single land-owning entity, defined as a group of Indians that possess some unifying linguistic and cultural ties and have joined in a common use and occupation of a definable area of land.

Plaintiffs disagree with the entirety of the Defendant's separate statement on the grounds that the issues raised are legal issues not within the scope of the limited remand. The Ninth Circuit was quite specific that it would like this Court to ascertain whether the Plaintiffs can establish the *factual predicate* for aboriginal rights. However, the Defendant continues to raise numerous legal issues such as:

(1)  whether aboriginal rights can be established on the OCS/EEZ. Plaintiffs submit that this issue is outside the scope of the remand. In addition, the question has long been settled by the Ninth Circuit in the Gambell line of cases, including specifically Gambell III. (Defendant's section IV.A.)
(2)  whether aboriginal rights are not determined on a species-by-species basis. No court anywhere (including this Court) has held that aboriginal rights are determined on a species-by-species basis. Thus, contrary to Defendant's claims, it would be improper for this Court to require Plaintiffs to present evidence of this issue at trial and for this Court to make findings of fact on the issue. (Defendant's section IV. C.)
(3)  whether aboriginal rights are limited to subsistence rights. Again, this is a legal issue that has already been determined by this Court and its decision is the law of the case; accordingly, it would be improper for this Court to revisit the issue at trial.

In sum, Plaintiffs maintain that the only two issues to be decided by this Court at trial are the two described above.

**IV.  DEFENDANT'S STATEMENT OF ISSUES**

4

Defendant provides the following Statement of Issues, which is not concurred in by Plaintiffs. Defendant disagrees with Plaintiffs' separate statement of issues.

**A. Whether, as a matter of law, aboriginal fishing rights could have been established by Plaintiffs in the claimed areas which now comprise portions of the OCS/EEZ in the Gulf of Alaska and Lower Cook Inlet.**

The Ninth Circuit instructed the Court to assume, for purposes of this limited remand, that Plaintiffs' aboriginal rights, if any, have not been *abrogated* by the federal paramountcy doctrine or other federal law. The Court must nonetheless determine, in the first instance, whether Plaintiffs could have established any aboriginal rights in the waters now comprising the OCS/EEZ notwithstanding whether those rights, if any, were subsequently or consequently *abrogated*. Because aboriginal rights are determined pursuant to federal common law, this requires the Court to determine whether the federal common law of aboriginal rights permitted Plaintiffs to establish aboriginal non-exclusive fishing rights in the claimed areas now comprising portions of the EEZ/OCS, and, if so, during what time period(s).

Defendant's position is that at no time could aboriginal rights have been established in the claimed areas. Defendant views this issue as primarily a matter of law and plans to discuss the issue further in his trial brief. Defendant also suggests the Court set a separate briefing schedule for this issue.

**B. Whether, as a factual matter, Plaintiffs can establish actual, exclusive, and continuous use and occupancy of the claimed areas for a long time.**

While the Parties agree on the joint statement of issues in section II, Defendant writes separately to elaborate on the scope of the issues presented.

If, as a matter of law, Plaintiffs could have established aboriginal fishing rights in the claimed areas of the OCS/EEZ, the issue for the Court is whether Plaintiffs did in fact satisfy the

5

elements necessary to establish such rights. This issue will be the primary issue upon which evidence is presented at trial.

In its Order on Motion for Summary Judgment, this Court held that aboriginal fishing rights flow from aboriginal title; that to establish aboriginal title, there must be a showing of actual, exclusive and continuous use and occupancy for a long time; and that, therefore, in order to establish aboriginal fishing rights, Plaintiffs must show "actual, exclusive, and continuous use and occupancy of the claimed areas for a long period of time." Order on Motion for Summary Judgment at 8-9. Assuming without conceding that aboriginal non-exclusive fishing rights can, as a matter of law, be established in the OCS/EEZ, and subject to the other issues and arguments referenced in Defendant's Statement of Issues, Defendant agrees with the Court's formulation of the factual elements Plaintiffs are required to prove in order to establish aboriginal non-exclusive fishing rights in the claimed areas. Defendant also agrees that, in order to show exclusive use, Plaintiffs may need to establish that they were a single land-owning entity.

In addition, Defendant notes two further sub-issues: First, the Court will need to decide the geographic scope of Plaintiffs' aboriginal rights, if any (i.e., how far from the immediate vicinity of the Plaintiffs' Villages does the evidence suggest these elements are satisfied, if at all). Second, with respect to the element of exclusivity, the Court may need to determine whether Plaintiffs qualify for a joint claim of aboriginal rights (i.e., the "joint and amicable use" exception).

### C. The nature and extent of Plaintiffs' aboriginal fishing rights, if any.

Plaintiffs cannot establish, and are not claiming, full aboriginal title to the claimed areas. This Court has held, and the Ninth Circuit affirmed in a final decision, that Plaintiffs do not have

aboriginal title to any areas within the EEZ/OCS.  <u>Native Village of Eyak v. Trawler Diane Marie</u>, ("<u>Eyak I</u>") 154 F.3d 1090 (9th Cir. 1998), <u>cert. denied</u>, 527 U.S. 1003 (1999).  That decision is *res judicata.*  Moreover, exclusive aboriginal title is outside the scope of the complaint in this action.

