RONALD J. TENPAS
Assistant Attorney General

BRIAN A. MCLACHLAN
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

BEVERLY F. LI
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-353-9213
Facsimile: 202-305-0506
beverly.li@usdoj.gov

DEAN K. DUNSMORE
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile:(907) 271-5827
dean.dunsmore@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| NATIVE VILLAGE OF EYAK, | ) | Case No. A98-365-CV (HRH) |
| NATIVE VILLAGE OF TATITLEK, | ) | |
| NATIVE VILLAGE OF CHENEGA, | ) | |
| (aka CHENEGA BAY), NATIVE | ) | |
| VILLAGE OF NANWALEK, NATIVE | ) | **DEFENDANT'S FIRST SET OF** |
| VILLAGE OF PORT GRAHAM, | ) | **INTERROGATORIES AND FIRST** |
| | ) | **REQUESTS FOR PRODUCTION** |
| | ) | **TO PLAINTIFF NATIVE** |
| Plaintiffs, | ) | **VILLAGE OF EYAK** |
| | ) | |

EXHIBIT 1
Page 1 of 18

|                          |   |
|--------------------------|---|
| v.                       | ) |
|                          | ) |
| CARLOS GUTIERREZ, Secretary | ) |
| of Commerce,             | ) |
|                          | ) |
| Defendant.               | ) |
|                          | ) |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant hereby propounds the following interrogatories and requests for production of documents on Plaintiff Native Village of Eyak. These interrogatories and requests for production of documents call for all relevant information (including information contained in or on writings, recordings, photographs or any other material) known or available to Plaintiffs including all information in the possession of Plaintiffs' attorneys, consultants, accountants, auditors, or other professional persons or experts, or investigators, or any other person on acting on behalf of or under the direction or control of Plaintiffs or Plaintiffs' attorneys.

**DEFINITIONS**

Unless otherwise indicated, the following definitions shall apply to these discovery requests:

1.    "Any" and "all" shall mean "each" and "every."

2.    "Complaint" shall mean the Complaint filed by Plaintiffs in Case Number A98-365-CV HRH, in the United States District Court for the District of Alaska.

3.    "Document" shall mean any and all writings of any kind, including, without limitation, the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise including, without limitation,

2

EXHIBIT  1
Page  2  of  18

correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications (including electronic mail or "email"), notations of any conversations (including, without limitations, telephone calls, meetings, and other communications), bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets, graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings and motion pictures), electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings and computer memories including necessary software to access these memories), and all drafts, alterations, modifications, changes and amendments of any of the foregoing.

4.      "Expert" means any person with scientific, technical or other specialized knowledge whose information you have considered in preparation for the commencement of, and during the course of, this lawsuit, whether or not this person will be called as a witness during the trial of this action.

5.      A request for the identification and description of a document shall be deemed to include a request for the following information with respect to that document:

      A.      The title of the document with sufficient particularity to enable the same to be identified;

      B.      The nature of the document (e.g., contract, letter, etc.);

      C.      The date of the document;

      D.      The date the document was executed, if different from the date it bears;

EXHIBIT  1
Page  3  of  18

E.    The identification of each person or entity to whom the document is addressed or to whom copies were sent;

F.    The identification of each person who signed the document or over whose name it was issued;

G.    Any file number of other identifying information used in connection with the document;

H.    The physical description of the document, including the number of pages;

I.    The present location of the original of the document;

J.    The identification, in the manner set forth in paragraph 8 below, of all persons having possession, custody, or control of the original of the document;

K.    The location of copies of the document; and

L.    The identification of any and all person(s) who have possession or control of copies of the document.

All of the above subparts except I, J, K and L may be satisfied by attaching a legible copy of the document to your responses hereto, and labeling each such copy with the numbers of each interrogatory to which it is responsive.

6.    A request for the identification and description of an oral communication shall be deemed to include a request for the following information with respect to that oral communication:

A.    The identification of each person who participated in or heard any part of said communications;

4

EXHIBIT  1
Page  4  of  18

B.    The date of the communication;

C.    The medium used for such communication (e.g., in person, by telephone, etc.);

D.    The substance of what was said by each person participating in the communication; and

E.    The identification of each document which records, summarizes, confirms or in any manner refers to the communication.

7.    A request for the identification of a person shall be deemed to include a request for the following information with respect to that person:

A.    His or her full name;

B.    His or her address (business or residence);

C.    His or her telephone number (business or residence);

D.    His or her present employer and occupation or business; and

E.    His or her employer and occupation or business on the date on which the facts or transactions referred to occurred and the capacity in which he or she was then serving.

