Natalie Landreth
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 505
Anchorage, Alaska 99501
Phone: (907) 276-0680
Facsimile: (907) 276-2466
Email: landreth@narf.org

Goriune Dudukgian
ALASKA LEGAL SERVICES CORPORATION
1016 West 6th Ave., Suite 200
Anchorage, Alaska 99501
Phone: (907) 222-4524
Facsimile: (907) 279-7417

Rich de Bodo
HOGAN & HARTSON LLP
1999 Avenue of the Stars Suite 1400
Los Angeles, California 90067
Phone: (907) 310-785-4694
Facsimile: (907) 785-4601

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| EYAK *et al.*,<br><br>               Plaintiffs,<br><br>v.<br><br>CARLOS GUTIERREZ, SECRETARY OF<br>COMMERCE<br><br>               Defendant. | Case No. A98-365-CV (HRH)<br><br>**PLAINTIFFS' COMBINED RESPONSE<br>TO DEFENDANT'S FIRST SET OF<br>INTERROGATORIES AND FIRST<br>REQUESTS FOR PRODUCTION** |

## INTERROGATORIES

Plaintiffs, by and through undersigned counsel, and pursuant to Rule 34 of the

Federal Rules of Civil Procedure, will submit their responses to the Defendant's

interrogatories in accordance with the objections outlined below.

Plaintiffs respond to this discovery without precluding their ability to rely upon additional documents obtained hereafter to support their contentions at the trial of this matter. Most importantly, Plaintiffs do not yet have copies of any expert depositions and thus cannot cite to specific evidence from those depositions here. By producing or failing to produce some or all of the requested documents, plaintiffs do not concede the relevance or materiality of any request or the subject to which it relates.

Inadvertent production of privileged information by plaintiffs shall not constitute waiver of any applicable privilege or doctrine, including, but not limited to, objections on the basis of confidentiality, relevance, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

*Plaintiffs respond to the Defendant's interrogatories as follows*

## **GENERAL OBJECTIONS**

Plaintiffs object to Defendant's interrogatories on the grounds that they were not timely served. Under Federal Rule of Civil Procedure 6(d), if service is made by electronic mail, "3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d), 5(b)(2)(E). Defendant served its interrogatories on May 14th, 2008 by electronic mail, and responses would therefore be due Monday, June 16th – *i.e.*, three days after the close of discovery. As a result, Plaintiffs are under no obligation to respond to this untimely discovery. Plaintiffs further object to the method of service of the discovery requests, because there was no express consent in writing for these requests to be served by electronic mail, as required by Federal Rule of Civil Procedure 5(b)(2)(E); *see also* Advisory Committee Note to the 2001 amendments concerning Rule 5(b)(2)(E) (formerly Rule

5(b)(2)(D)) (consent must "be express and cannot be implied from conduct"). Plaintiffs have not expressly consented in writing to service of these discovery requests by electronic mail.

Plaintiffs object to the Defendant's interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege.

Plaintiffs further object to each and every interrogatory to the extent that it calls for disclosure of information beyond the scope of what is required to be disclosed under Rule 26(a) and (b), 33, and 34 of the Federal Rules of Civil Procedure.

In addition, Plaintiffs object to each and every one of the Defendant's interrogatories to the extent it calls for information protected by the United States Constitution and any applicable statute, including, but not limited to, the right of privacy. *Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992).

Plaintiffs also object to each and every one of the Defendant's interrogatories to the extent that it calls for information to which the Defendants have equal or greater access than Plaintiffs, including documents that are in the possession, custody, or control of Defendants or their employees or agents. Plaintiffs further objects to each of the Defendant's interrogatories to the extent that they would require them to obtain and compile information from third parties. Plaintiffs shall respond to the interrogatories as directed only to the non-privileged documents within their possession, custody or control.

Plaintiffs object to the definitions section provided by Defendants to the extent that such definitions are confusing, ambiguous, unintelligible, and call for information well beyond the scope of this case. Plaintiffs object to the instructions section provided by

Defendants to the extent that such instructions are confusing, vague, and call for information well beyond the scope of this case.

## SPECIFIC RESPONSES AND OBJECTIONS

INTERROGATORY NO 1

Identify those waters in Prince William Sound, Lower Cook Inlet, and the Gulf of Alaska over which you claim aboriginal rights, including but not limited to providing a map identifying these areas.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege. Plaintiffs further object on the grounds that this information has already been provided during discovery and is already in Defendant's possession.

