**Carter, Lorraine (ENRD)**

**From:** Natalie Landreth [landreth@narf.org]
**Sent:** Wednesday, July 02, 2008 9:56 PM
**To:** Kim, Joseph (ENRD); McLachlan, Brian (ENRD); Li, Beverly (ENRD)
**Cc:** 'de Bodo, Richard'; 'Goriune Dudukgian'; 'Lee, Lynn Y.'
**Subject:** RE: Plaintiffs' Responses to Defendants' Interrogatories and Requests for Production of Documents

Hello Joe --

We have reviewed your requests for additional information in response to the interrogatories and RFPs you identified. First, we remind you that the discovery was not timely served, that we are therefore under no obligation to respond, and that we responded only as a matter of professional courtesy. Second, we note that the Government's own interrogatory responses did not rise to detailed standard that you are proposing here. Third, we believe that Plaintiffs have already provided the information you are requesting.

With respect to interrogatory number 1, we direct you to the maps we cited in our responses and the deposition of Matt Ganley as well as the deposition of Bob Henrichs in which he discussed the same maps (I believe this is on the second day). With respect to interrogatory number 19, we have (as you noted) identified the two interviews that Mr. Ganley mentioned in his report (P-2). Those interviews not in our possession – they are held by the Government and we merely cited in P-2 the relevant ones of which we are aware. Finally, with respect to RFP 3, as we have previously told you, we do not have the document, and neither does Mr. Moonin. We did in fact ask him and the Port Graham council for a copy and none was located. If you locate a copy, we would also like to see it.

Thank you, Natalie


*Natalie Landreth*
*Staff Attorney*
*Native American Rights Fund*
*420 L Street, Suite 505*
*Anchorage, Alaska 99501*
*ph: 907-276-0680*
*fax: 907-276-2466*

This electronic message transmission contains information from the Native American Rights Fund which may be confidential, privileged and/or attorney work product. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by email and delete the original message

**From:** Kim, Joseph (ENRD) [mailto:Joseph.Kim@usdoj.gov]
**Sent:** Monday, June 23, 2008 7:22 PM
**To:** Natalie Landreth; gdudukgian@alsc-law.org; de Bodo, Richard
**Cc:** McLachlan, Brian (ENRD); Li, Beverly (ENRD)
**Subject:** RE: Plaintiffs' Responses to Defendants' Interrogatories and Requests for Production of Documents

Counsel:

We write to follow up on Plaintiffs' responses to Defendants' written discovery requests -- the interrogatories and

7/24/2008

EXHIBIT 5
Page 1 of 3

the requests for production of documents. We find your responses to be deficient in several respects. Solely for the purpose of attempting to move beyond these problems, I highlight here four specific problems areas. The fact that only four areas are highlighted here does not mean that we have not identified other problems or issues, and is not meant to waive any objections we may have. If you believe you would find it productive to discuss other areas, and thus might be willing to amend or supplement your responses in other ways, please let us know, and we would be happy to give you an opportunity to do so now.

1. Your response to Interrogatory No. 1 is at least vague and possibly incomplete. We have asked you in a rather straightforward manner to identify the areas in which you claim any aboriginal rights. Your response incorporates, among other items, two different maps of the area (Figure 22 of a Ganley report and an ANCSA 1968 claim map). Given the differences in these two maps, it is not clear what your response is to this interrogatory. If you are claiming that each identified source is incomplete, insufficient, or over inclusive, and thus claiming some type of composite area, you need to make this clear and describe the claimed area with reasonable specificity. Or, if you are not making this claim, then you have not made any delineation of your claimed areas at all, and thus have simply not answered our question. You must make your response clear and affirmatively set forth your claimed areas.

2. Your response to Interrogatory No. 3 is incomplete. We have asked you in a rather straightforward manner to identify certain time periods associated with your claims. Your response has no clear end period, but simple states that it extends to some time "well beyond that" (with "that" presumably referring to the time of first contact with the Russians). You must provide some ending to this time period or expressly state that you continue to claim exclusive use and occupancy of your claimed areas. Even if you cannot give a precise time or date, you must at least respond with whatever degree of precision may be reasonably possible.

3. Your response to Interrogatory No. 19 is incomplete. We have asked you in a rather straightforward manner to identify certain specific BIA interviews (perhaps also known as oral histories) that reference specific topics that you have used to support your claims. Your response generally references the deposition of Mr. Johnson and the expert reports of Mr. Ganley, who generally reference such interviews and/or oral histories (thus confirming the relevance of this request), but with the exception of vague references to 3 interviews (Mr. Chemavitsky and 2 for Mr. Klashnikoff) you do not identify any of the supposed "numerous" references Mr. Ganley referenced that would allow us to obtain and review the transcripts and/or tapes (putting to the side, for now, whether we should even have to procure those documents ourselves instead of having them made available through the discovery process). You must at least provide enough specificity to allow us to identify and obtain these documents ourselves.

4. Your response to Request for Production No. 3 is incomplete. We have asked you in a rather straightforward manner to identify a specific document referenced at deposition by one of the individual members of one of the Plaintiff Villages. Your response does not provide us with specific enough information to allow us to obtain this document (again putting to the side, for now, whether we should even have to procure this document ourselves instead of having it made available through the discovery process). You must at least provide enough specificity to allow us to obtain this document ourselves.

Given the speed with which the various pre-trial events are moving, we need at least a confirmation by this Wednesday that these corrected responses will be provided, and the corrected responses themselves no later than midnight this Sunday.

Joe

---

**From:** Natalie Landreth [mailto:landreth@narf.org]
**Sent:** Tuesday, June 17, 2008 3:17 AM
**To:** McLachlan, Brian (ENRD); Li, Beverly (ENRD); Kim, Joseph (ENRD)
**Cc:** 'de Bodo, Richard'; gdudukgian@alsc-law.org
**Subject:** discovery responses

EXHIBIT 5
Page 2 of 3

7/24/2008

*Natalie Landreth*
*Staff Attorney*
*Native American Rights Fund*
*420 L Street, Suite 505*
*Anchorage, Alaska 99501*
*ph: 907-276-0680*
*fax: 907-276-2466*

This electronic message transmission contains information from the Native American Rights Fund which may be confidential, privileged and/or attorney work product. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by email and delete the original message

EXHIBIT 5
Page 3 of 3

7/24/2008