RONALD J. TENPAS
Assistant Attorney General

BRIAN A. MCLACHLAN
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

Attorneys for Federal Defendants
(Additional Counsel Listed in Signature Block)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| NATIVE VILLAGE OF EYAK,<br>NATIVE VILLAGE OF TATITLEK,<br>NATIVE VILLAGE OF CHENEGA,<br>(aka CHENEGA BAY), NATIVE<br>VILLAGE OF NANWALEK, NATIVE<br>VILLAGE OF PORT GRAHAM,<br><br>        Plaintiffs,<br><br>    v.<br><br>CARLOS GUTIERREZ, Secretary<br>of Commerce,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. A98-365-CV (HRH)<br><br>**DEFENDANT'S MEMORANDUM IN<br>SUPPORT OF MOTION TO COMPEL<br>INTERROGATORY RESPONSES** |

### TABLE OF EXHIBITS

EXHIBIT          DOCUMENT

1          Defendant's First Set of Interrogatories and First Requests for Production to Plaintiff Native Village of Eyak, dated May 14, 2008.

2          Plaintiffs' Combined Response to Defendant's First Set of Interrogatories and First Requests for Production, dated June 13, 2008.

3          Comprehensive Map of Resource Use Areas for the Communities of Tatitlek, Nanwalek, Prot Graham, Chenega Bay and Cordova (previously filed as P-2 at Figure 22) ("Figure 22").

4          1968 Alaska Native Claim Settlement Act claim map ( previously filed as P-2 at Figure 21) ("ANCSA map").

5          Email between Natalie Landreth and Joseph Kim, dated July 2, 2008.

6          Excerpts from Deposition of Bob James Henrichs taken on June 5, 2008.

7          Excerpts from Deposition of Matt Ganley taken on June 6, 2008.

Defendant, Carlos Gutierrez, Secretary of Commerce, hereby submits this Memorandum in Support of his Motion to Compel Interrogatory Responses.

In his first interrogatory to Plaintiffs, Defendant requested that Plaintiffs identify those waters over which they claim aboriginal rights.  In his third interrogatory, Defendant requested Plaintiffs to identify all time periods during which Plaintiffs claim to have exercised *exclusive* use and occupancy of the areas identified in interrogatory number 1.   These questions go to the heart of this case and require a straightforward response.  Instead, Plaintiffs have provided evasive and incomplete answers that have left Defendant unable to determine with reasonable accuracy the area(s) over which Plaintiffs claim aboriginal rights, and the period in which they claim exclusive use of such area(s).

### Background

On May 14, 2008, Defendant served his First Set of Interrogatories and First Request for Production on each of the five Plaintiffs.  See eg., Ex. 1 (Defendant's First Set of Interrogatories and First Request for Production to Plaintiff Native Village of Eyak).  Interrogatory number 1 requested that Plaintiffs "[i]dentify those waters of Prince William Sound, Lower Cook Inlet, and the Gulf of Alaska over which you claim aboriginal rights, including but not limited to providing a map identifying these areas." Id. at 11.  Interrogatory number 3, in relevant part, requested Plaintiffs to "[i]dentify all time periods during which you claim you exercised exclusive use and occupancy of the areas identified in Interrogatory No. 1." Id.

On June 6, 2008, Plaintiffs served their Combined Response to Defendant's First Set of Interrogatories (attached as Ex. 2).  In response to Interrogatory No. 1, instead of providing a straightforward answer, in addition to various objections, Plaintiffs answered that the area over

which they claim aboriginal rights was described *"in whole or in part* in *several places* in the record, *including but not limited* to" a map prepared by Plaintiffs' Expert Matt Ganley (and previously filed as P-2 at Figure 22) ("Figure 22") (attached as Ex. 3), the deposition of Matt Ganley, the 1968 Alaska Native Claim Settlement Act claim map ( previously filed as P-2 at Figure 21) ("ANCSA map") (attached as Ex. 4), sections of the deposition of Bob Henrichs, and "information may also be provided by Nick Tenape, Simon Kvasnikoff, Herman Moonin, Robert Henrichs, Nenry Makarka, Pete Kompkoff, and Ken Vlasoff." Ex. 2 at 4-5.

In response to Interrogatory No. 3, instead of identifying a definite period during which they allege to have exercised exclusive use and occupancy of the claimed areas (and again in addition to various objections), Plaintiffs answered, in relevant part, that they "exclusively used and occupied the territory referenced in Interrogatory 1 before contact with the Russians, and maintained their use (while permitting some others to use the territory) *well beyond that*." Ex. 2 at 6 (emphasis added).

