RONALD J. TENPAS
Assistant Attorney General

BRIAN A. MCLACHLAN
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

Attorneys for Federal Defendants
(Additional Counsel Listed in Signature Block)


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| NATIVE VILLAGE OF EYAK,<br>NATIVE VILLAGE OF TATITLEK,<br>NATIVE VILLAGE OF CHENEGA,<br>(aka CHENEGA BAY), NATIVE<br>VILLAGE OF NANWALEK, NATIVE<br>VILLAGE OF PORT GRAHAM, | )<br>)<br>)<br>)<br>)<br>) | Case No. A98-365-CV (HRH)<br><br>**DEFENDANT'S OBJECTIONS TO<br>NOTICE OF DEPOSITION ISSUED TO<br>DEPARTMENT OF COMMERCE** |
| Plaintiffs,<br><br>v.<br><br>CARLOS GUTIERREZ, Secretary<br>of Commerce,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

Defendant hereby objects to "Plaintiff's [sic] Notice for 30(b)(6) Deposition of Department

of Commerce" issued in the above-referenced case on May 29, 2008 ("DOC 30(b)(6) Notice").

## OBJECTIONS

1.      Defendant objects to the DOC 30(b)(6) Notice to the extent that it seeks to discover the identity and/or content of materials prepared in anticipation of litigation by his attorneys or non-attorney agents working under the supervision of his attorneys.  Such work is protected from disclosure under the work product doctrine.  Defendant objects to each of the DOC 30(b)(6) Notice topics to the extent that they seek to discover the mental impressions, conclusions, opinions, or legal theories of his attorneys or non-attorney agents working under the supervision of his attorneys.  Such information is also protected as attorney work product.  Hickman v. Taylor, 329 U.S. 495 (1947). Defendant further objects to the DOC 30(b)(6) Notice including to the extent that it calls for disclosure of information beyond the scope or of what is required to be disclosed under Rule 26(a) & (b), 33, and 34 of the Federal Rules of Civil Procedure.

2.      In addition, Defendant objects to the DOC 30(b)(6) Notice to the extent that it calls for information protected by the United States Constitution and any applicable statute.

3.      Defendant specifically objects to the DOC 30(b)(6) Notice given that, through prior summary judgment briefing, the exchange of expert reports, the formal discovery process, and the informal exchange of information, Defendant has already disclosed relevant, non-privileged information that forms the bases for his contention that Plaintiffs lack aboriginal rights in the areas at issue in this case.  To the extent that Plaintiffs seek to discover information regarding Defendant's selection and compilation of relevant facts, documents, and testimonial evidence from these previously disclosed sources of information or the inferences Defendant believes can be drawn from that evidence, such information is attorney work product and protected against disclosure. Defendant further objects to the DOC 30(b)(6) Notice to the extent it conflicts with the Court's

Order for Pre-Trial Proceedings & Final Pre-Trial Conference, which specifies dates for development and filing of, among other things, a statement of issues, a statement of uncontested facts, witness lists and expected testimony, exhibits, and trial briefs.  Discovery is ongoing in this matter and Defendant continues to develop the legal theories and factual evidence that he intends to present at trial.  Defendant will comply with the Court's Order regarding disclosure of such information.

4.     Defendant also objects to each of the DOC 30(b)(6) Notice topics to the extent that they call for information to which the Plaintiffs have equal or greater access than Defendant, including documents or information that are in the possession, custody, or control of Plaintiffs or their employees or agents.

5.     Defendant objects to the DOC 30(b)(6) Notice on the grounds that it is overbroad, unduly burdensome, and not likely to lead to discoverable information under Federal Rule of Civil Procedure 26(a).  Defendant further objects that the requests fail to allow reasonable time for compliance inasmuch as they allow less than two weeks for the designation and preparation of a witness on such broad topics.  Indeed, the DOC 30(b)(6) Notice topics largely concern facts and information outside the scope of facts and information collected or maintained by the Department of Commerce or its employees in the normal course of business.

6.     Defendant objects to the DOC 30(b)(6) Notice on the grounds that its categories for deposition are vague and ambiguous, and that this defect is not rectified by the limited "Definitions" provided.  Moreover, many of the categories apply (or could be read to apply) to vague or undefined large periods of time, unspecified portions of the OCS, and/or conducted by unspecified, living and/or deceased, members of Plaintiffs and/or their ancestors.

7.    Defendant objects to the DOC 30(b)(6) Notice to the extent that a large part of the areas covered by Category No. 1, and thus by reference in several other categories, involves areas over which Plaintiffs do not bring any claim and thus are not at issue in this case.

8.    Defendant objects to the DOC 30(b)(6) Notice on the grounds that it is duplicative of and unreasonably cumulative to Plaintiffs' Interrogatories and Request for Production of Documents.  See Fed. R. Civ. P. 26(b)(2)(C)(i).

9.    Defendant further objects to the DOC 30(b)(6) Notice to the extent that this DOC 30(b)(6) Notice seeks to require Defendant to prepare a designee witness in relatively short order. Given the limited time frame involved, and the issues noted in the other objections herein, the DOC 30(b)(6) Notice is unduly burdensome.

10.    Defendant further objects to the DOC 30(b)(6) Notice to the extent that it seeks information addressing purely legal issues or requiring a formulation or statement of legal conclusions as opposed to providing factual information.

Dated: June 10, 2008                        RONALD J. TENPAS
                                            Assistant Attorney General

                                            BRIAN MCLACHLAN (D.C. 472413)
                                            U.S. Department of Justice
                                            Environment & Natural Resources Division
                                            c/o United States Attorney's Office
                                            700 Stewart Street, Suite 5220
                                            Seattle, Washington 98101-1271
                                            Tel: (206) 553-4148
                                            Fax: (206) 553-4067
                                            brian.mclachlan@usdoj.gov

                                            BEVERLY F. LI (WSBA # 33267)
                                            U.S. Department of Justice
                                            Environment & Natural Resources Division

P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-353-9213
Facsimile: 202-305-0506
beverly.li@usdoj.gov


  s/ Joseph H. Kim
JOSEPH H. KIM (IL 6243249)
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7369
Washington, DC 20044-7369
Telephone: 202-305-0207
Facsimile: 202-305-0275
joseph.kim@usdoj.gov


DEAN K. DUNSMORE
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile:(907) 271-5827
dean.dunsmore@usdoj.gov


Attorneys for Federal Defendant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 10, 2008, I served the foregoing DEFENDANT'S OBJECTIONS TO NOTICE OF DEPOSITION ISSUED TO DEPARTMENT OF COMMERCE by electronic mail upon:

Goriune Dudukgian
gdudukgian@alsc-law.org

Natalie Landreth
landreth@narf.org

Richard de Bodo
rdebodo@hhlaw.com


     s/ Joseph H. Kim     
Joseph H. Kim
Counsel for Defendant