RONALD J. TENPAS
Assistant Attorney General

BRIAN A. MCLACHLAN
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

Attorney for Federal Defendant
(Additional Counsel Listed in Signature Block)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| NATIVE VILLAGE OF EYAK, | ) | |
| NATIVE VILLAGE OF TATITLEK, | ) | Case No. A98-365-CV (HRH) |
| NATIVE VILLAGE OF CHENEGA, | ) | |
| (aka CHENEGA BAY), NATIVE | ) | |
| VILLAGE OF NANWALEK, NATIVE | ) | **DEFENDANT'S OBJECTIONS** |
| VILLAGE OF PORT GRAHAM, | ) | **TO PLAINTIFFS' EXHIBITS** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARLOS GUTIERREZ, Secretary | ) | |
| of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, Carlos Gutierrez, Secretary of Commerce, hereby objects to exhibits included on Plaintiffs' Exhibit List of July 11, 2008. Defendant objects to these exhibits on several

DEF.'S OBJ. TO PLS.' EXHIBITS

grounds, including lack of timely disclosure, inadequate description, failure to designate or provide page numbers, relevancy, hearsay, and the fact that pleadings are not themselves evidence.

Untimely and Inadequate Disclosure

Defendant objects to all of Plaintiffs' exhibits on the ground that they were not timely provided to Defendant. Pursuant to this Court's Order for Pretrial Proceedings and Final Pretrial Conference [Docket No. 123] (the "Pretrial Order"), "[o]n or before July 11, 2008, the parties shall mark, inspect, and exchange copies of all trial exhibits." Pretrial Order at ¶ 4. Defendant has complied with this provision of the Pretrial Order. Plaintiffs, however, refused to exchange or otherwise provide copies of any of their trial exhibits on July 11, 2008.

Defendant did not receive any copies of Plaintiffs' exhibits until the afternoon (Eastern Daylight Time) of July 21, 2008. The exhibits Defendant then received constituted only a portion of the exhibits Plaintiffs were required to have provided by July 11, 2008. Specifically, Plaintiffs provided approximately 187 of the 354 exhibits on their exhibit list. While the parties had agreed that they would not need to provide one another with copies of expert reports submitted in this case, deposition transcripts from this litigation, or exhibits attached to prior summary judgment briefs, this still left an estimated 130 exhibits that had still not been produced as of July 21, 2008. Moreover, Plaintiffs did not identify which summary judgment exhibits corresponded with the exhibits in their exhibit list, leaving Defendant to guess exactly how many exhibits were still missing. On July 22, 2008, after reviewing Plaintiffs' exhibit list and the first batch of documents Defendant received, Defendant requested that Plaintiffs identify which of their exhibits they did not intend to provide on the ground that they were exhibits to prior

summary judgment briefs and that Plaintiffs specifically identify which summary judgment exhibits corresponded with the exhibits in their exhibit list. To date, Defendant has yet to be provided with all of this requested information.

On July 23, 2008, Defendant received from Plaintiffs approximately 26 additional exhibits, two of which were different versions of exhibits that Plaintiffs had provided on July 21, 2008. On July 23, 2008, Plaintiffs deleted approximately 55 exhibits from their list. Specifically, Plaintiffs deleted exhibit numbers 68, 73, 97, 99, 101, 102, 106, 107, 109, 110, 111, 114, 120, 121, 126, 127, 132, 133, 136, 137, 144, 151, 153, 156, 157, 159, 162, 168, 171, 172, 176, 178, 179, 184, 185, 188, 190, 191, 192, 193, 196, 198, 201, 213, 217, 221, 223, 225, 226, 227, 228, 237, 239, 253, and 261. On July 23, 2008, Plaintiffs also added 1 more exhibit (Ex. No. 355). On July 24, 2008, Plaintiffs deleted an additional 3 exhibits from their list (Ex. Nos. 65, 85, and 96). At present, Plaintiffs have failed to provide Defendant with approximately 80 exhibits identified in Plaintiffs' exhibit list.

