**Li, Beverly (ENRD)**

---

**From:** Natalie Landreth [landreth@narf.org]
**Sent:** Tuesday, July 22, 2008 5:46 PM
**To:** McLachlan, Brian (ENRD); gdudukgian@alsc-law.org
**Cc:** 'de Bodo, Richard'; Li, Beverly (ENRD); Kim, Joseph (ENRD)
**Subject:** RE: URGENT

Brian, we're putting together some suggested stipulations and should be able to email this to you shortly. One thought, for example, is given that we are both going to rely on some historical works, we can probably come to some kind of agreement on those as a group. That would probably cover a significant number of items. I'll put together something more specific. Also, as to the mail delivery, it was sent by U.S. express mail on Friday and we really can't control what happens to it once it gets there. If there is a street address we can use, we can switch to Fed Ex (which I think delivers earlier in the day in general), or some of the remaining items can be PDF'd and that would be quickest. A second box was sent yesterday and the tracking number is EH153240164US. That also was by express mail.

We'll get back to you shortly on the remaining issues you raise.
Thanks, Natalie

*Natalie Landreth*
*Staff Attorney*
*Native American Rights Fund*
*420 L Street, Suite 505*
*Anchorage, Alaska 99501*
*ph: 907-276-0680*
*fax: 907-276-2466*

This electronic message transmission contains information from the Native American Rights Fund which may be confidential, privileged and/or attorney work product. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by email and delete the original message

---

**From:** McLachlan, Brian (ENRD) [mailto:Brian.McLachlan@usdoj.gov]
**Sent:** Monday, July 21, 2008 3:54 PM
**To:** gdudukgian@alsc-law.org; Natalie Landreth
**Cc:** de Bodo, Richard; Li, Beverly (ENRD); Demian A. Schane; Kim, Joseph (ENRD)
**Subject:** RE: URGENT

Goriune and Natalie,

1. We received one box of Plaintiffs' exhibits on Monday (7/21) <u>afternoon</u>. We reiterate our objection to your untimely and incomplete production.

2. Regarding the additional exhibits you have not yet provided to us, whether or not the historical sources are available at a public library is irrelevant. The Court's order required you to produce them to us on July 11 and you have still failed to do so. Your delay has prejudiced not only our ability to file objections in a timely manner, but also our ability to prepare for trial. I note that with respect to the historical sources on your exhibit list that you did not provide pages numbers so we have know way of

knowing what pages you intend to use as exhibits, or, in the alternative, if you intend to use the entire book as an exhibit.

3. Regarding your proposal that the parties stipulate to the authenticity of exhibits from historical books and/or manuscripts, while in principle we think your suggestion sounds reasonable and would be willing to discuss it with you, we cannot agree to it at this point because we have not had the opportunity to review your exhibits.

4. You also indicate that Plaintiffs would like to explore an arrangement on the substantive admissibility of the historical sources and that Plaintiffs may be able to agree to waive certain objections. This too sounds reasonable and we would be open to discussing it with you. Please provide us with the details of the arrangement you propose.

5. Regarding Plaintiffs' demonstrative exhibits, in addition to providing photographs, could you identify by number which of Plaintiffs exhibits are the demonstrative exhibits?

6. The Court's pretrial order requires the Parties to file their schedule of exhibits with certain designations. Based on the conversation Goriune and I had with Judge Holland's clerk, the parties need to file these schedules by Friday, 7/25. In order to accomplish this, I propose that each side provide the other with a list indicating which of the other side's exhibits they will admit, authenticate but not admit, or object to. Thus, every exhibit will fall into one of these three categories. The parties should exchange their lists at 10 a.m. Alaska time on Friday, so that the other party may prepare and timely file their respective exhibit schedules.

7. Goriune – my recollection is that you acted as Mae Lang's attorney at her deposition (as you did for other Village elder witnesses). Please confirm or let me know if this was not the case. Please also provide us with current home street address for Mae Lang and also for Sylvia Lang (who was on your preliminary witness list).

