Natalie Landreth
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 505
Anchorage, Alaska 99501
Phone: (907) 276-0680
Facsimile: (907) 276-2466
Email: landreth@narf.org

Goriune Dudukgian
ALASKA LEGAL SERVICES CORPORATION
1016 West 6th Ave., Suite 200
Anchorage, Alaska 99501
Phone: (907) 222-4524
Facsimile: (907) 279-7417

Rich de Bodo
HOGAN & HARTSON LLP
1999 Avenue of the Stars Suite 1400
Los Angeles, California 90067
Phone: (310) 785-4694
Facsimile: (310) 785-4601

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| EYAK *et. al,*<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>CARLOS GUTIERREZ, SECRETARY OF COMMERCE<br><br>　　　　　　Defendant. | Case No. A98-365-CV (HRH)<br><br>**DECLARATION OF NATALIE LANDRETH** |

1. I have personal knowledge of the events described herein and if called as a witness, I would and could testify competently thereto.

2. I am counsel of record for the Plaintiffs in the above-captioned case.

1

3. In March of this year, I spoke with Dr. Aron Crowell about serving as an expert witness in the above-captioned case. His curriculum vitae are attached to this Declaration as Exhibit 1. I asked that he not perform any specific work for Plaintiffs, but that he be available to discuss and describe his own past work in the Chugach region. Near the end of March, I learned that he could not serve as an expert in this case but that Plaintiffs could make use of his most recent paper once it was published.

4. The paper was not published and Plaintiffs, after much discussion with Assistant United States Attorney Susan Lindquist, secured the unpublished work only after the entry of the protective order in this case. That paper discusses recent archaeological findings within the Kenai Fjords National Park in the Chugach region.

5. Plaintiffs listed Dr. Crowell on their Final Witness List filed on July 11, 2008.

6. On or about July 16, 2008, Susan Lindquist called me at my office to discuss Dr. Crowell's name on Plaintiffs' witness list.

7. She advised me that Dr. Crowell would not be able to testify because of the Touhy regulations which ostensibly prevent employees from testifying against the federal government. I reminded her that the Smithsonian Institution is not a federal agency and that it has no Touhy regulations in place.

8. She indicated that there was "not a snowball's chance in hell" that she was going to let Dr. Crowell testify and that if Plaintiffs attempted to call him, it would be "a bloody battle."

9. She further opined that the Chugach were involved in this case because they either could not or did not "fill out paperwork" and that it was their own fault because after the

      Exxon disaster they chose to "make money" from the clean up rather than fishing "which is what they should have been doing."

10. I indicated my obvious disagreement with her on several points (including the fact that the federal government had a trust responsibility toward these communities, and that the law provided the DOC was supposed to have taken into account historical tribal dependence on the fishery) and indicated that her comments were offensive to me and my clients.

I declare under penalty of perjury that the foregoing is true and correct to the best of my recollection at this time.

      DATED: July 25, 2008                        s/nlandreth

## CERTIFICATE OF SERVICE

I, Natalie Landreth, certify that a true and correct copy of **DECLARATION OF NATALIE LANDRETH** was served on July 25, 2008 pursuant to the Court's electronic filing procedures upon the following:

Dean Dunsmore    dean.dunsmore@usdoj.gov, lorraine.carter@usdoj.gov

Beverly F. Li    beverly.li@usdoj.gov, efile_nrs.enrd@usdoj.gov

Brian McLachlan    brian.mclachlan@usdoj.gov


s/nlandreth