Natalie Landreth
NATIVE AMERICAN RIGHTS FUND
801 B Street, Suite 401
Anchorage, Alaska 99501
Phone: (907) 276-0680
Facsimile: (907) 276-2466
Email: landreth@narf.org

Goriune Dudukgian
ALASKA LEGAL SERVICES CORPORATION
1016 West 6th Ave., Suite 200
Anchorage, Alaska 99501
Phone: (907) 222-4524
Facsimile: (907) 279-7417

Rich de Bodo
HOGAN & HARTSON LLP
1999 Avenue of the Stars Suite 1400
Los Angeles, California 90067
Phone: (907) 310-785-4694
Facsimile: (907) 785-4601

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

EYAK *et. al*,

Plaintiffs,

v.

CARLOS GUTIERREZ, SECRETARY OF COMMERCE

Defendant.

Case No. A98-365-CV (HRH)

**PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT ON MATTERS OUTSIDE THE SCOPE OF THE 9TH CIRCUIT REMAND**

Plaintiffs respectfully request the Court to preclude Defendant from introducing evidence or argument relating to any matters that lie outside the scope of the Ninth Circuit's remand of this case to this Court. As this Court is aware, the Ninth Circuit narrowly limited the issues for adjudication in its remand order, directing this Court to "decide what aboriginal rights to fish beyond the three-mile limit, if any, the plaintiffs

have" and to assume, "[f]or purposes of this limited remand…that the villages' aboriginal rights, if any, have not been abrogated by the federal paramountcy doctrine or other federal law." *Eyak Native Village v. Daley*, 375 F.3d 1218, 1219 (9th Cir. 2004). In essence, this Court has been asked to make determinations based on the well-established and recognized legal standard for aboriginal rights: Plaintiffs must show, by a preponderance of evidence, long-term exclusive use and occupancy of the claimed areas.

Despite the Ninth Circuit's clear instructions, Defendant has repeatedly attempted to inject issues into this case that lie outside the scope of the remand and that *this Court has previously declined to consider*. These include, but are not limited to, (1) whether Plaintiffs' aboriginal rights have been recognized or negatively impacted by federal law; (2) whether Plaintiffs must show or have shown aboriginal use of specific species in the claimed areas; and (3) whether Plaintiffs' aboriginal rights are limited to subsistence fishing.

This Court has already held that "[t]he sole issue on remand is what aboriginal fishing rights, if any, plaintiffs have in the OCS, *irrespective of how those rights might have been impacted by the paramountcy doctrine or any other federal law*." Order of December 1, 2006 Denying Defendant's Motion for Summary Judgment ("Order") at 8 (emphasis added). Further, as even Defendant acknowledges, this Court rejected the argument that Plaintiffs must establish aboriginal rights on a species-by-species basis, ruling that "[w]ith title to the land comes the right to use all the natural resources, not just specific resources," and this Court expressly held that the question of whether Plaintiffs' aboriginal rights are limited to subsistence rights "is not within the scope of the Ninth Circuit's limited remand." Order at 13; *see also* Defendant's Trial Brief at 14-15.

Accordingly, Plaintiffs respectfully request that this Court exclude any evidence or argument by Defendant that goes beyond the scope of the Ninth Circuit's remand.

DATED this 25th day of July 2008.

s/nlandreth

Natalie A. Landreth (Bar no. 0405020)
NATIVE AMERICAN RIGHTS FUND
801 B Street, Suite 401
Anchorage, Alaska 99501
Phone: (907) 276-0680
Facsimile: (907) 276-2466
Email: landreth@narf.org

**CERTIFICATE OF SERVICE**

I, Natalie Landreth, certify that a true and correct copy of **PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT ON MATTERS OUTSIDE THE SCOPE OF THE 9TH CIRCUIT REMAND** was served on July 25, 2008 pursuant to the Court's electronic filing procedures upon the following:

Dean Dunsmore dean.dunsmore@usdoj.gov, lorraine.carter@usdoj.gov

Beverly F. Li beverly.li@usdoj.gov, efile_nrs.enrd@usdoj.gov

Brian McLachlan brian.mclachlan@usdoj.gov

s/nlandreth