RONALD J. TENPAS
Assistant Attorney General

BRIAN A. MCLACHLAN
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

Attorney for Federal Defendant
(Additional Counsel Listed in Signature Block)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF EYAK, ) <br> NATIVE VILLAGE OF TATITLEK, ) <br> NATIVE VILLAGE OF CHENEGA, ) <br> (aka CHENEGA BAY), NATIVE ) <br> VILLAGE OF NANWALEK, NATIVE ) <br> VILLAGE OF PORT GRAHAM, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CARLOS GUTIERREZ, Secretary ) <br> of Commerce, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. A98-365-CV (HRH) <br><br> **DEFENDANT'S RESPONSES** <br> **TO PLAINTIFFS' OBJECTIONS** <br> **TO DEFENDANT'S EXHIBITS** |

Defendant, Carlos Gutierrez, Secretary of Commerce, hereby responds to Plaintiffs'

Objections to Defendant's Trial Exhibit List ("Pls.' Obj.") [Dkt. No. 152]. Plaintiffs object to

each and every one of Defendant's exhibits, variously asserting the grounds of authenticity, hearsay, relevancy, reliability, and trustworthiness.

As Defendant noted in his Schedule of Exhibits [Dkt. No. 150], because Plaintiffs have the burden of proof at trial to satisfy each element of their claims by a preponderance of the evidence, Defendant's use of some or all of the exhibits listed on his Schedule of Exhibits may depend on the content of Plaintiffs' case in chief. The inclusion of a potential exhibit on Defendant's Schedule of Exhibits was done simply to provide Plaintiffs with notice of what exhibits Defendant may use for certain purposes, and does not mean that part or all of the exhibit is admissible for all or any purposes. Defendant does not seek to have any of the exhibits on his Schedule of Exhibits admitted at this time.

Defendant's Response to Plaintiffs' Authenticity Objections

Plaintiffs have not agreed to authenticate Exhibit Numbers CZ, DA, DB, DE, DF, DJ, DL, DN, DO, EK-EO. Defendant may use these exhibits in connection with the testimony of his expert witnesses, who may provide testimony that will authenticate these exhibits. To the extent that the authenticity of Exhibit Numbers EK-EO is in fact challenged, Defendant may have to add to his witness list to specifically address this objection.

Plaintiffs stipulated to the admission of several nautical charts prepared by the National Oceanic and Atmospheric Administration (Def.'s Ex. Nos. A-F), but "reserve[d] the right to object as to the accuracy of the three-mile line and the description of 'state lands'." See Pls.' Obj. at 2-3. Given that Plaintiffs have merely reserved a potential right to object as to accuracy, Defendant does not believe that it is necessary to demonstrate the accuracy of such exhibits at this time, and Defendant will respond to any objections Plaintiffs may ultimately make in due

course. To the extent that the accuracy or authenticity of the nautical charts is in fact challenged, Defendant may have to add to his witness list to specifically address this objection.

<u>Defendant's Response to Plaintiffs' Hearsay Objections</u>

Plaintiffs object to the deposition transcripts on Defendant's Schedule of Exhibits (Def.'s Ex. Nos. G-U) on the ground of hearsay. Defendant does not dispute that these deposition transcripts are hearsay. Under the Court's Order for Pretrial Proceedings and Final Pretrial Conference [Dkt. No. 123] at 3-4, "[d]epositions which are to be used for any purpose at trial shall be lodged with the clerk of court at the time and in the manner hereinafter specified for the filing of exhibits." Thus, Defendant included these deposition transcripts on his Schedule of Exhibits in the event Defendant may use them at trial. Defendant notes that these deposition transcripts were also included on Plaintiffs' Schedule of Exhibits, Ex. Nos. 302-313 [Dkt. No. 151].

Plaintiffs object to Defendant's expert reports and declarations on Defendant's Schedule of Exhibits (Def.'s Ex. Nos. AD-AH, BN-BQ, CH-CJ, CS, CT, DC, DH, DR, DT) on the grounds of hearsay. Defendant does not dispute that these expert reports and declarations are hearsay. Absent any stipulation of the parties as to these exhibits, Defendant may seek to introduce these exhibits at trial for a limited purpose, such as for demonstrative purposes. Defendant notes that the declarations, Exhibit Numbers AD-AE, BN-BO, CH, are already part of the record of this case because they were previously submitted with briefing on summary judgment. Moreover, Plaintiffs also included these expert reports and declarations in their Schedule of Exhibits, Ex. Nos. 314-319, 321-331.

