RONALD J. TENPAS
Assistant Attorney General

BRIAN A. MCLACHLAN
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

Attorneys for Federal Defendants
(Additional Counsel Listed in Signature Block)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| NATIVE VILLAGE OF EYAK, ) | | Case No. A98-365-CV (HRH) |
| NATIVE VILLAGE OF TATITLEK, ) | | |
| NATIVE VILLAGE OF CHENEGA, ) | | |
| (aka CHENEGA BAY), NATIVE ) | | **DEFENDANT'S RESPONSE TO** |
| VILLAGE OF NANWALEK, NATIVE ) | | **PLAINTIFFS' MOTION IN LIMINE** |
| VILLAGE OF PORT GRAHAM, ) | | **NO. 2 TO APPOINT DR. ARON L.** |
| ) | | **CROWELL AS A COURT-APPOINTED** |
| Plaintiffs, ) | | **EXPERT UNDER FEDERAL RULE OF** |
| ) | | **EVIDENCE 706 [Docket No. 156]** |
| v. ) | | |
| ) | | |
| CARLOS GUTIERREZ, Secretary ) | | |
| of Commerce, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

Defendant, Carlos Gutierrez, Secretary of Commerce, hereby submits this response to

Plaintiff's Motion in Limine No. 2 to Appoint Dr. Aron L. Crowell as a Court-Appointed Expert

Under Federal Rule of Evidence 706 [Docket No. 156]. Through their motion, Plaintiffs improperly

seek to avoid their requirement to subpoena Dr. Crowell to serve as a witness at trial, and instead seek an order from the Court that would subvert this process by either appointing Dr. Crowell as a court-appointed expert, or by simply "find[ing] that Plaintiffs may call Dr. Crowell to testify as both a fact and expert witness." Docket No. 156 at 2. Defendant responds to note that Plaintiffs' motion is both procedurally improper and untimely.

## I.  PLAINTIFFS' MOTION IS UNTIMELY

Plaintiffs have known that they might want to call Dr. Crowell since at least March 3, 2008, when they placed him on their Preliminary Witness List. On April 18, 2008, Plaintiffs issued a subpoena duces tecum to Dr. Crowell requesting the production of documents within one week's time. By that time, Plaintiffs knew both that Dr. Crowell was employed by the Smithsonian Institution and that he would need the consent of his employer before responding to any subpoena. See Docket No. 156 at 4; Declaration of Natalie Landreth [Docket No. 154] at ¶¶ 3, 4. Plaintiffs learned this through conferences with Susan Lindquist, an Assistant United States Attorney in this District,[1] see id., and apparently either Ms. Lindquist or Dr. Crowell himself placed Plaintiffs on notice that Dr. Crowell could not serve as an expert witness in this case. See Docket No. 154 at ¶ 3 ("Near the end of March, I learned that he could not serve as an expert in this case . . ."). Dr. Crowell did, however, produce certain documents pursuant to the subpoena duces tecum under a protective order. See id. at ¶ 4.

---

[1] Although Plaintiffs appear confused about this, Ms. Lindquist does not represent Defendant in this case. Cf. Docket No. 156 at 4, 5 (erroneously attributing positions apparently taken by Ms. Lindquist to "Defendant").

Notwithstanding Plaintiffs' counsel's knowledge that Dr. Crowell "could not serve as an expert in this case," on July 11, 2008, Plaintiffs nonetheless again listed Dr. Crowell on their Final Witness List.  See Docket No. 154 at ¶ 5; Docket No. 137 at no. 11.  Within a week, Plaintiffs were again in contact with Ms. Lindquist about this matter.  See Docket No. 154 at ¶¶ 6-10; Docket No. 156 at 4.  Apparently, Ms. Lindquist again reminded Plaintiffs both that they would need to subpoena Dr. Crowell if they wanted him to testify and that she would contest such subpoena.  See id.

