HERE all PLEADINGS RE: Limine

RECEIVED
APR 16 1999
Office of
United States Attorney
Anchorage, AK

FILED
APR 16 1999
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
        Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TOM BLOUNT, )
 )
            Plaintiff, )
 )
    vs. )
 )
MARVIN RUNYON, Postmaster General, )
 )      No. A97-0474-CV (HRH)
            Defendant. )
_____)

O R D E R

Motion in Limine
re Raymond and McQuigg as Experts

The defendant moves to strike plaintiff's proposed expert witnesses McQuigg and Raymond.[1] The motion is opposed. Oral argument has not been requested and is not deemed necessary.

Both McQuigg and Raymond are USPS employees, even though they are in "leave without pay" status while performing and being paid for their services to a postal workers union. The court concludes that postal workers are subject to Executive Branch Regulation 5 C.F.R. 2635.805 which proscribes a government employee from testifying as an expert witness against the Government without leave of the agency involved. The witnesses in question do not suggest that they have been granted permission to testify against the Government.

---

[1] Clerk's Docket No. 23.

- 1 -



FAXED 34

Witnesses McQuigg and Raymond are stricken as expert witnesses.

Plaintiff indicates that he wishes, nonetheless, to call Mr. Raymond as a fact witness, and he may do so. Plaintiff also suggests that he wishes to elicit lay opinions from Mr. Raymond pursuant to Rule 701, Federal Rules of Evidence. That rule permits lay testimony in the form of opinions if the witness bases his testimony upon personal knowledge or observation and if the testimony would be helpful to understanding the witness's testimony or determining a fact issue in the case. The testimony which plaintiff seeks about the design of plaintiff's mail delivery route is the sort of testimony that could be made the subject of lay opinion testimony. It strikes the court that permitting Mr. Raymond to testify as plaintiff proposes would defeat the purpose of the above-referenced regulation. Based upon what is presently before the court, it appears that Mr. Raymond might be in a position to offer such lay opinions; however, it is the opinion of the court that to permit such lay opinion would violate the spirit if not the letter of 5 C.F.R. 2635.805.

The motion <u>in limine</u> is granted as to Mr. Raymond.

Mr. McQuigg is in much the same position except that it is very clear in his case that plaintiff proposes to use him as an expert witness for purposes of rebutting the Government's expert testimony on the design of mail routes. Mr. McQuigg's expert testimony is plainly barred by 5 C.F.R. 2635.805.

Plaintiff contends that the Government should be estopped from contending that Mr. McQuigg is a federal employee. It is the court's view that Mr. McQuigg's affidavit has been cleverly designed to obscure his federal employee status. The fact that someone from the federal Office of Personal Management considered that McQuigg was not a federal employee for purposes of the partnership program which involved management personnel and union representatives does not even begin to address the question of whether or not Mr. McQuigg is a federal employee for purposes of the regulation in question. Furthermore, OPM does not speak for the postal service. There is no basis for any type of estoppel as to the postal service in this regard.

The motion *in limine* as to Mr. McQuigg is also granted.

Counsel shall confer as regards the future discovery needs of this case (if any) based upon the foregoing rulings and shall, on or before April 30, 1999, file with the court their joint report as to the dates by which: (1) plaintiff's witness list will be supplemented, (2) expert reports delivered; and (3) deposition discovery completed.

DATED at Anchorage, Alaska, this ___15___ day of April, 1999.

H. Russel Holland, Judge
District of Alaska

A97-0474--CV (HRH)
---------------------------------------------------
H. GAZAWAY
S. LINDQUIST (US-ATTHY)

- 3 -