RONALD J. TENPAS
Assistant Attorney General

BRIAN A. MCLACHLAN
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

Attorneys for Federal Defendants
(Additional Counsel Listed in Signature Block)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF EYAK, <br> NATIVE VILLAGE OF TATITLEK, <br> NATIVE VILLAGE OF CHENEGA, <br> (aka CHENEGA BAY), NATIVE <br> VILLAGE OF NANWALEK, NATIVE <br> VILLAGE OF PORT GRAHAM, <br><br> Plaintiffs, <br><br> v. <br><br> CARLOS GUTIERREZ, Secretary <br> of Commerce, <br><br> Defendant. | Case No. A98-365-CV (HRH) <br><br> **DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT ON MATTERS OUTSIDE THE SCOPE OF THE 9TH CIRCUIT REMAND [Docket No. 155]** |

Defendant, Carlos Gutierrez, Secretary of Commerce, hereby submits this response to Plaintiff's Motion in Limine No. 3 to Exclude Evidence and Argument on Matters Outside the Scope of the 9th Circuit Remand [Docket No. 155]. Defendant agrees that this Court need not hear any

evidence or argument on matters outside the scope of the remand in this case. Where the parties may differ, however, is in their views of just what matters are outside the scope of the remand in this case. Plaintiffs appear to believe that a determination of whether Plaintiffs could, as a matter of law, have aboriginal rights in their claimed areas in the first instance (and without consideration of whether any such rights, if they could exist, might then have been impacted by the paramountcy doctrine or any other federal law) is outside the scope of this remand. Plaintiffs also assert that, as part of a determination of what aboriginal rights to fish beyond the three-mile limit, if any, the Plaintiffs have, any determination of whether such aboriginal rights accrue on a species-by-species basis, or whether they are limited to subsistence rights or also include commercial rights, is also outside the scope of this remand. Defendant disagrees with each of these positions.

## I.    THE EXISTENCE OF ABORIGINAL RIGHTS IS A THRESHOLD ISSUE

As Plaintiffs point out, the Ninth Circuit's remand in this case directs this Court to "decide what aboriginal rights to fish beyond the three-mile limit, if any, the plaintiffs have." Eyak Native Village v. Daley, 375 F.3d 1218, 1219 (9th Cir. 2004). This remand instruction was given in the context of the Ninth Circuit's note that "[t]he district court decided the federal paramountcy question and thereby avoided determining the existence or extent of the plaintiff villages' claimed aboriginal rights." Id. (emphasis added). The Ninth Circuit further noted that, "[f]or purposes of this limited remand, the district court should assume that the villages' aboriginal rights, if any, have not been abrogated by the federal paramountcy doctrine or other federal law." Id. (emphasis added).[1]

---

[1]   In the context of further summary judgment briefing, this Court has further clarified the scope of the remand in its Order Clarifying Briefing [entered Nov. 15, 2004]. That Order removed four specific issues from briefing on remand, although none of these four issues appear to be
(continued...)

Defendant thus understands the primary question on remand to be whether aboriginal rights for Plaintiffs to fish beyond the three-mile limit ever existed (regardless of whether such rights were ever abrogated by the federal paramountcy doctrine or other federal law) and, if so, the extent of such rights. Accordingly, Defendant has sought to maintain this case within these confines.

This Court has already held, and the parties are in apparent agreement, that to establish aboriginal title, there must be a showing of actual, exclusive, and continuous use and occupancy of the claimed areas for a long period of time. See Order on Motion for Summary Judgment [Docket No. 106] at 8-9; Joint Statement of Issues [Docket No. 134] at 3. Defendant asserts that a further predicate is that the area in question must have been of the type for which aboriginal title could thus be created in the first instance. Defendant contends that, as a matter of law, at no time could Plaintiffs have established aboriginal title in the areas now comprising the waters of the Exclusive Economic Zone. Defendant has raised this argument previously, including in the Joint Statement of Issues [Docket No. 134] at 5, and Defendant's Trial Brief [Docket No. 141] at 2-6. Defendant does not belabor the point here, but notes that this issue of law falls squarely within the Ninth Circuit's remand instruction to determine "the existence or extent of the plaintiff villages' claimed aboriginal rights." 375 F.3d at 1219 (emphasis added).

