Natalie Landreth
NATIVE AMERICAN RIGHTS FUND
801 B Street, Suite 401
Anchorage, Alaska 99501
Phone: (907) 276-0680
Facsimile: (907) 276-2466
Email: landreth@narf.org

Goriune Dudukgian
ALASKA LEGAL SERVICES CORPORATION
1016 West 6th Ave., Suite 200
Anchorage, Alaska 99501
Phone: (907) 222-4524
Facsimile: (907) 279-7417

Rich de Bodo
HOGAN & HARTSON LLP
1999 Avenue of the Stars Suite 1400
Los Angeles, California 90067
Phone: (310) 785-4888
Facsimile: (907) 785-4601

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| EYAK *et. al*,<br><br>                        Plaintiffs,<br><br>v.<br><br>CARLOS GUTIERREZ, SECRETARY OF COMMERCE<br><br>                        Defendant. | Case No. A98-365-CV (HRH)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO EXHIBITS** |

**INTRODUCTION**

       Consistent with their position that the Court should simply admit the vast majority of proffered evidence and let the chips fall where they may, Plaintiffs proposed waiving hearsay objections to 65 books and other publications that appeared on both exhibit lists, provided that the Defendant made the same stipulation for similar materials on Plaintiffs' witness list.

The Defendant has still not responded to this offer, but Plaintiffs' position remains the same: the books and publications authored by explorers, adventurers, anthropologists, ethnographers, historians and other first-hand accounts or learned professional works should be admitted (perhaps with only a small number of exceptions) into evidence and the Court can determine its weight if any. This evidence is a familiar list of reports and publications that have been used repeatedly to support or oppose summary judgment over the years and excluding them now would serve little purpose.

In its response to Plaintiffs' objections, Defendant identifies various exceptions to the hearsay rule, and Plaintiffs *agree* that these exceptions are appropriate and may apply to mush of the evidence in this case; it is thus not clear why they have not responded to Plaintiffs' offer of a stipulation. Moreover, it seems like a poor use of judicial resources and precious time to require Plaintiffs to move each piece of evidence in individually, and to argue on behalf of each exhibit, particularly when they are so similar in nature. The parties' and the Court's time is better spent with the substance of the case, rather than with evidentiary issues.

**SPECIFIC RESPONSES TO OBJECTIONS**

Consistent with Plaintiffs liberal views regarding the admissibility of evidence in this case, they offer the following responses to Defendant's objections:

<u>Authentication</u>

Defendant objects to 83 of Plaintiffs' exhibits, especially books and publications, on the grounds of authentication. Plaintiffs will authenticate exhibits as necessary at trial, but believe it should not be necessary to do so with published, publicly available books and reports. It should be beyond question that they are what they purport to be. With respect to

the admissibility of duplicates, Plaintiffs refer to FRE 1003.

<u>Hearsay</u>

Defendant objects to almost all of Plaintiffs' exhibits on the ground of hearsay. As discussed above, Plaintiffs believe that given the nature of this case, the Court will likely have little choice but to rely upon the historical accounts of explorers and the works of anthropologists, archaeologists, and ethnographers. Further, this type of evidence is routinely relied upon in cases like these and serves as an important basis for understanding the Plaintiffs' claims. In addition, Plaintiffs respond to Defendant's hearsay objections by category below.

    1.    Hearsay – public records and reports

The following documents are public records and reports and therefore are an exception to the hearsay rule: 1, 2, 9, 20, 21, 41-42, 67, 69, 71, 78, 79, 100, 124, 140, 183, 197, 203, 204, 205, 208, 214, 216, 218, 229, 230, 242, 254, 259, 260, 263, 266. It is also estimated that many of the figures and tables (e.g. 25, 30, 47-53, are likely public documents because they are excerpted from Alaska Department of Fish and Game reports), and those will be considered on a case-by-case basis as they are introduced.

