Natalie Landreth
NATIVE AMERICAN RIGHTS FUND
801 B Street, Suite 401
Anchorage, Alaska 99501
Phone: (907) 276-0680
Facsimile: (907) 276-2466
Email: landreth@narf.org

Goriune Dudukgian
ALASKA LEGAL SERVICES CORPORATION
1016 West 6th Ave., Suite 200
Anchorage, Alaska 99501
Phone: (907) 222-4524
Facsimile: (907) 279-7417

Rich de Bodo
HOGAN & HARTSON LLP
1999 Avenue of the Stars Suite 1400
Los Angeles, California 90067
Phone: (310)785-4888
Facsimile: (310) 785-4601

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NATIVE VILLAGE OF EYAK *et. al,* <br><br> Plaintiffs, <br><br> v. <br><br> CARLOS GUTIERREZ, SECRETARY OF COMMERCE <br><br> Defendant. | Case No. A98-365-CV (HRH) <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL INTERROGATORY RESPONSES** |

**I.   PRELIMINARY STATEMENT**

Plaintiffs hereby oppose Defendant's motion to compel interrogatory responses. Defendant served the requests at issue late, so that responses would not have been due under the Federal and Local Rules until three days after the close of discovery. This means that no responses were required. Moreover, Defendant has waited far too long to

bring his motion to compel (it is a discovery motion and not a pre-trial motion) – it is set to be decided on the eve of trial, so that if any relief were to be granted (which it should not be), it will prejudice Plaintiffs, interfere with their trial preparation, and possibly cause a delay in trial.  Finally, Defendant's requests request information that has either already been provided throughout this litigation or is simply irrelevant to the case.   In their responses, Plaintiffs responded to Defendant's requests, noted their objections, and, as a courtesy, set forth some of the main sources where the information could be found. Defendant has been litigating this case for 10 years, has taken 14 depositions of Plaintiffs' witnesses, and has received multiple documents, reports, briefs and other documents setting forth the various theories of the case.  Defendant does not need the information requested in Defendant's interrogatories; that is why Defendant only served them after discovery was over, and failed to timely move to compel responses.  For all these reasons, Defendant's motion should be denied.

## II.   DISCUSSION

### A.   Defendant's discovery was untimely.

Defendant served the interrogatories at issue by electronic mail late during the night of May 14, 2008.  Although Defendant never mentions this fact to the Court in his moving papers, under the Federal and Local Rules, responses to the interrogatories would have been due Monday, June 16th, three days after the close of discovery.  [*See* Def.'s Motion to Compel, Ex. 2:2-3].  Because the requests were untimely, Plaintiffs were not then and are not now under any obligation to respond.  Defendant had almost ten years to serve discovery but failed to do so before the discovery cutoff.  There is no excuse or

justification for this delay. Defendant's failure to serve his interrogatories in a timely manner so that responses would be due before the discovery cutoff requires that Defendant's motion to compel should be denied.

### B.     Defendant's motion to compel is also untimely.

Besides the fact that Defendant's discovery requests were untimely, Defendant waited for over a month, until the eve of trial, to file its motion to compel. As noted earlier, Plaintiffs informed Defendant that his discovery requests were untimely on June 16 and, as a courtesy, cited various sources of relevant information that are in the record. When Defendant initially raised objections to these responses, Plaintiffs reiterated that Defendant's discovery was not timely served, and provided other reasons why Defendant should not pursue the issue, including the fact that there were other available sources of the information in the record and that Defendant had not itself provided the level of detail it was purporting to demand from Plaintiffs. Defendant then waited until July 25, *the last day* for filing pre-trial motions, to file the present motion to compel—thus ensuring that it could be heard no earlier than August 11, the date of the pre-trial conference, *one week* before the start of trial. Even if Defendant's motion were well taken (which it is not), the timing of Defendant's motion suggests that Defendant was not under any particularly pressing need for the information it requested, and that granting the relief sought will interfere with Plaintiffs' trial preparation, prejudice the Plaintiffs, and potentially delay the Court's adjudication of this action more than it can possibly assist Defendant. This provides a separate and independent basis for denying Defendant's motion.

