IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

NATIVE VILLAGE OF EYAK, et al.,    )
                                   )
                    Plaintiffs,    )
                                   )
     vs.                           )
                                   )
CARLOS M. GUTIERREZ, Secretary of  )
Commerce,                          )
                                   )    No. 3:98-cv-0365-HRH
                    Defendant.     )
_____)

O R D E R

Pretrial Conference Order

A final pretrial conference was held in this case on August 11, 2008. The court and counsel discussed the parties' compliance with the court's earlier order for pretrial proceedings and final pretrial conference.[1] The court and counsel discussed the parties' statement of issues,[2] their joint statement of uncontested facts,[3] the parties' witness lists,[4] and the parties'

---

[1]Docket No. 123.

[2]Docket No. 134.

[3]Docket No. 135.

[4]Docket Nos. 136 & 137.

- 1 -

pretrial briefs.[5]  The court has deferred a decision on the admissibility of exhibits.[6]  Objections will be taken up as exhibits are introduced.

Plaintiffs' motion <u>in limine</u> No. 1 (re testimony of Yarborough)[7] is opposed by defendant.[8]  Plaintiffs' motion <u>in limine</u> No. 1 is denied with leave to renew.  The court will take Mr. Yarborough's testimony and evaluate the same in light of his qualifications which, on a preliminary basis, appear satisfactory.

Plaintiff's motion <u>in limine</u> No. 2 (to appoint Dr. Crowell as court-appointed expert)[9] is opposed by defendant.[10]  Plaintiff's motion <u>in limine</u> No. 2 is denied.  This motion comes too late to accomplish the procedures contemplated by Rule 706, Federal Rules of Evidence.  Moreover, Dr. Crowell's association with the Smithsonian Institution, which is heavily funded by the federal government, raises questions as to whether Dr. Crowell is in a position to provide the court with independent opinions.

---

[5] Docket Nos. 141 & 142.

[6] At the commencement of trial, the parties shall provide the court with a complete copy of documents which they expect to offer in evidence.  At the conclusion of trial, and in connection with closing arguments, the parties shall each provide the court with all exhibits that have been admitted.  Counsel will please work with one another to eliminate duplication of exhibits if possible during the admission process and if necessary when assembling the admitted exhibits at the close of trial.

[7] Docket No. 145.

[8] Docket No. 161.

[9] Docket No. 156.

[10] Docket No. 162.

Plaintiffs' motion <u>in limine</u> No. 3 (to exclude evidence and argument on matters outside the scope of the Ninth Circuit Court's remand)[11] is opposed by defendant.[12]  Plaintiffs' motion <u>in limine</u> No. 3 is denied with leave to renew.  The court has previously indicated, and at the final pretrial conference reaffirmed, its intention not to take on issues outside the circuit court's remand.  While the court has already indicated its view as to whether aboriginal rights can exist on a species-by-species basis, that issue does not necessarily control what is or is not admissible for purposes of establishing aboriginal rights in the first instance.  Plaintiffs may renew this motion as appropriate.

Defendant moves to compel answers to certain interrogatories.[13]  The motion is opposed by plaintiffs.[14]  The motion to compel is denied.  It appears that the interrogatories in question may have been untimely served.  The motion to compel, although technically within the time parameters set by the court, deals with a matter which could and should have been thoroughly explored early on in these proceedings, not at the last minute when final trial preparation is underway.  Moreover, the court is satisfied that the plaintiffs have provided the defendant with sufficient information in response to interrogatories given the nature of this case.

---

[11] Docket No. 155.

[12] Docket No. 163.

[13] Docket No. 146.

[14] Docket No. 169.

Finally, defendant moves for a pretrial order on evidentiary matters.[15] The motion is opposed by plaintiffs.[16] This motion challenges the admissibility of oral histories. In the context of this case, such statements come within the purview of Rule 803(20), Federal Rules of Evidence. The motion is denied as to oral histories. Defendant questions whether plaintiffs should be permitted to call the defendant's Rule 30(b)(6) witness as a trial witness. While the court has serious doubts that this witness has any first-hand factual information that would support plaintiffs' case, the court cannot be sure of that, and recognizes that the witness may have made concessions as to factual matters which should be considered. The motion is denied as to Ms. Buck. She shall be available at trial to testify. Defendant seeks to limit the testimony of Dr. Leer. Both parties have listed Dr. Leer as a potential witness and he has been deposed. If he is available, he will be permitted to testify as to matters disclosed by his deposition. Defendant seeks to have the court exclude undisclosed evidence. The motion is denied as to this item, with leave to renew when and if necessary.

The court reaffirms that trial of this case is scheduled for August 18, 2008, commencing at 9:00 a.m. The court expects to hear evidence between 9:00 a.m. and 4:30 p.m. daily, with a ten-minute recess in the morning and afternoon and a one-hour recess for lunch. The court expects plaintiffs' case to be completed in three

---

[15] Docket No. 148.

[16] Docket No. 164.

but not to exceed four days. Defendant will please have witnesses available for Thursday, August 21, if possible, and available for August 22. The court will suspend proceedings on August 25 if sufficient progress has been made during the prior week to assure completion of the taking of evidence by August 29, 2008.

Opening statements will be limited to no more than one hour per side. (The court suggests that counsel consider trimming that time in light of the court having already received substantial background regarding this case.) Closing arguments will be written (a combination of briefing of legal issues and factual argument), to be filed by plaintiffs 30 days following the completion of trial. Defendant may respond within 30 days. Plaintiffs may reply in 21 days. If plaintiffs' reply responds to issues that go beyond their opening brief, the court will, upon application, entertain the possibility of a surreply from defendant.

DATED at Anchorage, Alaska, this <u>11th</u> day of August, 2008.

<u>/s/ H. Russel Holland</u>
United States District Judge