If the Court determines that aboriginal fishing rights can, as a matter of law, be established in the claimed areas, and also determines that, as a factual matter, Plaintiffs have satisfied their burden to show aboriginal title in some or all of the claimed areas, then the Court will need to decide the nature and extent, apart from the geographic reach, of the non-exclusive fishing rights Plaintiffs have.  <u>See</u> Ninth Circuit Court of Appeals Order dated July 12, 2004 (Dkt. 57) "(Ninth Circuit Order") at 2.

Defendant maintains that Plaintiffs must show aboriginal use of specific species in the claimed area in order to have aboriginal rights to harvest those species.  In its Order on Motion for Summary Judgment, the Court rejected this argument.  <u>See</u> Order on Motion for Summary Judgment at 13.  Defendant argued that Plaintiffs must show aboriginal use of sablefish in order to have an aboriginal right to fish for sablefish.  The Court found as a matter of law that "[h]unting, fishing, and gathering rights are components of aboriginal title" and that [w]ith [aboriginal] title . . . comes the right to use all the natural resources, not just specific resources." <u>Id.</u>  Defendant expressly preserves this issue for appeal in relation to sablefish and all other species (e.g., halibut and salmon).  Although the Court has ruled against Defendants on the pertinent legal issue, in order to fully preserve this mixed question of law and fact for further review, and in light of Plaintiffs' challenge to Defendant's halibut and sablefish regulations, Defendant proposes to offer evidence at trial, and suggests the Court issue findings of fact,

concerning whether Plaintiffs harvested halibut and/or sablefish from the EEZ/OCS in the relevant time period and, if so, the amount and type (e.g., commercial or subsistence) of fishing engaged in for each species.

Further, in connection with the Parties' initial summary judgment motions in 2002, this Court held that, as a matter of legal theory, (1) "it is legally possible that plaintiffs retained aboriginal hunting and fishing rights on the OCS, in the nature of non-reservation usufructory rights held in common with non-Native citizens" (i.e., non-exclusive aboriginal fishing and hunting rights), and (2) "such rights include commercial fishing as well as subsistence fishing." Order on Cross-Motions for Summary Judgment (September 25, 2002 ) (Dkt. 42) at 24. Although the Court's order was subsequently vacated by the Ninth Circuit, see Order dated July 12, 2004 (Dkt. 57) at 2, the Ninth Circuit did not specifically address these legal holdings. Defendant seeks to preserve, for further appellate review, the issues of whether non-exclusive aboriginal hunting and fishing rights can arise and be recognized in the claimed areas in the absence of aboriginal title, a ratified treaty, or statute, and whether such rights, if any, would include commercial fishing rights, as well as all other arguments contained in his prior pleadings. Defendant accordingly includes these issues within this Statement of Issues so that the Court can decide whether it would like the Parties to revisit these issues at trial.

If the Court finds that Plaintiffs have aboriginal fishing rights in all or parts of the claimed areas, and after determining the nature and extent of such rights, the Court should also determine whether the challenged halibut and sablefish regulations conflict or significantly interfere with such rights, and, depending on the nature and extent of aboriginal fishing rights Plaintiffs may have, if any, whether such rights conflict with international law. Should the Court

deem these issues to be beyond the scope of the Ninth Circuit's remand, Defendant preserves them for further review.

Finally, as noted above, the Court has determined that certain issues and arguments are beyond the scope of the Ninth Circuit's limited remand, including arguments or defenses based on federal paramountcy or other federal law. The Ninth Circuit has not rejected these arguments and defenses, and Defendant expressly reserves them for further appellate review.

Dated: June 27, 2008                                                  s/nlandreth
                                                                      Natalie A. Landreth
                                                                      NATIVE AMERICAN RIGHTS FUND
                                                                      420 L Street, Suite 505
                                                                      Anchorage, Alaska 99501
                                                                      phone: (907) 276-0680
                                                                      facsimile: (907) 276-2466

                                                                      Goriune Dudukgian
                                                                      ALASKA LEGAL SERVICES
                                                                      CORPORATION
                                                                      1016 West 6th Ave., Suite 200
                                                                      Anchorage, Alaska 99501
                                                                      phone: (907) 222-4524
                                                                      facsimile: (907) 279-7417

                                                                      Rich de Bodo
                                                                      HOGAN & HARTSON LLP
                                                                      1999 Avenue of the Stars, Suite 1400
                                                                      Los Angeles, CA 90067
                                                                      Phone: (310) 785-4694
                                                                      Facsimile: (310) 785-4601

                                                                      Attorneys for Plaintiffs


Dated: June 27, 2008                                                  RONALD J. TENPAS
                                                                      Assistant Attorney General

                                                                        /s/

BRIAN MCLACHLAN (D.C. 472413)
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

BEVERLY F. LI (WSBA # 33267)
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-353-9213
Facsimile: 202-305-0506
beverly.li@usdoj.gov

JOSEPH H. KIM (IL 6243249)
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7369
Washington, DC 20044-7369
Telephone: 202-305-0207
Facsimile: 202-305-0275
joseph.kim@usdoj.gov

DEAN K. DUNSMORE
U.S. Department of Justice    Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, AK 99501-3657
Telephone: (907) 271-5452
Facsimile:(907) 271-5827
dean.dunsmore@usdoj.gov

Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 27, 2008, the foregoing JOINT STATEMENT OF ISSUES was served on the following counsel of record via the Court's ECF system as more fully reflected on the Notice of Electronic Filing:

    Brian McLachlan
    brian.mclachlan@usdoj.gov

    Beverly Li
    beverly.li@usdoj.gov


                                        s/nlandreth
                                        Counsel for Plaintiffs