8.    A request to state all facts upon which a response to an interrogatory is based includes a request to:

A.    Identify each fact, circumstance, event, or information upon which you base that response;

B.    Identify and describe each document upon which you base that response;

C.    Identify and describe each and every oral communication upon which you

5

EXHIBIT 1
Page 5 of 18

rely in support of your response;

D.    Identify each person whom you believe has any knowledge of any of such facts, circumstances, events, information or documents; and

E.    State if you rely upon no document or oral communications in support of your response, or if no persons have knowledge or any of the facts, circumstances, events, information, documents or oral communications involved therein.

9.    "Person" or "persons" shall mean any and all natural persons or individuals, corporations, partnerships, organizations, associations, governmental bodies or political or quasi-corporate subdivisions thereof, including current or former members of Tribes or Villages or ancestors of current or former members of Tribes or Villages, Chapters of Tribes or Villages, or other subdivisions of Tribes or Villages, groups or other business enterprises, together with their predecessors, successors, and assigns, their directors, officers, agents, servants, consultants, contractors, subcontractors, employees, attorneys, and representatives, and all agents and representatives thereof.

10.    "Plaintiffs" shall mean the Native Village of Eyak, Native Village of Tatitlek, Native Village of Chenega (aka Chenega Bay), Native Village of Nanwalek, Native Village of Port Graham, and their employees, Tribal members, officers, agents, heirs, assigns, contractors, subcontractors and those working in concert with them, including but not limited to affiants and declarants on Plaintiffs' behalf.

10.    "Relating to," "relate to," or "relates to" or "referring to," "refers to" or "refer to" shall mean constituting, defining, describing, discussing, involving, concerning, containing,

6

EXHIBIT 1
Page 6 of 18

embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, or in any way pertaining to.

11.     The terms "you," "your," and "yourself," as used herein, shall mean Plaintiff Native Village of Eyak, and its employees, current or former members of Tribes or Villages or ancestors of current or former members of Tribes or Villages, officers, agents, heirs, assigns, contractors, subcontractors and those working in concert with them, including but not limited to affiants and declarants on Plaintiffs' behalf.

12.     "Including" shall mean "including, but not limited to."

13.     "Aboriginal rights" shall mean rights to hunt, fish, and use natural resources for commercial, subsistence, or other productive purposes as a result of long-term exclusive use and occupancy of Prince William Sound, Lower Cook Inlet, and the Gulf of Alaska.

14.     "OCS" or "Outer Continental Shelf" shall mean the definition provided by statuts under 43 U.S.C. § 1331(a).

**INSTRUCTIONS**

Interrogatories

1.     If you do not answer any interrogatory or part thereof on the basis of a privilege, state the privilege you are asserting and all facts which support your assertion of the privilege including, for a conversation, the date and place of the conversation, and including, for a document, the date of the document, who prepared it, to whom it was distributed, the type of document, and the subject matter of the document.

2.     Pursuant to Rule 26(e), these interrogatories shall constitute a continuing request for information so as to require responses to be supplemented as to (1) identity and location of

7

EXHIBIT  1
Page  7  of  18

persons having knowledge of these matters; (2) identity, subject matter and testimony of experts who may be called as witnesses at trial or otherwise relied upon by Plaintiffs; (3) identity of facts, documents and other information or materials relating to these matters; (4) responses that were incorrect or incomplete when made; and (5) responses that have been rendered incorrect or incomplete by subsequent developments.  Any subsequently discovered or additional information responsive to these interrogatories should be supplied immediately upon your learning of such information.

      3.      If you cannot answer an interrogatory completely, you are to answer those parts you are able to answer and designate those parts you cannot completely answer and the reason(s) why you cannot so answer.

      4.      If, in responding to any of these interrogatories, you encounter any ambiguity in construing either the interrogatory, a definition, or an instruction, state with specificity that matter deemed ambiguous and identify the construction chosen or used in responding to the interrogatory.

      5.      If you contend that any of the following interrogatories is objectionable, in whole or in part, you shall state with particularity each objection, the basis for it, and the categories of information to which the objection applies, and you shall respond to the extent the interrogatory is not deemed objectionable.

      6.      Words used in the plural shall also be taken to mean and include the singular. Words used in the singular shall also be taken to mean and include the plural.  The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive.  The past tense of a verb shall include the present tense.  The

8

EXHIBIT 1
Page 8 of 18

present tense of a verb shall include the past tense.