INTERROGATORY NO. 2

State each and every fact that supports the contention that you have aboriginal rights in the areas identified in your response to Interrogatory No. 1, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege. Plaintiffs object on the grounds that this information has already been provided and is already in Defendant's possession. Plaintiffs also object on the grounds that

the question is vague and vastly overbroad in that it arguably includes each document

produced by Plaintiffs in this case. This information includes, but is not limited to, all

pleadings, all expert reports, and all witness depositions filed in this case.

INTERROGATORY NO. 3

Identify all time periods during which you claim you exercised exclusive use and occupancy

of the areas identified in Interrogatory No. 1, state each and every fact that supports the

contention that you used the waters identified in your response to Interrogatory No. 1 in an

exclusive manner, and identify any relevant documents and individuals with knowledge of

each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs also object on the grounds

that this request calls for information protected by confidentiality and/or the trade secret

privilege. Plaintiffs object to this interrogatory to the extent that it seeks information that is

protected from disclosure by the attorney-client privilege, the work product privilege, or any

other applicable privilege. Plaintiffs object on the grounds that this information has already

been provided and is already in Defendant's possession. Plaintiffs object that this question is

overbroad, vague, and cumulative of the previous request.

INTERROGATORY NO. 4

Describe any and all uses of the areas identified in your response to Interrogatory No. 1 by

you, other Plaintiffs, or any other Alaska Native before 1900, and identify all documents

relating to these facts and all persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to

the extent that it seeks information that is protected from disclosure by the attorney-client

privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object

on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege. Plaintiffs object on the grounds that this information has already been provided and is already in Defendant's possession. Plaintiffs also object that this question is compound and vague, and overbroad in its use of "any other Alaska Native."

INTERROGATORY NO. 5

Identify all facts and law supporting the contention that the uses described in Interrogatory No. 4 support your claim to aboriginal rights, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege. Plaintiffs object to this question on the grounds that it is vastly overbroad and would arguably include each document filed and produced in this case thus far. The request is also compound and vague. Furthermore, this interrogatory calls for a legal conclusion, and the legal bases for aboriginal rights have been detailed in previous summary judgment briefing, including but not limited to the plaintiffs' opposition to Defendant's motion for summary judgment. Finally, the interrogatory calls for information already in Defendant's possession.

INTERROGATORY NO. 6

State each and every fact that supports the contention that you did not abandon any aboriginal rights you possessed in any of the areas identified in Interrogatory No. 1, and

EXHIBIT 2
Page 6 of 23

identify all documents relating to these facts and all personal with knowledge of each fact
and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to
the extent that it seeks information that is protected from disclosure by the attorney-client
privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object
on the grounds that this request calls for information protected by confidentiality and/or the
trade secret privilege. Plaintiffs object to this interrogatory on the grounds that it is
compound and vague. Furthermore, Plaintiffs object to this interrogatory as irrelevant
because the Department of Commerce's 30(b)(6) deponent stated that the Defendant was *not*
arguing that the Chugach had abandoned their areas of use and occupancy.

INTERROGATORY NO. 7

State each and every fact that supports the contention that you hunted or fished while
traveling to Middleton Island, or any other destination within areas identified in Interrogatory
No. 1, and identify all documents relating to these facts and all persons with knowledge of
each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to
the extent that it seeks information that is protected from disclosure by the attorney-client
privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object
on the grounds that this request calls for information protected by confidentiality and/or the
trade secret privilege. Plaintiffs object to this interrogatory on the grounds that it is vague,
overbroad, compound and is unduly burdensome; it is not possible to describe each instance
of hunting and fishing while traveling to any destination. This request also duplicates the

information in requests number 4 and 5. Finally, Plaintiffs object on the grounds that this interrogatory calls for information already within the Defendant's possession.

INTERROGATORY NO. 8

State each and every fact that supports the contention that Plaintiffs, or any other combination of Plaintiffs, were a single land-holding entity prior to 1900, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege. Plaintiffs further object to this interrogatory on the grounds that it is vague, overbroad, calls for numerous permutations of information and is therefore compound, and it requests information already in Defendant's possession.

INTERROGATORY NO. 9

Identify any portions of the areas identified in Interrogatory No. 1 that were used by Plaintiffs, or any other combination of Plaintiffs, jointly and amicably, and state each and every fact that supports the contention that such use was joint and amicable, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege. Plaintiffs further object to this interrogatory on the grounds that it is

EXHIBIT 2
Page 8 of 23

vague, overbroad (especially as to time), calls for numerous permutations of information and is therefore compound, and it requests information already in Defendant's possession.