Plaintiffs' responses left Defendant unable to accurately determine the area over which Plaintiffs claim aboriginal rights, or when Plaintiffs claim of exclusive use ceased (assuming Plaintiffs admit such exclusive use has ceased). Accordingly, on June 23, 2008, Defendant requested Plaintiffs to clarify their responses. See Ex. 5 (email exchange between Defendant's counsel Joseph Kim and Plaintiffs' counsel Natalie Landreth). In connection with Plaintiffs' response to Interrogatory No. 1, Defense counsel noted that Plaintiffs' response incorporated, among other things, two different maps of the area, and that, given the differences in the maps, the area being claimed was not clear. Ex. 5 at 2. In connection with Plaintiffs' response to Interrogatory 3, Defense counsel explained that Plaintiffs failed to specify an end point for Plaintiffs' claim of exclusive use. Id.

Although Plaintiffs responded by email on July 3, 2008, they continued to provide an incomplete and evasive answer to Interrogatory No. 1, simply referencing the same inconsistent maps they had previously identified.  See Ex. 5 at 1.  And in connection with Defendant's request for Plaintiffs to clarify the end date of their alleged exclusive use, Plaintiffs did not respond at all. Id.

## Argument

In this action, Plaintiffs claim aboriginal rights over certain areas of the Gulf of Alaska and Lower Cook Inlet.  The Parties agree that Plaintiffs' claim is dependant on their ability to establish exclusive and continuous use and occupancy of the claimed area for a long period of time.  See Plaintiffs Trial Brief (Dkt. 142) at 4.  Defendant's Interrogatories 1 and 3 thus go to the heart of the matter in seeking to determine what area(s) Plaintiffs claim and during what specific period did Plaintiffs' ancestors satisfy the legal requirements to establish their claim.

Fed. R. Civ. P. 33 directs that "each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extend the interrogatory is not objectionable." Fed. R. Civ. P. 37 provides that a party seeking discovery may move for an order compelling an answer where "a party fails to answer an interrogatory . . ." and that an evasive or incomplete answer to an interrogatory is to be treated the same as a failure to answer.  Fed. R. Civ. P. 37(a)(3)(B)(iii) & (a)(5).  Here, Plaintiffs' answers to interrogatories 1 and 3 are incomplete and evasive.[1]

---

[1] Defendant held off filing this motion until now in the hope that Plaintiffs' Statement of Facts and/or Trial Brief might clarify their inadequate responses, thus obviating the need to involve the

1.     **Interrogatory 1**

Defendant is entitled to know what area Plaintiffs claim they have aboriginal rights over. Plaintiffs previously identified the area outlined in the Figure 22 as defining their claimed area. See Plaintiffs' Sur-Reply in Opposition to Defendant's Motion for Summary Judgment (Dkt. 90) at 6-7.   However, now they appear to be retreating from that definitive designation by also referencing the ANCSA map.  The crux of the problem is that although the maps overlap in certain areas, they also differ in significant respects.  For example, the ANCSA map does not de-mark any area within Cook Inlet or Shelikof Strait as claimed territory, whereas Figure 22 shows the same as "resource use areas" for the Plaintiff villages.  Compare Ex. 3 with Ex. 4.  Moreover, the deposition testimony of Plaintiffs' witnesses Mr. Henrichs (whom Plaintiffs designated to speak on their behalf pursuant to Fed. R. Civ. P. 30(b)(6)) and Mr. Ganley do not clarify the matter.  Mr. Henrichs defers in large measure to the maps included in Mr. Ganley's report, see Ex. 6 (Henrichs deposition at 58-60, 83-85, 154-60); Mr. Ganley, on the other hand, and with some qualifications regarding Lower Cook Inlet and Shelikof Strait, appears to suggest that the ANCSA map is the best representation of the area Plaintiffs' claim, see Ex. 7 (Ganley deposition at 103-08, 122-24).

Given the above ambiguity, Defendant's request that Plaintiffs identify their claimed areas is eminently reasonable and necessary for the litigation of this matter.  Defendant simply

---

Court.  Plaintiffs failed, however, to provide Defendant with a Statement of Facts, see Joint Statement of Uncontested Facts (Dkt. 135) at 3, notwithstanding that such a statement was required by the Court's pretrial order, see Order for Pretrial Proceedings and Final Pretrial Conference (Dkt. 123) at 2**,** and Plaintiffs' Trial Brief incorrectly maintains that the date Plaintiffs lost sovereignty is "fundamentally inapplicable to this case," see Plaintiffs' Trial Brief (Dkt. 123) at 11 n.21.

requests that Plaintiffs designate <u>either</u> Figure 22 or the ANCSA map as representing their claimed area, or, to the extent neither Figure 22 nor the ANCSA map accurately represents their claimed area, that Plaintiffs make this clear and describe their claimed area in a straightforward manner with reasonable precision and/or provide an accurate map of it.