Moreover, given the inadequate descriptions given by Plaintiffs in their exhibit list, Defendant is unable to evaluate Plaintiffs' proposed exhibits without the production required under the Pretrial Order. Defendant therefore objects to Plaintiffs' exhibits on the ground that Plaintiffs failed to provide an adequate description. See, e.g., descriptions of Pls.' Exs. Nos. 82 ("'Russians in America 1732-1867' by Lydia Black"; no date); 84 ("Exxon Valdez Oil Spill Restoration Project 95007B Final Report: Site Specific Archaeological Restoration at SEW-440 and SEW-488"; no date; no author); 264 ("Visual Aids"; no date; no author); 265 ("Interview materials"; no date; no author); 266 ("CD containing spreadsheets and documents regarding GOA Hauls, all GOA Cruises and supporting documents"; no date; no author). With respect to

Plaintiffs' exhibit number 266, on July 21, 2008, Defendant asked Plaintiffs to clarify whether this exhibit referred to one of the CD's Defendant had provided to Plaintiffs pursuant to their request earlier in this litigation, and if so, on which one.  On July 21, 2008, Defendant also asked Plaintiffs to clarify what their exhibits numbers 264 ("Visual Aids") and 265 ("Interview materials") were.  To date, Defendant has not received a response to either inquiry.

Further, Defendant objects to the following Plaintiffs' exhibits on the ground that Plaintiffs failed to provide an adequate description of the pages that comprised these exhibits or to provide copies of the exhibits themselves in a timely manner so as to allow Defendant to determine which pages comprised these exhibits: Nos. 69, 70, 71, 74, 76, 77, 82, 84, 86, 87-89, 91, 93-95, 98, 100, 108, 113, 116, 117, 119, 122-124, 130, 131, 134, 135, 139-142, 145-148, 150, 158, 160, 164-166, 169, 170, 181-183, 186, 187, 200, 202, 204, 208, 212, 214, 219, 220, 222, 224, 229, 231, 232, 234, 236, 247, 258.

In sum, Defendant objects to Plaintiffs' exhibit list because it inadequately describes exhibits and Plaintiffs have been unresponsive to requests for clarification.  Defendant objects to Plaintiffs' disclosure of exhibits because all exhibits provided thus far were provided at least ten days late and only days ago, and Plaintiffs have yet to provide approximately 80 exhibits.  This utter failure to comply with the Pretrial Order has denied Defendant sufficient time to review Plaintiffs' exhibits and meet his obligations under the Pretrial Order, and it has prejudiced Defendant's trial preparations.

Plaintiffs have claimed that their lack of timely compliance with the Pretrial Order was due to some misunderstanding on their part.  Although there may have been some ambiguities in the Pretrial Order that made it prudent for Plaintiffs to contact chambers for clarification, and

while there have been some agreements between the parties to try to ease this process, there is no ambiguity regarding the requirement to list and exchange exhibits. Nor has there been any agreement among the parties otherwise. A copy of the chain of correspondence between the parties on this matter is attached hereto as Attachment A.

While Defendant would have preferred to have provided more detailed objections to Plaintiffs' exhibits by this date, given Plaintiffs' non-compliance with the Pretrial Order regarding exhibits, Defendant is simply unable to provide complete objections at this time. Upon receipt of exhibits from Plaintiffs, and after a reasonable time for their review (not to exceed the 14 days contemplated under the Pretrial Order), Defendant will provide any further objections to the Court as quickly as he can. Additionally, Defendant may be able to reach further agreements with Plaintiffs upon review of their exhibits, and will inform the Court of any such agreements.

Relevancy

A basic evidentiary tenet is the requirement for relevancy: "Evidence which is not relevant is not admissible." FED. R. EVID. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." See FED. R. EVID. 401; see also United States v. W.R. Grace, 504 F.3d 745, 759 (9th Cir. 2007).

Defendant objects to Plaintiffs' exhibit numbers 2, 265, and 266 on the grounds of relevancy. Defendant reserves his right to object to additional exhibits on relevancy grounds after Plaintiffs complete their disclosure of exhibits and Defendant has had sufficient time to review them.

Hearsay

Defendant objects to certain of Plaintiffs' exhibits on the ground that they are hearsay and thus inadmissible.

First, Defendant objects to the introduction of Plaintiffs' expert reports (and tables and figures contained therein), as evidence, specifically Plaintiffs' exhibit numbers 1, 7-8, 10-13, 16, 22- 53, 57-63, 267-299, on the ground of hearsay. Under Federal Rules of Evidence 802, hearsay is inadmissible. FED. R. EVID. 802. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). Expert reports constitute hearsay, for which no hearsay exception applies. United States v. Kiewit Const. Co., 2005 WL 1277953, *10 (D. Alaska 2005); Ake v. General Motors Corp., 942 F. Supp. 869, 877-78 (W.D.N.Y. 1996) (excluding expert report on the ground of hearsay, and stating that "the report is not admissible as a basis for [plaintiff's expert witness's] expert opinion. The report *is* his opinion. [The expert witness] may testify about some things in the report, but the report itself is inadmissible").