8. Both Plaintiffs and Defendant included a number of the same witnesses on their witness lists (e.g., Wilkins, Hanselman, Tanape, Kvasknikoff, Vlasoff, Kompkoff, Leer). For the convenience of the witnesses, we would like to avoid having them have to be available in Anchorage for the entire two week trial or to testify twice. Therefore, we propose (subject, of course, to the Court's ruling on any pretrial motions) that for Tanape, Kvasknikoff, Vlasoff, and Kompkoff, the parties agree that Plaintiffs will call these witnesses during their case in chief and that Defendant will not be bound on cross examination to the scope of direct. For Wilkins and Hanselman, Defendant will agree to call them during his case in chief and Plaintiffs will similarly not be bound on cross by the scope of direct. In this manner, we can avoid having a witness testify twice and also significantly reduce the window of time they will need to be available in Anchorage. As for Mr. Leer, we propose that the parties discuss how and when he is to be called as a witness.

9. Please clarify what Plaintiffs mean by "visual aids" and "interview materials" at numbers 264 and 265, respectively, on your exhibit list. These exhibits were not among the materials we received today.

10. Please also clarify what Plaintiffs' exhibit number 266 is. Is this a CD that Defendant provided to you or is it something Plaintiffs created? If it's one we provided, which one?

We remain available this week to discuss any of the above topics.

Brian

7/24/2008

-----Original Message-----
**From:** gdudukgian@alsc-law.org [mailto:gdudukgian@alsc-law.org]
**Sent:** Friday, July 18, 2008 7:37 PM
**To:** Kim, Joseph (ENRD); Goriune Dudukgian
**Cc:** 'Natalie Landreth'; 'de Bodo, Richard'; McLachlan, Brian (ENRD); Li, Beverly (ENRD); 'Demian A. Schane'
**Subject:** RE: URGENT

Joe:

As I previously explained, we have ready for you a large volume of documents from our exhibit list -- namely all documents except the ones we agreed did not have to be exchanged, and the historical sources (i.e. books) cited by Matt Ganley in his 2001 report. Given that there are no attorneys from your office in Anchorage to accept these documents, we will FedEx them to Beverly in DC today, and they should definitely arrive in Washington by Monday morning. We will provide you with copies of the Ganley sources as soon as humanly possible. But they are many more pages than we anticipated and it is taking a long time to manually copy them, page by page. But to reiterate what I stated before, there should be no surprises there. The Government has known about these sources for many years and they are all available at any public library. And the substantive objections to these sources -- as opposed to authenticity -- should be identical and obvious.

Instead of unnecessarily involving the court at this juncture with the exchange of exhibits, we propose instead the following comprehensive, practical, and reasonable solution to dealing with the large number of exhibits in this unique case. First, as I previously noted, only authenticity objections are waived if not made by July 25. We would be willing to stipulate to the authenticity of all of the Government's historical exhibits from books and/or manuscripts and would ask for the same concession from the Government. We also believe that it would be prudent to explore an arrangement on the substantive admissibility (and to what extent) of these sources. For example, we may be able to agree to waive certain substantive objections and preserve others. We believe that such a global solution on the issue of exhibits would be a more productive way to spend our collective time.

Finally, as to the demonstrative exhibits, there are only a few and the local rules provide that they be made available for inspection. If you want photographs of them, we would be happy to get them from our clients and email them to you as soon as possible.

-----Original Message-----
**From:** Kim, Joseph (ENRD) [mailto:Joseph.Kim@usdoj.gov]
**Sent:** Friday, July 18, 2008 3:10 PM
**To:** Goriune Dudukgian
**Cc:** Natalie Landreth; de Bodo, Richard; McLachlan, Brian (ENRD); Li, Beverly (ENRD); Demian A. Schane
**Subject:** RE: URGENT

Goriune:

We still await your response from our recent phone conference. I write now simply to make sure that there is no misunderstanding as to one aspect of that conversation. We continue to seek a commitment from you that all exhibits (perhaps other than what you had categorized as demonstratives below) will be shipped to DC such that they will be received by us in DC Monday morning. More specifically, for that category of documents that you noted could be provided to our Anchorage office today, I want to make clear that is not acceptable. Those documents, as well of those coming from LA, must be shipped to us in DC. If you had those documents ready in Anchorage on the 11th, we could have dealt with accepting them in Anchorage and burdening ourselves with any further shipments. But at this late date, that is not acceptable. We will not accept any documents in Anchorage at this point, and if that is what you are still offering we need to call the court about this as soon as possible.