Plaintiffs also object to Defendants' Exhibit Numbers V-AC, AI-BM, BR-CG, CK-CR,

CU-DB, DD-DG, DI-DQ, DS, DU-EO on the ground of hearsay. However, one or more hearsay exceptions may apply to these exhibits. Furthermore, Plaintiffs have included some or all of certain of these documents on their Schedule of Exhibits.

Federal Rule of Evidence 803(18) provides a "learned treatise" exception to the hearsay rule for "statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony," "[t]o the extent called to the attention of an expert witness upon cross-examination or relied upon by the expert witness in direct examination." If such evidence is admitted, the statements may be read into evidence but may not be received as exhibits. FED. R. EVID. 803(18); see Burgess v. Premier Corp., 727 F.2d 826, 834 (9th Cir. 1984); United States v. An Article of Drug, 661 F.2d 742, 745 (9th Cir. 1981). A number of Defendant's exhibits may fit this hearsay exception. See, e.g., Ex. Nos. AJ, AO, CY, EB.

Under Federal Rule of Evidence 803(16), a hearsay exception exists for statements in an "ancient document" that has been "in existence for twenty years or more," when the authenticity of the document is established. A number of Defendant's exhibits may fit this hearsay exception. See, e.g., Ex. Nos. V, W, AL, AX, CQ.

Under Federal Rule of Evidence 803(8), a hearsay exception exists for public records and reports. Specifically, "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to matters there was a duty to report . . . , or (C) in civil actions and proceedings . . ., factual findings resulting from an investigation made pursuant

to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." FED. R. EVID. 803(8). A number of Defendant's exhibits may fit within this exception to the hearsay rule. See, e.g., Ex. Nos. AR, BU-BY, CA-CF, CW, CX.

Additionally, Federal Rule of Evidence 807 provides for a "residual exception" to the general hearsay inadmissibility rules. The residual exception provides that if notice is given to the adverse party sufficiently in advance of trial, hearsay having circumstantial guarantees of trustworthiness equivalent to that of hearsay excepted under other Federal Rules of Evidence can be admitted. See FED. R. EVID. 807. The court must determine that "(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interest of justice will best be served by admission of the statement into evidence." FED. R. EVID. 807.

Further, some or all of the exhibits on Defendant's Schedule of Exhibits may be used at trial as demonstratives or for impeachment purposes, and thus need not be themselves admissible.

Defendant's Response to Plaintiffs' Relevancy Objections

Plaintiffs object to Defendant's exhibits AI, AR, BD, BZ, CR, DR, DS, DW, DY, and EA on the ground of relevancy under Federal Rule of Evidence 403. Federal Rule of Evidence 403 provides for the exclusion of relevant evidence if the evidence's "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. As noted above, Defendant's use of the exhibits on Defendant's

Schedule of Exhibits will depend on the content of Plaintiffs' case in chief. At this time, Defendant does not seek to admit the exhibits on his Schedule of Exhibits, but has disclosed those exhibits that he believes may be relevant to issues in this case. Briefly, the exhibits to which Plaintiffs object on relevancy grounds may be relevant to issues that may arise in this case for the following reasons:

- Exhibit Number AI (Hubert Bancroft, "The Native Races" (1883)), is an ethnohistoric source that includes observations of certain resource uses by Plaintiffs' ancestors. Although Plaintiffs assert that this source contains "racially inflammatory and offensive language," Pls. Obj. at 5, Defendant does not necessarily seek to introduce as evidence portions of this exhibit that may be deemed inflammatory or offensive.

- Exhibit Number AR (Jefferson Moser, "The Salmon and Salmon Fisheries of Alaska" (1898)), is an historical government report on salmon fisheries in Alaska in 1898, and may be relevant to the issue of resource use by Plaintiffs' ancestors and the issue of exclusive use in the late 19th century. Additionally, this source was referenced in the September 2000 expert report of Steve Langdon, as well as the September 2000 expert report of Matt Ganley and Polly Wheeler.

- Exhibit Numbers BD (Katherine Arndt, "The Russian America Company" (paper presented in 1985)) and EA (Robert Fortuine, "Chills and Fever" (1989)), are historical sources that concern the effect of Russian and Euroamerican contact on Alaska Native populations, which may be relevant to the issue of Plaintiffs' ancestors' control of the claimed areas.

- Exhibit Number BZ (Walt and Elsa Pederson, "A Larger History of the Kenai Peninsula"

(1982)) and may be relevant to the extent it provides historical information about the Kenai Peninsula, including the areas of Port Graham and English Bay (Nanwalek).

- Exhibit Number DR, the Expert Report of Captain Guy Noll, may be relevant to the issues of sea conditions and operation of water-craft within Prince William Sound, the Gulf of Alaska and Lower Cook Inlet in.