Rather than timely issue a subpoena to Dr. Crowell, and let this Court resolve the matter, Plaintiffs have instead attempted to avoid the matter through their second motion in limine. Although the Order for Pretrial Proceedings and Final Pretrial Conference [Docket No. 123] ("Pretrial Order") allowed that "[a]ll final pretrial motions, including those as to known, difficult evidentiary matters, shall be served and filed not later than July 25, 2008," Pretrial Order at ¶ 5, given the amount of activity that would be required to resolve the motion in Plaintiffs' favor (discussed in more detail below), and the time left before trial begins on August 18, 2008, Plaintiffs' motion is not timely as a practical matter.

Indeed, Plaintiffs even attempt to use the lack of time as a point in their favor.  See Docket No. 156 at 6 (claiming that their motion is brought "in the interest of avoiding unnecessary conflict and the attendant expense and delay").  This is erroneous, however, as the delay is entirely one of Plaintiffs' own creation.  Plaintiffs could have begun to address this issue as soon as they learned of a potential problem "[n]ear the end of March."  Docket No. 154 at ¶ 3.  That was about four months ago.  Instead, Plaintiffs chose to wait until both the figurative and literal 11th hour

(beginning to file their motion and related papers at 11:29 p.m. on the last possible day for pretrial motions to be filed).

## II.   PLAINTIFFS' MOTION SHOULD BE DENIED FOR SEVERAL REASONS

In the first place, Plaintiffs are asking the Court to appoint a federal employee as an expert in a case involving a federal defendant.[2/] This alone is a valid reason for the Court to deny Plaintiffs' motion because it would cut against the basic assumption that a court appointed expert must be disinterested and unconnected with either side in the case.  However, this obvious problem with Plaintiffs' request is not the only reason to deny the motion.

Plaintiffs bring their motion "[p]ursuant to Federal Rules of Evidence 706." Docket No. 156 at 1.  Among the requirements of this Rule is that "[a]n expert witness shall not be appointed by the court unless the witness consents to act." FED. R. EVID. 706(a).  Plaintiffs merely state, without any support or explanation, that "it is expected that [Dr. Crowell] would consent to his appointment in this case." Docket No. 156 at 2 n.1.[3/]  No declaration or affidavit from Dr. Crowell is provided, leaving both Defendant and this Court simply to guess as to whether this condition precedent may be met here.  Indeed, it seems unlikely that this condition can be met.  Cf., e.g., Blount v. Runyon,

---

[2/]   While Plaintiffs seem to imply that the Smithsonian may not be a government agency, this is belied by one of their own citations which explicitly calls the Smithsonian Institution a "federal agency." U.S. National Commission on Libraries and Information Science, *Survey of Selected Federal Agency Policies, Programs and Practices Relating to Public Information Dissemination* (2000).  See also Genson v. Ripley, 681 F.2d 1240, 1241 (9th Cir. 1982) (the Smithsonian Institution is a federal agency for purposes of the Federal Tort Claims Act).

[3/]   In full, Plaintiffs state that "[b]ecause Dr. Crowell is a leading expert in areas relevant to this case and is active in community education and community programs, it is expected that he would consent to his appointment in this case." Docket No. 156 at 2 n.1.  But this assertion about expertise and community activities does not provide any support or explanation for Plaintiffs' conclusion on the likelihood of consent.

No. A997-0474-CV (HRH) (D. Alaska April 15, 1999) (finding government employee barred from testifying as an expert witness against the Government without leave of the agency involved) (attached hereto as Exhibit 1). As noted above, Plaintiffs' counsel appears to have already determined that Dr. Crowell "could not serve as an expert in this case." Docket No. 154 at ¶ 3. Plaintiffs provide no information or explanation about how or why this situation may have changed such that their motion would now be proper.[4/]

Plaintiffs have failed to ascertain whether or not Dr. Crowell could in fact serve as a court-appointed expert in this case. By not addressing this fundamental issue of Dr. Crowell's consent (including, perhaps, his ability to consent), Plaintiffs' motion is woefully inadequate. Neither the Pretrial Order nor the practical facts of the timing of Plaintiffs' filing and the time left before trial leave any time for any productive use of Dr. Crowell as an expert in this case. For this reason, Plaintiffs' motion is untimely.