## II. THE EXTENT OF ABORIGINAL RIGHTS (ASSUMING THEIR EXISTENCE) IS ALSO WITHIN THE SCOPE OF THE REMAND

Assuming that Plaintiffs can establish the existence of any aboriginal rights, Defendant further notes that the determination of the "extent of the plaintiff villages' claimed aboriginal

---

[1/] (...continued)
involved in Plaintiffs' motion and, as discussed below, none of these four issues are advanced by Defendant as being within the scope of the remand.

rights," 375 F.3d at 1219 (emphasis added), also falls squarely within the Ninth Circuit's remand instruction. Defendant has argued that a determination of the extent of such rights should include a determination as to whether such rights accrue on a species-by-species basis and, if so, for what species such rights have in fact accrued. Defendant has further argued that a determination of the extent of such rights should also include a determination as to whether such rights are limited to subsistence rights or also include commercial rights. Again, Defendant does not belabor these points here, as they have previously been addressed in the Joint Statement of Issues [Docket No. 134] at 6-8, and Defendant's Trial Brief [Docket No. 141] at 14-15. Defendant also acknowledges that this Court has already ruled on these matters. See Joint Statement of Issues [Docket No. 134] at 7-8; Defendant's Trial Brief [Docket No. 141] at 14-15.

While these questions of law remain preserved for appellate review, because these particular issues also involve questions of fact, and in light of the fact that Plaintiffs specifically challenge Defendant's halibut and sablefish regulations, Defendant proposes to offer evidence at trial, and suggests the Court issue findings of fact, concerning whether Plaintiffs specifically harvested halibut and/or sablefish from the EEZ in the relevant time period and, if so, the amount and type (e.g., commercial or subsistence) of fishing engaged in for each species. See Joint Statement of Issues [Docket No. 134] at 7-8; Defendant's Trial Brief [Docket No. 141] at 14-15. Defendant believes that the interests of efficiency and practicality favor the Court considering these issues here rather than potentially having the case remanded for further factual finding should the Ninth Circuit agree with Defendant's legal arguments on these issues. For this same reason, Defendant has also proposed that this Court determine whether the extent of any aboriginal rights found on remand

actually conflict with any of Defendant's regulations at issue in this case.  See Joint Statement of

Issues [Docket No. 134] at 8; Defendant's Trial Brief [Docket No. 141] at 15.


Dated:  August 5, 2008

RONALD J. TENPAS
Assistant Attorney General

BRIAN MCLACHLAN (D.C. 472413)
U.S. Department of Justice
Environment & Natural Resources Division
c/o United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Tel: (206) 553-4148
Fax: (206) 553-4067
brian.mclachlan@usdoj.gov

BEVERLY F. LI (WSBA # 33267)
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-353-9213
Facsimile: 202-305-0506
beverly.li@usdoj.gov

   s/ Joseph H. Kim
JOSEPH H. KIM (IL 6243249)
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7369
Washington, DC 20044-7369
Telephone: 202-305-0207
Facsimile: 202-305-0275
joseph.kim@usdoj.gov

DEAN K. DUNSMORE
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452

Facsimile:(907) 271-5827
dean.dunsmore@usdoj.gov

Attorneys for Federal Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 5, 2008, I filed the foregoing DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT ON MATTERS OUTSIDE THE SCOPE OF THE 9TH CIRCUIT REMAND [DOCKET NO. 155] electronically through the CM/ECF System, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Goriune Dudukgian
    gdudukgian@alsc-law.org

    Natalie Landreth
    landreth@narf.org

    Richard de Bodo
    rdebodo@hhlaw.com

    Lynn Y. Lee
    lylee@hhlaw.com

                                            s/ Joseph H. Kim
                                            Joseph H. Kim
                                            Counsel for Defendant