    2.    Hearsay – ancient documents

By far, most of proffered exhibits fall under the ancient documents exception to the hearsay rule (FRE 803(16)). This exception applies to exhibits: 1, 2, 14, 57, 62, 63, 66, 69 - 71, 74-75, 77, 83, 86 – 122 (excluding deleted exhibits), 125, 128, 130, 131, 134, 138-148, 150, 152, 155, 158, 160, 161, 163-189 (excluding deleted exhibits), 194, 195, 197, 200, 202, 203-209, 211, 212, 231, 280.

    3.    Hearsay – learned treatises

Many of the exhibits also qualify as learned treatises: 58-60, 61, 66, 72, 74, 75, 76, 80, 81, 82, 113, 116-119, 124, 134, 138, 139, 141, 142, 143, 145-148, 150, 155, 158, 160, 161, 163-167, 169, 170, 173, 175, 177, 181, 183, 186, 187,189, 194, 195, 197, 200, 202, 206, 207, 209, 211, 212, 215, 219, 220, 224, 232, 234-236, 240, 241, 244-246, 247, 248, 249, 252, 256, 257, 355.

4.   Hearsay – reputation concerning boundaries or general history

Because of the unique nature of this case the following exhibits fall under the exception for documents regarding the reputation of boundaries and general history (FRE 803(20)): 1, 2, 5, 6-12, 14, 16, 22, 23, 24, 27, 41, 42, 57, 58-60, 69, 71, 75, 125, 160, and 264.

5.   Hearsay – residual exception

Plaintiffs also contend that the residual exception applies to all exhibits that are potential hearsay and Plaintiffs intend to offer these exhibits through the appropriate declarant, most likely Mr. Ganley, Mr. Knudsen, or Ms. Partnow.

6.   Non-hearsay

The following exhibits are not considered hearsay because they contain prior inconsistent statements and/or party admissions (801(d)): 129, 218, 220, 222, 224, 251, 254, 259, 262, 263, 266, 268, 274-279, 281-282, 284, 288, 289, 290, 291, 292, 294, 300-311, 313-332.

7.   Bases of Opinion Testimony by Experts

Most of Plaintiffs' exhibits consist of facts or data that are reasonably relied upon by experts in the particular field (FRE 703). In fact the exhibits are based upon what the experts have relied on over the course of this case, and therefore this category includes all exhibits

with the following exceptions: 3, 54, 55, 56 149, 210, 264, 300-354.

### Relevance

The Defendant does not raise relevance objections, except as to four exhibits. First, exhibit 2 is a BIA document called the Chugach Regional Travel System that is relevant because is describes the Chugach seasonal round, modes and routes of travel, village sites, and general use and occupancy of the PWS and LKP area. Defendant also objects to exhibits 264 (visual aids) and 265 (interview materials), for which the relevance will be established as it is introduced. Exhibit 266 is relevant because it is data about the fish catch and location in the Gulf of Alaska.

**CONCLUSION**

Plaintiffs recognize that their response to the objections had to provide some sort of narrative, but given the number of exhibits and for the convenience of the Court and all counsel, Plaintiffs are in the process of preparing an updated exhibit list in chart format which will incorporate the exception or justifications outlined above.

DATED this 7th day of August 2008.

                                                s/nlandreth

                                                Natalie A. Landreth (Bar no. 0405020)
                                                NATIVE AMERICAN RIGHTS FUND
                                                420 L Street, Suite 505
                                                Anchorage, Alaska 99501
                                                Phone: (907) 276-0680
                                                Facsimile: (907) 276-2466
                                                Email: landreth@narf.org

## CERTIFICATE OF SERVICE

I, Natalie Landreth, certify that a true and correct copy of **PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO EXHIBITS** was served on August 7, 2008 pursuant to the Court's electronic filing procedures upon the following:

Dean Dunsmore     dean.dunsmore@usdoj.gov, lorraine.carter@usdoj.gov

Beverly F. Li     beverly.li@usdoj.gov, efile_nrs.enrd@usdoj.gov

Brian McLachlan     brian.mclachlan@usdoj.gov


                                            s/nlandreth