The simple fact remains that Defendant had nearly a decade to serve discovery and over a month to request the Court to compel further responses, yet did not move until

well past the proper period to do so, and then at a time when such a request would be utterly useless, indeed downright harmful, to the efficient disposition of this case. The only logical conclusion is that Defendant did not really need the discovery to which it belatedly claims it is entitled. In any event, Defendant should not be permitted to bring under the guise of a pre-trial motion what is in reality a discovery motion that should have been addressed much earlier than a week before trial.

### C. Defendant's requests do not call for any relevant information that has not already been provided.

Defendant's discovery requests, seemingly served as a belated afterthought, confirm that Defendant is not seeking anything it genuinely needs for trial. In particular, the interrogatories at issue ask for information that has either already been the subject of extensive discovery or that has no bearing on the proper disposition of this case. Over the prolonged course of this litigation, Defendant has received and had ample time to review Plaintiffs' pleadings and briefings, expert reports and their associated sources, and multiple other documents that explain Plaintiffs' position on the key questions in this case. It has also fully deposed all of Plaintiffs' native witnesses and experts (some of the latter more than once), and has used those depositions to flesh out its understanding of Plaintiffs' arguments and the facts on which they are based.

In short, there is nothing left to draw from Plaintiffs that is germane to the core issues of this case, and certainly nothing that is sought in Defendant's untimely and redundant interrogatories. Interrogatory No. 1 asks Plaintiffs to identify the areas in which it is claiming aboriginal rights—a threshold issue in this case that has already been addressed in two rounds of summary judgment briefing, detailed expert reports, and lengthy examination of Mr. Ganley and others. It is unreasonable and implausible for

Defendant to be claiming that it needs more information on a question it has been litigating for nearly ten years. Further discovery would aid neither its own position nor the Court's disposition of this case.

Interrogatory No. 3 asks Plaintiffs to identify all time periods when they used and occupied the claimed areas. As with Interrogatory No. 1, this issue has been exhaustively briefed, investigated, explained, and discussed through ten years of litigation. The evidence and testimony has reflected how Plaintiffs and their ancestors used and occupied the claimed areas before contact with European settlers, at the time of first contact, and for a substantial time thereafter. Defendant attempts to confuse the issues by demanding to know when Plaintiffs may have stopped using the claimed areas. (Def. Mot. at 7) However, such a question is irrelevant to the inquiry that lies before the Court on this remand, namely, what, if any, aboriginal rights Plaintiffs have in the claimed areas. It is well-settled law that aboriginal rights, once established, do not disappear or fade away but must be affirmatively and explicitly extinguished by an act of Congress. *See U.S. v. Santa Fe Pac. R.R.*, 314 U.S. 339, 359-361 (1942); Pls. Trial Brief at 8-9. This means that the Court must only determine whether such rights were established at or generally around the time of contact, and if so, whether they were legally extinguished by statute or treaty (which they were not). There is no basis or authority to suggest that a court should attempt to determine when particular property was purportedly "lost" In a case like this.

### III. CONCLUSION

There is no basis to compel responses to discovery at this late date, on the eve of trial. After nearly ten years of litigation, during which Defendant failed to propound a single discovery request, it finally served untimely discovery. Defendant delayed even further in bringing the present motion to compel, leaving the Court to adjudicate a meritless discovery dispute at the pretrial conference. Moreover, Defendants' requests seek information that has been the subject of ten years of discovery, motion practice, and other proceedings in this case. Even if there were any relevant information left to compel, which there is not, it is far too late for Defendant to be posing basic discovery questions and expecting Plaintiffs to provide answers. Defendant's motion should be denied.

DATED this 7th day of August 2008.

    s/nlandreth

    Natalie A. Landreth (Bar no. 0405020)
    NATIVE AMERICAN RIGHTS FUND
    801 B Street, Suite 401
    Phone: (907) 276-0680
    Facsimile: (907) 276-2466
    Email: landreth@narf.org

**CERTIFICATE OF SERVICE**

I, Natalie Landreth, certify that a true and correct copy of Plaintiffs' Opposition to Defendant's Motion to Compel Interrogatory Responses was served on August 7, 2008 pursuant to the Court's electronic filing procedures upon the following:

Dean Dunsmore (dean.dunsmore@usdoj.gov)

lorraine.carter@usdoj.gov

Beverly F. Li (beverly.li@usdoj.gov)

efile_nrs.enrd@usdoj.gov

Brian McLachlan (brian.mclachlan@usdoj.gov)

                                      s/nlandreth