Requests for Production of Documents

1.     Any response to these requests for production of documents shall provide all relevant information (including information contained in or on writings, recordings, photographs or any other material) known or available to you, including all information in the possession of Plaintiffs' attorneys, consultants, accountants, auditors, or other professional persons or experts, or investigators, or any other person acting on behalf of or under the direction or control of Plaintiffs or Plaintiffs' attorneys.

2.     Pursuant to Rule 26(e)(1), these document requests are continuing in nature and you shall provide, by way of supplemental production, whatever documents may subsequently be obtained by either you or anyone on your behalf, which will augment your production of documents.

3.     These requests for production cover all documents and information in the possession, custody or control of Plaintiffs individually or collectively from any source, wherever situated, including, but not limited to, information from any files, records, documents, of investigators hired or directed by Plaintiffs or their attorneys, and all documents and other sources of information to which you have access, including all documents in the possession, custody and control of contractors, experts, or consultants.  Without limiting the term "control," as used in the preceding sentence, a document is deemed to be in your or Plaintiffs' control if you or Plaintiffs have the right to secure the document or a copy thereof from another person or entity having actual possession thereof.

4.     If you do not answer any request for production, or part thereof, on the basis of a

9

EXHIBIT  1
Page  9  of  18

privilege, you shall state the privilege you are asserting and all facts which support assertion of the privilege, including: the date of the document, who prepared it, to whom it was distributed, the type of document, and the subject matter of the document.

5.    If you object or otherwise decline to answer any portion of a request for production of documents, provide all information called for by that portion of the request to which no objection is made.  If you object to a request on the grounds that it is too broad (i.e., that it calls both for documents which are relevant to the subject matter of the action and information or documents which are not), you shall provide the documents that are relevant.  If you object to a request on the grounds that it constitutes an undue burden, you shall provide all requested documents that can be supplied without undertaking an undue burden.  For those portions of a request to which you object or otherwise decline to answer, you shall state the reason for such objection or declination.

6.    If, in responding to any of these requests for production, you encounter any ambiguity in construing any portion of a request for production, a definition, or an instruction, please state with specificity that matter deemed ambiguous and identify the construction chosen or used in responding to the request for production.

7.    Words used in the plural shall also be taken to mean and include the singular. Words used in the singular shall also be taken to mean and include the plural.  The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request for production of documents inclusive rather than exclusive.  The past tense of a verb shall include the present tense.  The present tense of a verb shall include the past tense.

8.    You are requested to produce for inspection and copying the documents requested

10

EXHIBIT _i_
Page _10_ of _18_

in the following requests for production at the offices of the United States Department of Justice, Environment and Natural Resources Division, 801 B Street, Suite 504, Anchorage, Alaska 99501, within 30 days of the service of these requests for production of documents.

**INTERROGATORIES**

INTERROGATORY NO. 1:

Identify those waters in Prince William Sound, Lower Cook Inlet, and the Gulf of Alaska over which you claim aboriginal rights, including but not limited to providing a map identifying these areas.

INTERROGATORY NO. 2:

State each and every fact that supports the contention that you have aboriginal rights in the areas identified in your response to Interrogatory No. 1, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 3:

Identify all time periods during which you claim you exercised exclusive use and occupancy of the areas identified in Interrogatory No. 1, state each and every fact that supports the contention that you used the waters identified in your response to Interrogatory No. 1 in an exclusive manner, and identify any relevant documents and individuals with knowledge of each fact and document.

INTERROGATORY NO. 4:

Describe any and all uses of the areas identified in your response to Interrogatory No. 1 by you, other Plaintiffs, or any other Alaska Natives before 1900, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

11

EXHIBIT  1
Page  11  of  18

INTERROGATORY NO. 5:

Identify all facts and law supporting the contention that the uses described in Interrogatory No. 4 support your claim to aboriginal rights, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 6:

State each and every fact that supports the contention that you did not abandon any aboriginal rights you possessed in any of the areas identified in Interrogatory No. 1, and identify all documents relating to these facts and all persons with knowledge of each fact and document

INTERROGATORY NO. 7:

State each and every fact that supports the contention that you hunted or fished while traveling to Middleton Island, or any other destination within the areas identified in Interrogatory No. 1, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 8:

State each and every fact that supports the contention that Plaintiffs, or any other combination of Plaintiffs, were a single land-holding entity prior to 1900, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 9:

Identify any portions of the areas identified in Interrogatory No. 1 that were used by Plaintiffs, or any other combination of Plaintiffs, jointly and amicably, and state each and every fact that supports the contention that such use was joint and amicable, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

12

EXHIBIT  1
Page  12  of  18

INTERROGATORY NO. 10:

Please set forth all facts on which you are relying to establish that you or other Plaintiffs fished for halibut or sablefish prior to 1900 in the areas identified in Interrogatory No. 1, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 11:

Please set forth all facts relating to any fishing, hunting, or other natural resource exploitation practices or patterns of Alaska Natives other than Plaintiffs in Prince William Sound, Lower Cook Inlet or the Gulf of Alaska prior to 1900, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 12:

Please set forth all facts relating to any fishing, hunting, or other natural resource exploitation practices or patterns of you or other Plaintiffs in Prince William Sound, Lower Cook Inlet or the Gulf of Alaska prior to 1900, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 13:

Please set forth all facts relating to any claims to, use or defense of, or travel through, Prince William Sound, Lower Cook Inlet or the Gulf of Alaska by you or other Plaintiffs prior to 1900, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 14:

Please set forth all facts relating to any claims to, use or defense of, or travel through,

13

EXHIBIT __1__
Page _13_ of _18_

Prince William Sound, Lower Cook Inlet or the Gulf of Alaska by Alaska Natives other than Plaintiffs prior to 1900, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 15:

Please set forth all facts relating to whether and how you, other Plaintiffs, and other Alaska Natives defined socioterritorial or sociopolitical boundaries of areas in Prince William Sound, Lower Cook Inlet or the Gulf of Alaska over time, and whether and how you, other Plaintiffs, and other Alaska Natives excluded other groups, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 17:

Identify each fish or marine mammals species, or other natural resource, for which you fished, hunted, or otherwise exploited in the areas identified in Interrogatory No. 1, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 18:

Identify all time periods during which you claim that you exercised actual use and occupancy of the areas identified in Interrogatory No. 1, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 19:

Identify all Bureau of Indian Affairs/Alaska Native Claims Settlement Act collection of 14(h)(1) interviews that reference long-distance travel, navigation, or natural resource procurement by you or other Plaintiffs, or which otherwise support your claim to aboriginal rights, and identify all documents relating to these facts and all persons with knowledge of each

EXHIBIT 1
Page 14 of 18

fact and document.

INTERROGATORY NO. 20:

Please set forth all facts and data supporting your contention that sperm whales, gray whales, big mouth sculpin, rougheye rockfish, and fur seals are not available in the waters of Prince William Sound, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 21:

Please set forth all facts and data supporting your contention that you fished for halibut and gray cod all year round prior to 1900, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 22:

Please set forth all facts and data supporting your contention that there are no sea lion rookeries in Prince William Sound and that sea lions enter Prince William Sound only seasonally, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 23:

Please set forth all facts and data supporting your contention that aboriginal cultures in general do not maintain authority over territorial annexes, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

INTERROGATORY NO. 24:

Please set forth all facts and data supporting the contention that the Koniag entered into the areas identified in Interrogatory No. 1 only after the Russians had secured permission from

15

EXHIBIT  1
Page  15 of  18

you or other Plaintiffs, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      All documents consulted, relied upon, identified, or referred to in preparing your responses to Defendant's First Set of Interrogatories.

2.      All documents that you may use at trial to impeach any witnesses identified on Defendant's preliminary witness list.

3.      The document identified by Herman Moonin during his deposition relating to a list of natural resources used by Plaintiffs.

Dated: May 14, 2008

                              RONALD J. TENPAS
                              Assistant Attorney General

                              BRIAN MCLACHLAN (D.C. 472413)
                              U.S. Department of Justice
                              Environment & Natural Resources Division
                              c/o United States Attorney's Office
                              700 Stewart Street, Suite 5220
                              Seattle, Washington 98101-1271
                              Tel: (206) 553-4148
                              Fax: (206) 553-4067
                              brian.mclachlan@usdoj.gov

                              BEVERLY F. LI (WSBA # 33267)
                              U.S. Department of Justice
                              Environment & Natural Resources Division
                              P.O. Box 663
                              Washington, D.C. 20044-0663
                              Telephone: 202-353-9213
                              Facsimile: 202-305-0506

16

EXHIBIT 1
Page 16 of 18

beverly.li@usdoj.gov

DEAN K. DUNSMORE
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile:(907) 271-5827
dean.dunsmore@usdoj.gov

Attorneys for Federal Defendant

17

EXHIBIT  1
Page  17  of  18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 14, 2008, the foregoing DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF NATIVE VILLAGE OF EYAK were served on the following counsel of record via electronic mail:

Goriune Dudukgian
gdudukgian@alsc-law.org

Natalie Landreth
landreth@narf.org

Richard de Bodo
rdebodo@hhlaw.com.

Counsel for Defendant

18

EXHIBIT 1
Page 18 of 18