## INTERROGATORY NO. 10

Please set forth all facts on which you are relying to establish that you or other Plaintiffs fished for halibut or sablefish prior to 1900 in the areas identified in Interrogatory No. 1, and identify all documents relating to these and all persons with knowledge of each fact and documents.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege. Plaintiffs further object to this interrogatory on the grounds that it is vague, overbroad, compound, and it requests information already in Defendant's possession. Plaintiffs also object to this interrogatory on the grounds that the year 1900 is an arbitrary marker and that information regarding specific species is irrelevant because aboriginal rights are determined as to an area, not as to individual species.

## INTERROGATORY NO. 11

Please set forth all facts relating to any fishing, hunting, or other natural resource exploitation practices or patterns of Alaska Natives other than Plaintiffs in Prince William Sound, Lower Cook Inlet or the Gulf of Alaska prior to 1900, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client

privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object

on the grounds that this request calls for information protected by confidentiality and/or the

trade secret privilege. Plaintiffs further object to this interrogatory on the grounds that it is

vague, overbroad (especially as to area), compound, calls for information beyond the scope

of discovery (that is therefore irrelevant) and requests information already in Defendant's

possession.

INTERROGATORY NO. 12

Please set forth all facts relating to any fishing, hunting, or other natural resource exploitation

practices or patterns of you or other Plaintiffs in the Prince William Sound, Lower Cook Inlet

or the Gulf of Alaska prior to 1900 and identify all documents relating to these facts and all

persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to

the extent that it seeks information that is protected from disclosure by the attorney-client

privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object

on the grounds that this request calls for information protected by confidentiality and/or the

trade secret privilege. Plaintiffs further object to this interrogatory on the grounds that it is

vague (especially as to "natural resource exploitation practices or patterns"), overbroad

(especially as to area), compound, and it requests information already in Defendant's

possession. Furthermore, this interrogatory is cumulative of other requests, especially 1, 2, 5,

and 7.

INTERROGATORY NO. 13

Please set forth all facts relating to any claims to, use or defense of, or travel through, Prince

William Sound, Lower cook Inlet or the gulf of Alaska by you or other Plaintiffs prior to

1900, and identify all documents relating to these fact sand all persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections.   Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege.  Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege.  Plaintiffs further object to this interrogatory on the grounds that it is vague, vastly overbroad, confusing, compound, and it requests information already in Defendant's possession.  Furthermore, this interrogatory is cumulative of other requests, especially 1 through 5, 7, 11 and 12.

INTERROGATORY NO. 14

Please set forth all facts relating to any claims to, use or defense of, or travel through, Prince William Sound, Lower Cook Inlet or the Gulf of Alaska by Alaska Natives other than Plaintiffs prior to 1900, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections.  Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege.  Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege.  Plaintiffs further object to this interrogatory on the grounds that it is vague, vastly overbroad, confusing, compound, and it requests information already in Defendant's possession.  Furthermore, this interrogatory is cumulative of other requests,

especially 1 through 5, 7, 11 and 12. Plaintiffs also object on the grounds that this request

calls for information that is irrelevant and therefore beyond the scope of discovery.

INTERROGATORY NO. 15

Please set forth all facts relating to whether and how you, other Plaintiffs, and other Alaska

Natives defined socioterritorial or sociopolitical boundaries of areas in Prince William

Sound, Lower Cook Inlet or the Gulf of Alaska over time, and whether and how you, other

Plaintiffs, and other Alaska Natives excluded other groups, and identify all documents

relating to these facts and all persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to

the extent that it seeks information that is protected from disclosure by the attorney-client

privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object

on the grounds that this request calls for information protected by confidentiality and/or the

trade secret privilege. Plaintiffs object to this interrogatory as compound in both asking

about multiple groups *and* in asking for information about both socioterritorial boundaries

and methods of exclusion. Plaintiffs also object that the interrogatory overbroad, and

extremely burdensome by asking about methods of exclusion by *all* Alaska Natives in *any*

areas of the world, most of whom have absolutely no connection to this case. The Plaintiffs

further object that the interrogatory is overbroad and irrelevant in asking about how *all*

Alaska Natives would define the socioterritorial and sociopolitical boundaries of areas in

Prince William Sound, Lower Cook Inlet, or the Gulf of Alaska. Finally, plaintiffs object on

the grounds that it requests information already in Defendant's possession.