## 2.    Interrogatory 3

In his third interrogatory, Defendant requested Plaintiffs to identify all time periods during which Plaintiffs claim to have exercised exclusive use and occupancy of the areas identified in Interrogatory number 1. Plaintiffs responded that they "exclusively used and occupied the territory referenced in Interrogatory 1 before contact with the Russians, and maintained their use . . . *well beyond that*." Ex. 2 at 6 (emphasis added). Given that significant Russian contact occurred in the late 1700s, Plaintiffs' response is incomplete and evasive as it fails to adequately answer when their exclusive use of the claimed area ended. Was it, for example, on or about 1800, 1867, 1900, or sometime even later?

As Plaintiffs acknowledged in their Trial Brief, the Court previously posed the question to the Parties of "when plaintiffs lost sovereignty of the [area] in question. Was it October 18, 1867 or some later or earlier date?" <u>See</u> Order of December 1, 2006 (Dkt. 106) at 11 n.21; Plaintiffs' Trial Brief (Dkt. 142) at 3 n.5. Although Plaintiffs attempt to minimize the importance of this question, the Court is correct that it is central to the resolution of this case because exclusive use is a necessary element of Plaintiffs' claim. Indeed, in an earlier pleading, Plaintiffs admitted that "*at some point*, the Russians became the dominant force in the region" and that Plaintiffs' ancestors "lost power to control use of their once exclusive waters . . ." Plaintiffs' Memorandum in Support of Motion for Summary Judgment (Dkt. 24) at 31 (emphasis

added).  In doing so, Plaintiffs essentially argued that after their ancestors lost control due to Russian domination, they no longer had to show exclusive use, and that Defendant's evidence that other groups used the claimed areas did not defeat their claims.  Id.

Thus given the importance of this question and because Plaintiffs have failed to provide an adequate response to Defendant's interrogatory, the Court should order Plaintiffs to identify an end date for their alleged exclusive use of the claimed area(s) (or to claim that such use remains exclusive).  Even if Plaintiffs cannot provide a precise date, at a minimum they should respond with a degree of precision that allows the Defendant his legitimate right to defend against Plaintiffs' claim.

WHEREFORE, Defendant respectfully requests that the Court grant Defendant's motion to compel and, given the pendency of trial, order Plaintiffs to fully and completely answer Defendant's interrogatories 1 and 3 by 3 p.m AKDT. on August 13, 2008.

Dated: July 25, 2008                          RONALD J. TENPAS
                                              Assistant Attorney General

                                                 /s/ Brian McLachlan
                                              BRIAN MCLACHLAN (D.C. 472413)
                                              U.S. Department of Justice
                                              Environment & Natural Resources Division
                                              c/o United States Attorney's Office
                                              700 Stewart Street, Suite 5220
                                              Seattle, Washington 98101-1271
                                              Tel: (206) 553-4148
                                              Fax: (206) 553-4067
                                              brian.mclachlan@usdoj.gov

                                              BEVERLY F. LI (WSBA # 33267)
                                              U.S. Department of Justice
                                              Environment & Natural Resources Division
                                              P.O. Box 663

Washington, D.C. 20044-0663
Telephone: 202-353-9213
Facsimile: 202-305-0506
beverly.li@usdoj.gov

JOSEPH H. KIM (IL 6243249)
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7369
Washington, DC 20044-7369
Telephone: 202-305-0207
Facsimile: 202-305-0275
joseph.kim@usdoj.gov

DEAN K. DUNSMORE
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile:(907) 271-5827
dean.dunsmore@usdoj.gov

Attorneys for Federal Defendant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 25, 2008, I filed the foregoing Defendant's

Memorandum in Support of Motion to Compel Interrogatory Responses electronically through

the CM/ECF System, which caused the following counsel of record to be served by electronic

means, as more fully reflected on the Notice of Electronic Filing:

Goriune Dudukgian
gdudukgian@alsc-law.org

Natalie Landreth
landreth@narf.org

Richard de Bodo
rdebodo@hhlaw.com

 /s/ Brian McLachlan
Brian McLachlan
Counsel for Defendant