Second, Defendant objects to Plaintiffs' exhibit numbers 2, 5, 57-64, 66, 70, 72, 74-76, 80-84, 86-95, 98, 100, 103-105, 108, 113, 116-119, 122-124, 130-131, 134-135, 138-139, 141-143, 145-148, 150, 152, 155, 158, 160, 161, 163-170, 173-175, 177, 181-182, 186-187, 189, 194-195, 199-200, 202, 204, 206-207, 209, 211-212, 215, 219-220, 222, 224, 231-236, 238, 240, 243-250, 252, 256, 258, 264-66, and 355 which are manuscripts, historical works, journal articles, books, publications, and the like, that are hearsay under Federal Rule of Evidence 801(c).

Finally, Defendant objects to Plaintiffs' xhibit numbers 149, 333-354, which are prior

pleadings filed in this case and in the predecessor case, *Native Village of Eyak v. Trawler Diane Marie, Inc.*, No. CV-95-0063-HRH (D. Alaska). Likewise, Defendant objects to Plaintiffs' exhibit numbers 300-313, which are transcripts of depositions that were taken in connection with this case. To the extent that Plaintiffs seek to introduce any facts contained in these prior pleadings or deposition transcripts, they are hearsay because they are out of court statements offered to proof the truth off the matter asserted. FED. R. EVID. 801(c).

Improper Evidence

Defendant also objects to Plaintiffs' exhibit numbers 149, 333-354 on the ground that some or all of these exhibits are pleadings from this and a related case, and are thus not admissible evidence. Courts have found that documents, such as expert reports that contain legal conclusions and apply the law to the facts, invade the province of the court and are thus not admissible. See McDevitt v. Guenther, 522 F. Supp. 2d 1272, 1294 (D. Haw. 2007). Similarly, because pleadings such as the parties' summary judgment filings are replete with legal conclusions, they are not admissible. Moreover, the legal conclusions contained in such pleadings are not relevant evidence under Federal Rule of Evidence 401, because they do not pertain to facts.

Authentication

Defendant will require that Plaintiffs authenticate the following exhibits: Nos. 3, 4, 10, 13, 16, 54-56, 69-71, 74, 76, 82, 84, 86-89, 91-95, 98, 100, 105, 108, 113, 116, 117, 119, 122, 123, 124, 130, 131, 134, 135, 139, 140, 141, 142, 145, 146, 147, 148, 150, 158, 160, 164, 165, 166, 167, 169, 170, 173, 174, 181, 182, 183, 186, 187, 189, 200, 202, 204, 208, 209, 212, 214, 219, 220, 222, 224, 229, 231, 232, 234, 236, 247, 258, 264, 265, 266. Additionally, Defendant

will require that Plaintiffs authenticate Plaintiffs' exhibit numbers 2 and 64, because they appear to be inaccurate and/or incomplete. On June 24, 2008, Defendant requested that Plaintiffs verify whether exhibit numbers 2 and 64 were accurate copies of what Plaintiffs proposed to submit as exhibits. To date, Defendant has not received a response to this inquiry. Moreover, to the extent the admissibility of Plaintiffs' exhibit numbers 2 and 3 are conditioned upon the resolution of preliminary questions, Defendant objects to these exhibit numbers under Federal Rule of Evidence 104.

RESPECTFULLY SUBMITTED this 25th day of July, 2008.

RONALD J. TENPAS
Assistant Attorney General

BRIAN MCLACHLAN (D.C. 472413)
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

/s/ Beverly F. Li
BEVERLY F. LI (WSBA # 33267)
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-353-9213
Facsimile: 202-305-0506
beverly.li@usdoj.gov

JOSEPH H. KIM (IL 6243249)
United States Department of Justice
Environment & Natural Resources
Division
P.O. Box 7369
Washington, DC 20044-7369
Telephone: 202-305-0207
Facsimile: 202-305-0275
joseph.kim@usdoj.gov

DEAN K. DUNSMORE

U.S. Department of Justice
Environment & Natural Resources
Division
801 B Street, Suite 504
Anchorage, AK 99501-3657
Telephone: (907) 271-5452
Facsimile:(907) 271-5827
dean.dunsmore@usdoj.gov

Attorneys for Federal Defendant

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 25, 2008, the foregoing DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EXHIBITS was served on the following counsel of record via the Court's ECF system as more fully reflected on the Notice of Electronic Filing:

Goriune Dudukgian
gdudukgian@alsc-law.org

Natalie Landreth
landreth@narf.org

Richard de Bodo
rdebodo@hhlaw.com


      /s/ Beverly F. Li
      BEVERLY F. LI
      Counsel for Defendant