7/24/2008

Finally, with respect to the so-called "demonstratives" category of your exhibits, while we are not now asking you to ship them anywhere, we will need you to at least provide us with pictures of those exhibits so we can have some idea as to what they are. You may e-mail those to us if that is easier, but we again need them by Monday morning.

Joe

---

**From:** Li, Beverly (ENRD)
**Sent:** Friday, July 18, 2008 6:17 PM
**To:** Kim, Joseph (ENRD); Demian A. Schane
**Subject:** FW: URGENT

Goriune said he sent this a little before 2 pm, but we called him and he just forwarded it again because it didn't come through.


Beverly Li
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Phone: (202) 353-9213
Fax:   (202) 305-0267


---

**From:** gdudukgian@alsc-law.org [mailto:gdudukgian@alsc-law.org]
**Sent:** Friday, July 18, 2008 6:15 PM
**To:** McLachlan, Brian (ENRD); Li, Beverly (ENRD)
**Subject:** FW: URGENT


-----Original Message-----
**From:** Goriune Dudukgian
**Sent:** Friday, July 18, 2008 1:45 PM
**To:** 'Kim, Joseph (ENRD)'; 'Natalie Landreth'; Goriune Dudukgian; 'de Bodo, Richard'
**Cc:** 'McLachlan, Brian (ENRD)'; 'Li, Beverly (ENRD)'; 'Demian A. Schane'
**Subject:** RE: URGENT

Joe et al.:

First of all, we want to reiterate that we had a different understanding of how exhibits were going to be exchanged in this case. We thought that each side would specifically select from the other's exhibit list the documents they wanted copied (which made sense given that both sides are using many of the same exhibits). It is now clear that there was a misunderstanding, and the Government wanted copies of *all* exhibits (minus transcripts, pleadings, and expert reports) in order to authenticate them. While we all probably could have done things differently to avoid this misunderstanding, the point is that it caused us at least a 3-day delay in copying the exhibits (which was compounded by the illness of our paralegal).

Second, we *already have* many of the exhibits (4 full 4-inch binders of stuff) on our list copied

and presently available in Anchorage. We have these exhibits for some time and previously offered to provide them to you, but Brian instructed us to hold off until all exhibits had been copied. We will be delivering these binders to your Anchorage office *today* so you can start reviewing them.

The only documents that are still being copied are excerpts from the historical sources cited in Matt Ganley's bibliographies. These sources are not mysterious; they are published works available in any library and the Government has known about them for 7-8 years. In any event, per your request, we are having these sources copied as we speak. But, as you might expect, it is taking some time. We expect these documents from Matt Ganley's bibliographies to arrive in Anchorage by the close of business on Monday (it might take slightly longer to ship to DC). This would leave outstanding only the demonstrative exhibits (artifacts, etc.), which will be made available for inspection at NARF's offices in Anchorage.

Finally, we want to note that per the court's pre-trial order, the only objection that is waived if not made by July 25 is authentication. As you know, authentication objections are typically for cases such as someone claiming "that is not my will" or "I did not sign that check." These exhibits on the other hand are just photocopies of publicly available published works – we do not anticipate making any authentication objections and hope that you are not suggesting that we would forge or alter photocopies of books. I cannot even begin to imagine all the ethical rules and laws such an action would violate and I could not imagine an attorney who actually wanted to continue practicing law taking such an action. We would be willing to consider stipulating to the fact that all copies of published works are authentic reproductions of the original books/manuscripts. Of course there may be other legitimate objections, but authentication does not seem to be one of them in this particular case.