- Exhibit Number DS (Nathaniel Bowditch, "The American Practical Navigator" (2002)) may be relevant to the question of how far one can see from vessels.

- Exhibit Number DW (Ben Fitzhugh, "The Evolution of Complex Hunter-Gatherers: Archaeological Evidence from the North Pacific" (2003)) includes discussions of Russian domination of Plaintiffs' ancestors, and thus may be relevant to issues of Plaintiffs' ancestors' control of the claimed area, exclusive use, and the socioterritorial and political organization of Plaintiffs' ancestors. Moreover, information in this source regarding the Kodiak people may be relevant to Plaintiffs' ancestors.

- Exhibit Number DY (Joan Townsend, "Ranked Societies of the Alaska Pacific Rim" (1980)) discusses the socioterritorial organization and social stratification of Plaintiffs' ancestors, and thus may be related to issues of control of the claimed areas and exclusive use.

- Exhibit Number CR (Bruce Trigger, "Ethnohistory: Problems and Prospects" (1982)) concerns the role of ethnohistorical research in understanding Alaska Native histories, and thus may be relevant to the issue of the weight to be given to certain evidence that may be introduced at trial.

### Defendant's Response to Plaintiffs' Reliability Objections

Plaintiffs object to Exhibit Numbers BZ and CR on the ground of lack of reliability, citing Federal Rule of Evidence 402. It is unclear to Defendant why Plaintiffs cited Federal Rule of Evidence 402, which addresses the admissibility of relevant evidence. In any event, Defendant may use these exhibits in connection with the testimony of his expert witnesses, who may provide testimony that will establish the reliability of these exhibits.

### Defendant's Response to Plaintiffs' Trustworthiness Objections

Plaintiffs object to Exhibit Numbers AI, AN, AY, BD, BI, BZ, CR, DP, and DQ on the ground of lack of trustworthiness under Federal Rule of Evidence 104. Defendant may use these exhibits in connection with the testimony of his expert witnesses, who may provide testimony that will establish the trustworthiness of these exhibits.

### Defendant's Response to Attorney Work Product Concerns

On July 25, 2008, Plaintiffs informed Defendant that Exhibit Number EJ contains attorney work product that may have been inadvertently produced. Upon being informed of Plaintiffs' attorney work product concern, Defendant has refrained from further reviewing, copying, or circulating Exhibit Number EJ. Plaintiffs have indicated that they will be providing Defendant with a version of the documents that comprise Exhibit Number EJ which do not contain attorney work product. It appears to Defendant that Plaintiffs may have waived any claim of attorney work product with respect to the documents that comprise Exhibit Number EJ. Defendant has suggested that the parties further discuss the matter in an attempt to resolve it without involvement of the Court.

RESPECTFULLY SUBMITTED this 5th day of August, 2008.

        RONALD J. TENPAS
        Assistant Attorney General

        BRIAN MCLACHLAN (D.C. 472413)
        U.S. Department of Justice
        Environment & Natural Resources Division
        c/o United States Attorney's Office
        700 Stewart Street, Suite 5220
        Seattle, Washington 98101-1271
        Tel: (206) 553-4148
        Fax: (206) 553-4067
        brian.mclachlan@usdoj.gov

          /s/ Beverly F. Li
        BEVERLY F. LI (WSBA # 33267)
        U.S. Department of Justice
        Environment & Natural Resources Division
        P.O. Box 663
        Washington, D.C. 20044-0663
        Telephone: 202-353-9213
        Facsimile: 202-305-0506
        beverly.li@usdoj.gov

        JOSEPH H. KIM (IL 6243249)
        United States Department of Justice
        Environment & Natural Resources Division
        P.O. Box 7369
        Washington, DC 20044-7369
        Telephone: 202-305-0207
        Facsimile: 202-305-0275
        joseph.kim@usdoj.gov

        DEAN K. DUNSMORE
        U.S. Department of Justice Environment &
        Natural Resources Division
        801 B Street, Suite 504
        Anchorage, AK 99501-3657
        Telephone: (907) 271-5452
        Facsimile:(907) 271-5827
        dean.dunsmore@usdoj.gov

        Attorneys for Federal Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 5, 2008, the foregoing DEFENDANT'S RESPONSES TO PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EXHIBITS was served on the following counsel of record via the Court's ECF system as more fully reflected on the Notice of Electronic Filing:

Goriune Dudukgian
gdudukgian@alsc-law.org

Natalie Landreth
landreth@narf.org

Richard de Bodo
rdebodo@hhlaw.com

/s/ Beverly F. Li
Beverly F. Li
Counsel for Defendant