Furthermore, Rule 706 also requires that if the court appoints an expert witness, that person "shall advise the parties of the witness' findings, if any" (presumably through an expert report), and that "the witness' deposition may be taken by any party." FED. R. EVID. 706(a). Plaintiffs' motion, however, entirely fails to address how or when this could occur in the timeframe of the scheduled trial. See also Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071

---

[4/] While Plaintiffs do claim that "experts from the Smithsonian have previously been involved in litigation against the federal government with no apparent restrictions on their involvement," Docket No. 156 at 6, the cases they cite do not support this proposition. VanZandt v. Fish and Wildlife Service, 524 F. Supp. 2d 239 (W.D.N.Y 2007), appears to involve no more than a witness (not from the Smithsonian) discussing the fact that she once met with an expert from the Smithsonian as part of her narrative. Id. at 250. Bonnichsen v. United States, 217 F. Supp. 2d 1116 (D. Or. 2002), merely involved employees of the Smithsonian as parties in an action related to, and consistent with, an official position of the Smithsonian. Id. at 1119, 1122.

(9th Cir. 1999) ("The district court followed the dictates of Rule 706(a) by issuing an order to show cause why an expert should not be appointed, ordering briefing, holding a hearing and then appointing an expert of its own selection"). Again, both under the Pretrial Order and in light of the practical matter of timing, there is no time left for Plaintiffs to fix this problem. For this additional reason, Plaintiffs' motion is untimely.

Moreover, Plaintiffs have failed to provide this Court with sufficient information to determine whether Dr. Crowell might serve any purpose as a court-appointed expert witness. Plaintiffs already have two other experts with anthropology backgrounds, and Defendant has four experts in the related fields of anthropology and archaeology. See Plaintiffs' Final Witness List [Docket No. 137] at nos. 5 and 12; Defendant's Final Witness List [Docket No. 136] at nos. 7-9, 14. Plaintiffs do not argue that these witnesses are insufficient, nor do they provide any reasons why this Court might need Dr. Crowell in particular. See Mallard Bay Drilling, Inc. v. Bessard, 145 F.R.D. 405, 406 (W.D. La. 1993) ("Where as here, the experts retained by the parties are well qualified and capable of presenting sufficient information to permit a just resolution of the pending issue, appointment of yet another expert is not warranted."). Rather, Plaintiffs merely state, without any support or explanation, that Dr. Crowell could testify upon several topics. See Docket No. 156 at 3. Plaintiffs provide no specifics as to the testimony they expect Dr. Crowell could provide, and it is not clear that Plaintiffs have even listed any generalities that are not encompassed by one of their other witnesses listed for trial. While Plaintiffs generally and conclusorily claim that "Dr. Crowell is one of the most universally recognized experts on the Chugach way of life," their only support for this proposition is a citation to a biography page on a website that fails to use either of the words "expert" or "Chugach." But even assuming that Dr. Crowell has expertise in some topic relevant

to this case, Plaintiffs have failed to offer any reason that this additional and particular expert may be needed to assist the Court in this case.[5/]  Once again, both under the Pretrial Order and in light of the practical matter of timing, there is no time left for Plaintiffs to fix this problem.  For this additional reason, Plaintiffs' motion is untimely.

### III.  PLAINTIFFS' MOTION APPEARS TO BE SELF-DEFEATING

Somewhat confusingly, Plaintiffs appear to defeat their own motion by its end.  After going on at some length as to how they seek Dr. Crowell to be a court-appointed expert under Federal Rule of Evidence 706, near the end of their motion Plaintiffs state that "[i]f the Court appoints Dr. Crowell as its expert, Plaintiffs further propose . . . that he only be called upon to provide testimony on specific factual issues to be determined by the parties and the Court . . . ."  Docket No. 156 at 8 (emphasis added).