INTERROGATORY NO. 17

<u>Identify each fish or marine mammal species, or other natural resource, for which you fished,</u>
<u>hunted, or otherwise exploited in the areas identified in Interrogatory No. 1, and identify all</u>
<u>documents relating to these facts and all persons with knowledge of each fact and document.</u>

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to
the extent that it seeks information that is protected from disclosure by the attorney-client
privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object
on the grounds that this request calls for information protected by confidentiality and/or the
trade secret privilege. Plaintiffs object that his interrogatory is vague, overbroad (in asking
about all resource use and any exploitation) and overly burdensome by not identifying time
periods of interest. Finally, plaintiffs object on the grounds that it requests information
already in Defendant's possession.

INTERROGATORY NO. 18

<u>Identify all time periods during which you claim that you exercised actual use and occupancy</u>
<u>of the areas identified in Interrogatory No. 1, and identify all documents relating to these</u>
<u>facts and all persons with knowledge of each fact and document.</u>

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to the
extent that it seeks information that is protected from disclosure by the attorney-client
privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object
on the grounds that this request calls for information protected by confidentiality and/or the
trade secret privilege. Plaintiffs object that this interrogatory is vague (especially as to
"actual") and cumulative of requests 3,5,9,12 and 13. Finally, plaintiffs object on the
grounds that it requests information already in Defendant's possession.

INTERROGATORY NO. 19

Identify all Bureau of Indian Affairs/Alaska Native Claims Settlement Act collection of 14(h)(1) interviews that reference long-distance travel, navigation, or natural resource procurement by you or other Plaintiffs, or which otherwise support your claim to aboriginal rights, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege. Plaintiffs object on the grounds that this information is in the possession of another federal agency and thus more readily available to Defendant. Plaintiffs object that this question is extremely broad and mostly irrelevant, as it does not specify types or distance of travel, time periods, or geographic areas of interest. Additionally, plaintiffs object that the interrogatory is compound and vague.

INTERROGATORY NO. 20

Please set forth all facts and data supporting your contention that sperm whales, gray whales, big mouth sculpin, rougheye rockfish, and fur seals are not available in the waters of Prince William Sound, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the

trade secret privilege. Plaintiffs object on the grounds that this information has already been provided and is already in Defendant's possession. Plaintiffs also object that this interrogatory is compound.

INTERROGATORY NO. 21

Please set forth all facts and data supporting your contention that you fished for halibut and gray cod all year round prior to 1900, and identify all documents relating to these facts and all person with knowledge of each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege. Plaintiffs object on the grounds that this information has already been provided and is already in Defendant's possession. Plaintiffs also object that this interrogatory is compound and vague, and that the year 1900 is arbitrary and irrelevant.

INTERROGATORY NO. 22

Please set forth all facts and data supporting your contention that there are no sea lion rookeries in Prince William Sound and that sea lions enter Prince William Sound only seasonally, and identify documents relating to these facts and all persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the

trade secret privilege. Plaintiffs object on the grounds that this information has already been provided and is already in Defendant's possession. Plaintiffs also object that this interrogatory is compound.

INTERROGATORY NO. 23

Please set forth all facts and data supporting your contention that aboriginal cultures in general do not maintain authority over territorial annexes, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege. Plaintiffs object on the grounds that this information has already been provided and is already in Defendant's possession.

INTERROGATORY NO. 24

Please set forth all facts and data supporting the contention that the Koniag entered into the areas identified in Interrogatory No. 1 only after the Russians had secured permission from you or other Plaintiffs, and identify all documents relating to these facts and all persons with knowledge of each fact and document.

Plaintiffs incorporate their general objections. Plaintiffs object to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege. Plaintiffs object on the grounds that this information has already been

EXHIBIT 2
Page 16 of 23

provided and is already in Defendant's possession. Plaintiffs also object that this interrogatory misstates the Plaintiffs' characterization of the facts and is overbroad in not limiting the time periods or purposes of Koniag incursions.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs, by and through undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, will submit their responses to the Defendant's requests for production in accordance with the objections outlined below.

Plaintiffs respond to these requests for production without precluding their ability to rely upon additional documents obtained to support his contentions at the trial of this matter. By producing or failing to produce some or all of the requested documents, Plaintiffs do not concede the relevance or materiality of any request or the subject to which it relates.