Goriune Dudukgian

>-----Original Message-----
>**From:** Kim, Joseph (ENRD) [mailto:Joseph.Kim@usdoj.gov]
>**Sent:** Friday, July 18, 2008 11:52 AM
>**To:** Natalie Landreth; Goriune Dudukgian; de Bodo, Richard
>**Cc:** McLachlan, Brian (ENRD); Li, Beverly (ENRD); Demian A. Schane
>**Subject:** RE: URGENT
>
>Counsel:
>
>We have not yet heard anything from you in response to Brian's e-mail below. As noted in that e-mail, we need to hear from you either confirming that you will have Plaintiffs' exhibits (subject to our explicitly agreed upon exceptions for things such as deposition transcripts) delivered to us in Washington D.C. by no later than the morning of Monday, July 21, or indicating what time today you are available to call the Court to address these issues. Because we are concerned with ensuring that the Court has adequate notice of issues associated with your deviation from the pretrial order, we feel compelled to raise these issues today unless you can first provide the assurances requested herein. We need to hear from you in this regard by 2:00 today (Alaska time; 6:00 eastern time). Absent any communication from you by then, we will be forced to file an emergency motion for a telephone status conference to address these issues.
>
>Joe
>
>>---
>>**From:** McLachlan, Brian (ENRD)
>>**Sent:** Thursday, July 17, 2008 3:27 PM
>>**To:** 'Natalie Landreth'
>>**Cc:** Kim, Joseph (ENRD); Li, Beverly (ENRD); 'de Bodo, Richard'; gdudukgian@alsc-law.org; 'Demian A. Schane'
>>**Subject:** RE: URGENT

7/24/2008

Natalie,

Your proposal to provide Plaintiffs' exhibits to us "1 box at a time" is unacceptable, and we object to Plaintiffs delay in providing us with your exhibits as it is prejudicing our ability to respond pursuant to the Courts' Order.

The Court's Order provided that the Parties were to exchange exhibits on July 11, and there was no alternate "arrangement" between the Parties. As I outlined in my email below of July 14, Defendant did not agree to Plaintiffs' proposal to review your list and select the documents we wanted to see. Rather, on the teleconference with Goriune on Tuesday July 8, I expressed some concern about the logistics of that proposal, said we would consider it, and indicated that I wanted to discuss it with my co-counsel. Indicating that we would consider your proposal is not an agreement to it. The only thing we agreed to regarding the exhibits was to not exchange deposition transcripts and expert reports because both sides already had complete copies of those documents.

Moreover, while I do not mean to be insensitive to your paralegal's illness, that is no excuse for failing to take action on Friday through Tuesday to have the documents copied and provided to us.

Given the tight schedule we are under, we must insist that you confirm you will have Plaintiffs' exhibits delivered to our office in Washington D.C. by Monday morning, July 21, or we will need to call the Court tomorrow to alert Judge Holland to the situation. Given the number of exhibits on your list, even if you have the exhibits delivered by Monday morning July 21, we still reserve our right to object to your delay and to supplement our response if necessary.

Brian

>	-----Original Message-----
>	**From:** Natalie Landreth [mailto:landreth@narf.org]
>	**Sent:** Wednesday, July 16, 2008 8:52 PM
>	**To:** McLachlan, Brian (ENRD)
>	**Cc:** Kim, Joseph (ENRD); Li, Beverly (ENRD); 'de Bodo, Richard'; gdudukgian@alsc-law.org
>	**Subject:** RE: URGENT
>
>	Brian –
>
>	I think Goriune is out of the office but given that it was our understanding that since most of our information was going to overlap we had agreed to review each others' lists and select those documents we wished to see, we could not alter the arrangement at the last minute and have every document copied for you in such a short time. Moreover, the paralegal who has the documents in Los Angeles was out ill until yesterday (Tuesday), but we will be providing them as soon as we can. I suspect that we may hand

7/24/2008

them over in batches (such as 1 box at a time), rather then hand them over all at once so that some may be available sooner. We will not be providing the items you have excluded below, nor will it be necessary to send you copies of documents you have just sent to us (that is, exhibits we have both listed).

Natalie

*Natalie Landreth*
*Staff Attorney*
*Native American Rights Fund*
*420 L Street, Suite 505*
*Anchorage, Alaska 99501*
*ph: 907-276-0680*
*fax: 907-276-2466*

This electronic message transmission contains information from the Native American Rights Fund which may be confidential, privileged and/or attorney work product. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by email and delete the original message

**From:** McLachlan, Brian (ENRD) [mailto:Brian.McLachlan@usdoj.gov]
**Sent:** Monday, July 14, 2008 9:56 AM
**To:** gdudukgian@alsc-law.org; Natalie Landreth
**Cc:** Kim, Joseph (ENRD); Li, Beverly (ENRD); de Bodo, Richard; Demian A. Schane
**Subject:** RE: URGENT

Goriune,

On the teleconference you proposed exchanging exhibit lists and delaying the exchange of the actual documents. As you know, I did not agree to your proposal; rather, I said we would *consider* your proposal and that I wanted to discuss it with my co-counsel. It's surprising and disappointing that you would have simply assumed we would agree to your proposal without actually confirming that with me. In the absence of such confirmation, you should have proceeded as if there had been no agreement, or at least have called me to confirm, which you did not.