To the extent that Plaintiffs only seek to use Dr. Crowell as a fact witness (which confusingly is less than they seek in the alternative if the Court declines to appoint him), they are simply limited by the disclosures of their Final Witness List in light of the Pretrial Order (and, possibly, any objections that the Smithsonian Institution might raise).  See Defendant's Pretrial Motion on Evidentiary Matters [Docket No. 148] at 10-11 (seeking exclusion of any undisclosed evidence); cf. id. at 9 (noting, in the context of Dr. Leer, that "it is unclear from Plaintiffs' limited disclosures

---

[5/]    The closest Plaintiffs seem to come to offering any reason that Dr. Crowell should be appointed is that he has been cited by certain of the parties' expert witnesses.  But this explanation is insufficient, unless the Court is to appoint as experts anyone and everyone cited by a parties' experts just so they can explain their works.  Ultimately, Plaintiffs appear to do no more than cite this Court's discretionary power to appoint its own experts, and simply hope that the Court might take them up on this otherwise unsupported suggestion.  Indeed, should this Court want to consider an expert, there may be no reason to limit its search to Dr. Crowell, and Defendant may want the opportunity to make his own nominations.  See FED. R. EVID. 706(a).

whether he is being offered for any proper factual purpose"). But there would appear to be no reason for their motion, as Plaintiffs are not in fact seeking a court-appointed expert witness.[6/]

## IV. PLAINTIFFS' ALTERNATE REQUEST IS SIMILARLY FLAWED

Plaintiffs' alternate request seeks, instead of having Dr. Crowell serve as a court-appointed expert, a "ruling that Plaintiffs may call Dr. Crowell to testify as both a fact and expert witness." Docket No. 156 at 9; see also id. at 2. As noted above, this appears to be nothing more than an attempt by Plaintiffs to avoid any further encounter with Ms. Lindquist. But this procedural game can not work. While this Court can certainly opine that Dr. Crowell need not be stricken from Plaintiffs' Final Witness List (although this seems unnecessary given that no motion to strike is pending), such a ruling would not obviate the need for Plaintiffs to actually secure the services of their proposed witness. Plaintiffs may still need to subpoena Dr. Crowell, and Plaintiffs will certainly have to address the policies and/or decisions of the Smithsonian Institution as they pertain to their employee. That Plaintiffs have not even begun that process is problematic. Again, both under the Pretrial Order and in light of the practical matter of timing, there is no time left for Plaintiffs to fix this problem and, for this additional reason, Plaintiffs' motion is untimely.

---

[6/]   On the other hand, to the extent that Plaintiffs instead seek to use Dr. Crowell as an expert witness, but are attempting through their language to open up the <u>areas</u> of his expert testimony to any "to be determined by the parties and the Court," Docket No. 156 at 8, then Plaintiffs appear to be doing nothing more than attempting to escape the confines of their disclosures in their Final Witness List, and such shenanigans should not be countenanced here. See Docket No. 148 at 10-11. In any event, by not even proposing now what areas of testimony Dr. Crowell might offer, Plaintiffs have again failed to provide this Court with any information even suggesting that another expert might be needed.

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiffs' request for an order *in limine* either appointing Dr. Crowell as a Court-appointed expert or, alternatively, ruling that Plaintiffs may call Dr. Crowell to testify as both a fact and expert witness.

Dated:  August 5, 2008
RONALD J. TENPAS
Assistant Attorney General

BRIAN MCLACHLAN (D.C. 472413)
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

BEVERLY F. LI (WSBA # 33267)
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-353-9213
Facsimile: 202-305-0506
beverly.li@usdoj.gov

  s/ Joseph H. Kim
JOSEPH H. KIM (IL 6243249)
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7369
Washington, DC 20044-7369
Telephone: 202-305-0207
Facsimile: 202-305-0275
joseph.kim@usdoj.gov

DEAN K. DUNSMORE
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504

Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile:(907) 271-5827
dean.dunsmore@usdoj.gov

Attorneys for Federal Defendant

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on August 5, 2008, I filed the foregoing DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO APPOINT DR. ARON L. CROWELL AS A COURT-APPOINTED EXPERT UNDER FEDERAL RULE OF EVIDENCE 706 [DOCKET NO. 156] electronically through the CM/ECF System, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Goriune Dudukgian
    gdudukgian@alsc-law.org

    Natalie Landreth
    landreth@narf.org

    Richard de Bodo
    rdebodo@hhlaw.com

    Lynn Y. Lee
    lylee@hhlaw.com

                                                       s/ Joseph H. Kim
                                                       Joseph H. Kim
                                                       Counsel for Defendant