Inadvertent production of privileged information by Plaintiffs shall not constitute waiver of any applicable privilege or doctrine, including, but not limited to, objections on the basis of confidentiality, relevance, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

*Plaintiffs respond to the Defendant's requests for production as follows*

## GENERAL OBJECTIONS

Plaintiffs object to Defendant's requests on the grounds that they were not timely served. Under Federal Rule of Civil Procedure 6(d), if service is made by electronic mail, "3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d), 5(b)(2)(E). Defendant served its interrogatories on May 14th, 2008 by electronic mail, and responses would therefore be due Monday, June 16th – *i.e.*, three days after the close of discovery. As a result, Plaintiffs are under no obligation to respond to this untimely discovery. Plaintiffs further object to the method of service of the discovery requests, because there was no express consent in writing for these requests to be served by electronic mail, as required by Federal Rule of Civil Procedure 5(b)(2)(E); *see also* Advisory

EXHIBIT 2
Page 18 of 23

Committee Note to the 2001 amendments concerning Rule 5(b)(2)(E) (formerly Rule 5(b)(2)(D)) (consent must "be express and cannot be implied from conduct"). Plaintiffs have not expressly consented in writing to service of these discovery requests by electronic mail.

Plaintiffs object to the Defendant's requests to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege.

Plaintiffs further object to each and every request to the extent that it calls for disclosure of information beyond the scope of what is required to be disclosed under Rule 26(a) and (b), 33, and 34 of the Federal Rules of Civil Procedure.

In addition, Plaintiffs object to each of the Defendant's requests to the extent they call for information protected by the United States Constitution and any applicable statute, including, but not limited to, the right of privacy. *Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992).

Plaintiffs also object to each of the Defendant's requests to the extent that they call for information to which the Defendant has equal or greater access than Plaintiffs, including documents that are in the possession, custody, or control of Defendant or its employees or agents. Plaintiffs further object to each of the Defendant's requests to the extent that they would require them to obtain and compile information from third parties. Plaintiffs shall respond to the requests as directed only to the non-privileged documents within their possession, custody or control.

## SPECIFIC RESPONSES AND OBJECTIONS

### RFP NO. 1

EXHIBIT _2_
Page _19_ of _23_

All documents consulted, relied upon, identified, or referred to in preparing your responses to Defendant's First Set of Interrogatories.

Plaintiffs incorporate their general objections. Plaintiffs object to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege. Plaintiffs further object that this RFP is compound in that it requests 23 categories of documents, overbroad, and duplicative of requests made in the interrogatories themselves.

RFP NO. 2

All documents that you may use at trial to impeach any witnesses identified on Defendant's preliminary witness list.

Plaintiffs incorporate their general objections. Plaintiffs object to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege. Plaintiffs further object on the grounds that such documents are equally available to Defendant.

RFP NO. 3

The document identified by Herman Moonin during his deposition relating to a list of natural resources used by Plaintiffs.

Plaintiffs incorporate their general objections. Plaintiffs object to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product privilege, or any other applicable privilege. Plaintiffs also object on the grounds that this request calls for information protected by confidentiality and/or the trade secret privilege. Plaintiffs also object on the ground that this requires Plaintiffs to compile information from third parties.

DATED this 13th day of June 2008.

s/nlandreth

Natalie A. Landreth (Bar no. 0405020)
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 505
Anchorage, Alaska 99501
Phone: (907) 276-0680
Facsimile: (907) 276-2466
Email: landreth@narf.org

## ATTORNEY CERTIFICATION

I, Natalie Landreth, counsel for Plaintiffs, hereby certify that the foregoing responses to the interrogatories and requests for production comply with Federal Rule of Civil Procedure 26(g).

Natalie A. Landreth (Bar. No. 0405020)
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 505
Anchorage, AK 99501

## CERTIFICATE OF SERVICE

I, Natalie Landreth, certify that a true and correct copy of PLAINTIFFS' COMBINED
RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST
REQUEST FOR PRODUCTION in Case No. A98-365-CV (HRH)
was served by email on Friday, June 13th, upon:

brian.mclachlan@usdoj.gov

and by first class mail upon:

Brian McLachlan
Department of Justice, Environment and Natural Resources Division
700 Stewart Street, Room 5220
Seattle, Washington 98101-1271

Beverly F. Li and Joe Kim
Department of Justice, Environment and Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663

Dean K. Dunsmore
Department of Justice, Environment and Natural Resources Division
801 B Street, Suite 504
Anchorage, AK 99501-3657


                              s/nlandreth