As you know, we agreed that certain documents in the possession of both parties need not be exchanged (e.g., deposition transcripts, expert reports). As for the summary judgment exhibits, you did not specifically ask me about those. Had you done so, I would have agreed that those do not need to be exchanged. Along the same lines, I see that you have included certain pleading from this case on your exhibit list – we do not need copies of those either.

As for other documents that each party may have in their possession (e.g., certain historic texts cited by both Plaintiffs' and

7/24/2008

Defendant's experts), I indicated we wanted to see copies of the excerpts you intend to use as exhibits in order to authenticate them.

In any event, given that we did not agree to your proposal on the teleconference and that we should have received your exhibits last Friday, I don't think it is unreasonable for us to expect you to have them to us by Tuesday at the latest.

If your exhibits are being copied outside of Anchorage, instead of shipping them to Anchorage, please ship them overnight to Beverly Li in our D.C. office (Beverly's address is below). If they are being copied in Anchorage, you can have them delivered to our Anchorage office.

Brian


Beverly Li,

U.S. Department of Justice -- ENRD

Natural Resources Section

601 D. Street, N.W.

3rd Floor

Washington, D.C. 20004

>     -----Original Message-----
>     **From:** gdudukgian@alsc-law.org [mailto:gdudukgian@alsc-law.org]
>     **Sent:** Friday, July 11, 2008 8:51 PM
>     **To:** McLachlan, Brian (ENRD); Goriune Dudukgian; 'Natalie Landreth'
>     **Cc:** Kim, Joseph (ENRD); Li, Beverly (ENRD); 'de Bodo, Richard'; 'Demian A. Schane'
>     **Subject:** RE: URGENT
>
>     Brian,
>
>     Our understanding, based upon our teleconference earlier this week, was that we would exchange exhibit lists today and each side would select from the other's list the documents they wanted copied and exchanged next week. We would then meet and confer late next week on the admissibility of the exhibits listed on our respective lists. You stated, at the conclusion of our teleconference, that you would confer with your co-counsel on the exchange of exhibits and get back to us. Because we expected you to already have many, if not the vast majority, of the documents on our list, I stated that we could overnight mail you the documents you requested quickly and have them to you by

the middle of next week. It was not until noon *today* that you informed us that you would like copies of *all* documents on our exhibit list -- including documents you already have, like exhibits that were attached to the summary judgment briefing and such -- except for deposition transcripts and expert reports.

We have begun copying the documents on our exhibit list. However, since you now want us to copy all of the documents on our exhibit list, we want to alert you that it will be several days before they arrive in Anchorage.

Goriune

-----Original Message-----
**From:** McLachlan, Brian (ENRD) [mailto:Brian.McLachlan@usdoj.gov]
**Sent:** Friday, July 11, 2008 11:07 AM
**To:** Goriune Dudukgian; Natalie Landreth
**Cc:** Kim, Joseph (ENRD); Li, Beverly (ENRD); de Bodo, Richard; Demian A. Schane
**Subject:** RE: URGENT

Goriune,

In our last discussion, we left a few issues open re the logistics of exchanging exhibits and when we would file exhibit lists with the Court. Please give me a call so that we can iron out the details. I'm in Anchorage today and can be reached at 907.271.5452. Thanks,

Brian

---

**From:** gdudukgian@alsc-law.org [mailto:gdudukgian@alsc-law.org]
**Sent:** Monday, July 07, 2008 12:05 PM
**To:** McLachlan, Brian (ENRD); 'Natalie Landreth'
**Cc:** Kim, Joseph (ENRD); Li, Beverly (ENRD); 'de Bodo, Richard'; Goriune Dudukgian; 'Demian A. Schane'
**Subject:** RE: URGENT

Brian,

I will be available then. My direct line is (907) 222-4524. Natalie has a hearing tomorrow in another matter and will likely not be available.

Goriune

-----Original Message-----
**From:** McLachlan, Brian (ENRD) [mailto:Brian.McLachlan@usdoj.gov]
**Sent:** Monday, July 07, 2008 11:52 AM
**To:** McLachlan, Brian (ENRD); Natalie Landreth
**Cc:** Kim, Joseph (ENRD); Li, Beverly (ENRD); de Bodo, Richard; Goriune Dudukgian; Demian A. Schane
**Subject:** RE: URGENT

7/24/2008

Natalie,

I think it might be a good idea if we had a short call regarding the logistics of exchanging exhibits. Are you and/or Goriune open tomorrow (Tues. 7/8) at 9 a.m. AK time? Sorry for the early time, but I will be out of the office later in the day. Thanks,

Brian

-----Original Message-----
**From:** McLachlan, Brian (ENRD)
**Sent:** Thursday, July 03, 2008 5:41 PM
**To:** 'Natalie Landreth'
**Cc:** Kim, Joseph (ENRD); Li, Beverly (ENRD); 'de Bodo, Richard'; gdudukgian@alsc-law.org
**Subject:** RE: URGENT

Natalie,

Thanks for the heads-up.

How do you propose we designate exhibits as "admitted," "authenticated but not admitted," or "objection" on each Parties' schedule of exhibits? My understanding (admittedly based on the process outlined in the Local Rules) was that on 7/8 each Party would review the other Party's exhibit list and exhibits and the Parties would attempt to reach agreement on the above designations. The confusing part to me is that the pretrial order provides that objections to exhibits shall be served on or before July 25. Thus, while the pretrial order clearly provides for the Parties to mark, inspect, and exchange copies on or before 7/11/08, it's not so clear to me as to when each Party's schedule of exhibits is due to be filed.

In any event, it seems to me that the most efficient way to do this is to exchange exhibits and exhibit lists on or before July 11. The exhibit lists exchanged July 11 would not contain the "admitted," etc. designations. During the week of July 14-18, after each party has an opportunity to review the other party's exhibits and list, the parties would confer and stipulate as to which exhibits are admitted, which are authenticated but not admitted, and which are objected to. The Parties can then file their respective schedules of exhibits, which would include the designations for each exhibit. In addition, each party would file their objections to exhibits on or before July 25 as provided in the pretrial order.

Let me know your thoughts on this and if you think we need to contact chambers to OK the procedure. Thanks,

Brian

-----Original Message-----
**From:** Natalie Landreth [mailto:landreth@narf.org]
**Sent:** Thursday, July 03, 2008 3:56 PM
**To:** McLachlan, Brian (ENRD)
**Cc:** Kim, Joseph (ENRD); Li, Beverly (ENRD); 'de Bodo, Richard'; gdudukgian@alsc-law.org
**Subject:** URGENT
**Importance:** High

We just called the court about his rather arcane procedure described in the local rule and Pam Richter (Holland's case manager) said the court does not want to be involved in our exhibit marking and they wouldn't schedule a time with Goriune and you. *This means you do not need to take the time to fly up.*

Going by the court order in this case, we have to exchange exhibits by the 11th along with our list and we can file our separate lists that day. I recognize the local rule describes something more intricate but the Court actually does not do that and seemed surprised when Goriune called and asked. In any event, let's go by the order and make our lives easier (especially avoiding unnecessary travel).

This means we can exchange all of our actual exhibits that day or we can agree, if you prefer, to send only items or excerpts the other side does not already have. I think we may each already have copies of most of the exhibits. Let us know how you would like to work this

out.

Natalie Landreth
Staff Attorney
Native American Rights Fund
420 L Street, Suite 505
Anchorage, Alaska 99501
ph: 907-276-0680
fax: 907-276-2466

This electronic message transmission contains information from the Native American Rights Fund which may be confidential, privileged and/or attorney work product. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by email and delete the original message


-----Original Message-----
From: McLachlan, Brian (ENRD)
[mailto:Brian.McLachlan@usdoj.go

Sent: Thursday, July 03, 2008 9:37 AM
To: Natalie Landreth; gdudukgian@alsc-law.org
Cc: Kim, Joseph (ENRD); Li, Beverly (ENRD); de Bodo, Richard
Subject: RE: Exhibits

Natalie,

If you want to meet with the clerk on Wednesday morning instead of Tuesday afternoon that would be fine with us.

Brian

7/24/2008

-----Original Message-----
From: Natalie Landreth
[mailto:landreth@narf.org]
Sent: Wednesday, July 02, 2008 8:11 PM
To: gdudukgian@alsc-law.org; McLachlan, Brian (ENRD)
Cc: Kim, Joseph (ENRD); Li, Beverly (ENRD); 'de Bodo, Richard'
Subject: RE: Exhibits


Brian,

I think your reading is correct, but there are some additional things to consider. You'll need specific stickers from the Clerk's office for each
exhibit and those are the only kind you can use (they make you recopy them
if you use anything else). I believe we are also required to physically bring each exhibit to the clerk's office for inspection, but this could be
several boxes so we have called for clarification to make sure they actually
want us to do this (in the past they have only asked for my exhibit list and
confirmation that we used the correct stickers but the rules seem to
indicate otherwise). If you don't think you'll have time to copy and label
before Tuesday afternoon, we can probably stipulate to Wednesday morning
if
you prefer. Let us know.

Natalie

Natalie Landreth

7/24/2008

Staff Attorney
Native American Rights Fund
420 L Street, Suite 505
Anchorage, Alaska 99501
ph: 907-276-0680
fax: 907-276-2466

This electronic message transmission contains information from the
Native
American Rights Fund which may be confidential, privileged and/or attorney
work product. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be
aware that any disclosure, copying, distribution or use of the contents of
this information is prohibited.  If you have  received this electronic transmission in error, please notify us immediately by email and delete the
original message

-----Original Message-----
From: gdudukgian@alsc-law.org [mailto:gdudukgian@alsc-law.org]
Sent: Wednesday, July 02, 2008 2:45 PM
To: 'McLachlan, Brian (ENRD)'; 'Natalie Landreth'
Cc: 'Kim, Joseph (ENRD)'; 'Li, Beverly (ENRD)'; Goriune Dudukgian; 'de Bodo, Richard'
Subject: RE: Exhibits

Brian,

I will be attending the exhibit review meeting with the deputy clerk on
behalf of the plaintiffs.  I am

planning on calling the deputy clerk tomorrow to schedule the meeting. Are you available all Tuesday afternoon?

Goriune Dudukgian
Staff Attorney
Alaska Legal Services Corporation
1016 W. Sixth Avenue, Suite 200
Anchorage, AK 99501
(907) 222-4524 (direct line)
(907) 279-7417 (fax)

-----Original Message-----
From: McLachlan, Brian (ENRD)
[mailto:Brian.McLachlan@usdoj.go
Sent: Monday, June 30, 2008 9:50 PM
To: Natalie Landreth
Cc: Kim, Joseph (ENRD); Li, Beverly (ENRD); Goriune Dudukgian; de Bodo, Richard
Subject: Exhibits

Natalie,

The pretrial order instructs the Parties to mark, inspect, and exchange
copies of exhibits by July 11. The local rules indicate that at least 3 days prior to the deadline for submission of exhibits under the pretrial
order, counsel must meet with the deputy clerk to review the trial exhibits. LR 39.3. The rule also provides that Plaintiff will arrange the time for the exhibit review. As I read the pretrial order together with the local rules, it appears we need to meet with the clerk at least by 7/8. I am accordingly planning to fly to Anchorage on 7/7 so that we
can meet with the clerk on 7/8. I have some things I need to get done in the morning, so I would suggest we meet with the clerk sometime in

the afternoon.

Do you read the order and local rules differently? Please let me know
as soon as possible so that I can alter my plans if need be. Also, please let me know if you have any suggestions regarding how we handle
exhibits. FYI -- I am out of the office at a mediation tomorrow and Wednesday so I will not be able to return calls and emails immediately.
Thanks,

Brian


Brian McLachlan
United States Department of Justice
Env. & Natural Res. Division
c/o United States Attorney's Office
700 Stewart Street, Room 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov